UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPLAINT OF WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, CIVIL AND MARITIME | CIVIL ACTION NO.: <br><br> IN ADMIRALTY |

## COMPLAINT FOR EXONERATION AND/OR LIMITATION OF LIABILITY

Now comes the Plaintiff, the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (the "Steamship Authority"), in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, PC, and files its Complaint for Exoneration from and/or Limitation of Liability as follows:

### JURISDICTION

1. This is a Complaint for Exoneration from and/or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 et seq. and Supplemental Admiralty Rule F. This Court has admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

### COUNT I: LIMITATION OF LIABILITY

2. The Steamship Authority is a body corporate created by chapter 701 of the Acts of 1960 of the Massachusetts Legislature, with principal offices located within this District. The Steamship Authority is engaged in the business of, *inter alia*, providing passenger ferry service between Cape Cod and the Islands of Nantucket and Martha's Vineyard.

3. At all material times, the Steamship Authority was and is the sole owner and operator of the M/V IYANOUGH (O.N. 1185366), a One Hundred Forty-Four and One-Half [144.5] foot inspected high speed passenger catamaran (the "Vessel").

4. On or about June 16, 2017, the Vessel was engaged in a voyage, departing the Port of Nantucket, Massachusetts at approximately 2045 hours local time and transiting navigable waters bound for the Port of Hyannis, Massachusetts providing passenger ferry service (the "Voyage").

5. At the commencement of the Voyage, the Vessel was tight, strong, fully manned, equipped, and supplied and in all respects seaworthy and fit for the service in which it was engaged.

6. During the Voyage, at approximately 2130 hours on June 16, 2017, the Vessel allided with a jetty within navigable waters off of the coast of Hyannis, Massachusetts (the "Incident"), after which the persons onboard the Vessel were evacuated and the Voyage terminated.

7. At the present time, there have been numerous claims asserted and it is expected that additional claims will be asserted in the future against the Steamship Authority and/or the Vessel for personal injuries sustained by passengers, crewmembers, and/or other persons onboard the Vessel during the Voyage and/or as a result of the Incident (said claimants and potential claimants are hereinafter referred to as the "Claimants").

8. Upon information and belief, the Incident and resulting loss, damage, and injuries were not caused by or contributed to by any negligence or fault on the part of the

Steamship Authority and/or the Vessel or of those whom the Steamship Authority and/or Vessel are responsible, and the Steamship Authority denies any such loss, damage, and injury were done, occasioned by, or occurred with any privity or knowledge of the Steamship Authority.

9. No suits, to the Steamship Authority's knowledge, have to date been commenced for the loss, damage or injuries resulting from the Voyage and/or Incident. The Steamship Authority fears that libels, suits, or claims may be filed, begun or asserted against the Vessel and/or the Steamship Authority on behalf of Claimants for alleged damages sustained as a result of the Incident and/or Voyage.

10. The Vessel sustained physical damage as a result of the Incident and it is estimated that the value of the Vessel at the termination of the Voyage was approximately Six Million Four Hundred Thousand and 00/100 U.S. Dollars [$6,400,000.00]. There were no freights pending at the time of the Voyage.

11. The Steamship Authority claims exemption from liability for any and all loss, destruction, damage, and injury occasioned or incurred by or resulting from the Incident and/or Voyage and for all claims for damages that have been made or may hereafter be made, and by reason of the facts hereinbefore set forth. The Steamship Authority desires in this proceeding to contest its liability and the liability of said Vessel to any extent whatsoever for any and all loss, damage and injury caused by or resulting from the matters aforesaid.

12. Not admitting, but denying any liability of itself or of said Vessel for any loss, damage and injury occasioned or incurred by reason of the Incident and/or Voyage or subsequent damages resulting therefrom, the Steamship Authority

further claims the benefits of Limitation of Liability provided by 46 U.S.C. §§ 30501 et seq. of the United States Code and any amendments thereof, and to that end the Plaintiff is ready and willing to give a stipulation with sufficient surety for the payment into Court of the amount or value, if any, of its interest in the Vessel, together with her pending freight, if any, at the end of the said Voyage, whenever the same shall be ordered by the General Admiralty Rules and the practice of this Honorable Court.

13. All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, the Steamship Authority prays:

(1) That the Court cause due appraisement to be made of the amount or value of the Steamship Authority's interest in the Vessel and her pending freight at the time of the incident, if any;

(2) That the Court issue an Order directing the Steamship Authority to file a Stipulation with surety to be approved by the Court for the payment into Court of the amount of the Steamship Authority's interest in the said Vessel at the time of the incident, or transfer the Steamship Authority's interest in the Vessel to a trustee whenever the Court shall so order, or issue an order excusing the Steamship Authority from furnishing a Stipulation;

(3) That the Court issue an Order directing the issuance of a Monition to all persons claiming damages for any and all loss, injury, damage, or destruction done, occasioned or incurred by or resulting from the aforesaid Voyage citing them to file with the Clerk of this Court in said Order and make due proof of their respective claims, and also to appear and answer the allegations of this Complaint according to the law and practices of this Court at or before a certain time to be fixed by the Monition;

(4) That the Court make and order directing that on the giving of such a stipulation, or transfer of Steamship Authority's interest in the Vessel to a trustee as may be determined to be proper, or the Court making an order excusing the Steamship Authority from giving a stipulation, an Injunction shall issue, restraining the prosecution of all actions, suits or other proceedings already begun to recover for damages, arising out of or occasioned by or consequent upon the alleged Incident and Voyage on or

about June 16, 2017, as stated in the Complaint, and the commencement or prosecution hereafter of any suit, action or legal proceeding against the Steamship Authority or the Steamship Authority's members, officers, directors, employees, agents, successors, assigns, and legal representatives in respect of any claim or claims arising out of the aforesaid Voyage of the Vessel;

(5) That the Court in these proceedings will adjudge that the Steamship Authority is not liable to any extent for any loss, damage, injury or for any claim whatsoever in any way arising out of or in consequence of the alleged Voyage and/or Incident on or about June 16, 2017, above described, or if the Steamship Authority shall be adjudged liable, then such liability shall be limited to the amount of his interest in the Vessel at the end of the Voyage in which she was engaged at the time of the Incident, if any, and that a decree may be entered discharging the Steamship Authority from any and all further liability; and

(6) That the Steamship Authority may have such other or further relief as the justice of the cause may require.

Respectfully submitted,
**PLAINTIFF, WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY**

By:    **Robert B. Davis**
Its:    **General Manager**

And by its attorney:
**CLINTON & MUZYKA, P.C.**

*Thomas J. Muzyka*
**BBO NO. 365540**
**Olaf Aprans**
**BBO NO. 670434**
88 Black Falcon Avenue
Suite 200
Boston, MA  02210
(617) 723-9165
Fax:  (617) 720-3489
Email:
tmuzyka@clinmuzyka.com

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, **ROBERT B. DAVIS**, declare under the penalty of perjury:

1. I am the General Manager of the Plaintiff, the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (the "Steamship Authority").

2. My business address is 1 Cowdry Road, Woods Hole, Massachusetts 02543 and the Steamship Authority is the sole owner of the M/V IYANOUGH and the Plaintiff herein.

3. I have read the foregoing Complaint and I know the contents thereof and the same are true to the best of my own knowledge, except as the matters therein stated to be upon information and belief and unto those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

**PLAINTIFF, WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY**

By: **Robert B. Davis**
Its: **General Manager**

### Certificate of Service

      Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 15, 2017.

                                        "/s/ Thomas J. Muzyka"
                                        Thomas J. Muzyka