UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN ADMIRALTY

_____

In The Matter Of

WOODS HOLE, MARTHA'S VINEYARD AND
NANTUCKET STEAMSHIP AUTHORITY FOR
EXONERATION FROM AND/OR LIMITATION
OF LIABILITY, CIVIL AND MARITIME

C.A. No.: 1:17-cv-12473-NMG

_____

**RESPONDENT/CLAIMANT MARISA GREEN'S VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES AND CLAIM AGAINST PETITIONER THE WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY**

COMES NOW Respondent/Claimant Marisa Green, by and through her undersigned attorneys, and hereby files her Verified Answer With Affirmative Defenses and Claim in response to Petitioner the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority stating as follows:

**RESPONDENT MARISA GREEN'S ANSWER WITH AFFIRMATIVE DEFENSES**

COMES NOW Respondent Marisa Green, and pursuant to the Court's Order Directing Issuance of Notice and Restraining Suits] [Dkt. 14] and Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, hereby files her Answer With Affirmative Defenses stating as follows:

1.      Admits that this is an admiralty and maritime claim within the jurisdiction of this Court as provided under 28 U.S.C. § 1333 and is brought within the meaning of Fed. Rule Civ. P. 9(h) and Supplemental Rule F(5).  However, denies Petitioner is entitled to limitation or exoneration.

1

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint such that Marisa Green must therefore deny these allegations.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint such that Marisa Green must therefore deny these allegations noting that the United States Coast Guard identifies the documented owner of the m/v IYANOUGH (hereinafter "Vessel") as the "Massachusetts Commonwealth of Woods Hole Martha's Vineyard and Nantucket Steamship Authority" which is different than Petitioner's pleaded identity. *See,* United States Coast Guard Documentation attached hereto as Exhibit "A".[1]

4. Admits that at the time Marisa Green sustained injuries aboard the Vessel, it was underway and making way on navigable waters and engaged in the carriage of passengers for hire, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint such that Marisa Green must therefore deny these allegations.

5. Denies the allegations contained in Paragraph 5 of the Complaint.

6. Admits that on or about June 16, 2017 the Vessel violently allided with a jetty while underway and making way on navigable waters in the vicinity of Hyannis, Massachusetts and that some passengers (including Marisa Green) were evacuated from the Vessel by helicopter and others (including Michael E. Green) by vessel, but except as so specifically admitted, denies the remaining allegations contained in

---

[1] Marisa Green pleads in her Claim and Answer as if Petitioner is properly named. However, in doing so, Marisa Green specifically reserves and does not waive her right to move to challenge this proceeding based on the fact that Petitioner (as identified) does not appear to be the documented owner of the m/v IYANOUGH.

2

Paragraph 6 of the Complaint such that Marisa Green must therefore deny these allegations.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint such that Marisa Green must therefore deny these allegations.

8. Denies the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint such that Marisa Green must therefore deny these allegations.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint such that Marisa Green must therefore deny these allegations.

11. Admits that Petitioner makes claim in this proceeding for exemption from liability and that it seeks to contest its liability and the Vessel's liability, but except as so specifically admitted, Marisa Green denies the remaining allegations of Paragraph 11.

12. Admits that Petitioner makes claim in this proceeding for limitation of liability, but except as so specifically admitted, Marisa Green denies the remaining allegations of Paragraph 12.

13. Admits the instant proceeding is within this Honorable Court's admiralty and maritime jurisdiction, but except as so specifically admitted, denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. The allegations contained in the "WHEREFORE" clause of Petitioner's Complaint (1) – (6) amount to a prayer for relief and are not statements of facts, but

conclusions of law, for which no response is necessary from Marisa Green. However, if a response is necessary, said allegations are denied.

## AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS SET FORTH IN THE COMPLAINT

Further answering the Complaint and for a separate, partial or complete defense thereto, Marisa Green alleges:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted. Upon information and belief, Petitioner fails to plead essential elements to obtain relief for Limitation from or Exoneration of Liability, failed to comply with the jurisdictional and publication and notice requirements of the Limitation Statute and Supplemental Rules and failed to post adequate security.

### SECOND AFFIRMATIVE DEFENSE

Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1). Upon information and belief, Petitioner failed to comply with the jurisdictional and publication and notice requirements of the Limitation Statute and Supplemental Rules and failed to post adequate security and failed to file limitation within six (6) months of notice of claims against owner or the vessel.

### THIRD AFFIRMATIVE DEFENSE

The allision incident described in the Complaint was done, occasioned and occurred within the privity or knowledge of Petitioner, and Petitioner is not entitled to limitation or exoneration. Petitioner had constructive or real knowledge of the unseaworthiness of the Vessel, failed to implement proper watch standards, negligently entrusted the Vessel to an inadequate operator and/or otherwise acted and/or failed to

act all within the privity and knowledge of Petitioner which caused or contributed to the cause of the allision. Privity or knowledge will be found to exist where the acts of negligence or unseaworthiness that caused the casualty were known or should have been known by the vessel owner. Farrell Lines, Inc. v. Jones, 530 F.2d 7 (5th Cir. 1976), rehearing denied 532 F.2d 1375 (5th Cir. 1976).

## FOURTH AFFIRMATIVE DEFENSE

The allision incident described in the Complaint was the direct and proximate result of the negligence of Petitioner and/or the unseaworthiness of the Vessel and/or negligence of the Vessel's Master, Mate and/or crew, and Petitioner is not entitled to limitation of exoneration.

## FIFTH AFFIRMATVE DEFENSES

The Master of the Vessel was negligent and/or was aware of the unseaworthiness of the Vessel and her privity and knowledge of the unseaworthiness and negligence are imputed to Petitioner preventing limitation or exoneration.

## SIXTH AFFIRMATIVE DEFENSE

Petitioner negligently entrusted the Vessel to a Master, Mate and/or crew who were unqualified and lacked sufficient training and was otherwise inadequately prepared to protect and care for the Vessel and its passengers, preventing limitation or exoneration.

## SEVENTH AFFIRMATIVE DEFENSE

The Limitation of Liability Act. 46 U.S.C. § 30501, *et seq.* is not applicable to the instant case because at all times pertinent herein, the Vessel was operated in a willful, wanton, and reckless manner.

### EIGHTH AFFIRMATIVE DEFENSE

The Master of the Vessel on the date of the allision incident, on or about June 16, 2017, was negligent and/or was aware (or reasonably should have been aware) of the Vessel's unseaworthiness and her privity and knowledge of the unseaworthiness and negligence are imputed to the Petitioner, preventing limitation or exoneration. In the alternative, the Master of the Vessel was negligent and Marisa Green is entitled to full indemnity from the Master for all of her losses and damages.

### NINTH AFFIRMATIVE DEFENSE

The events culminating in the losses and damages sustained by Marisa Green were _not_ the result of any negligence, fault, or want of due care on the part of Marisa Green or those for whom Marisa Green may be responsible.

### TENTH AFFIRMATIVE DEFENSE

Marisa Green further alleges that, upon information and belief, there was insurance coverage on the Vessel insuring Petitioner in the event of an occurrence such as that which is the subject of Marisa Green's claim, and the proceeds of said insurance policy(ies) should be included in the limitation fund in the event the Court determines that the limitation proceeding is appropriate.

### ELEVENTH AFFIRMATIVE DEFENSE

Marisa Green states that the proceeds of any judgment, award, or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained to the property or interests of Petitioner, as a result of the fault or alleged fault of a third party, must be included in the limitation fund.

### TWELFTH AFFIRMATIVE DEFENSE

Prior to, and at all times referenced in the Complaint, Petitioner failed to exercise due diligence to make and maintain the Vessel in all respects seaworthy; and said vessel was not in fact tight, staunch, strong and properly manned, equipped, supplied and was not seaworthy nor fit and proper for the service in which it was engaged.

### THIRTEENTH AFFIRMATIVE DEFENSE

Petitioner possessed privity and knowledge of all aspects of the Vessel's management, navigation, use and operation and of its appurtenances including each and every contributing cause, direct or indirect of the allision that occurred on or about June 16, 2017. Said privity and knowledge acts as a complete bar to any demand for exoneration from or limitation of liability.

### FOURTEENTH AFFIRMATIVE DEFENSE

Petitioner failed to properly maintain, construct, outfit, equip and otherwise prepare the Vessel.

### FIFTEENTH AFFIRMATIVE DEFENSE

The damages for which Petitioner seek exoneration from or limitation of liability were the result of Petitioner's insufficient training and/or inadequate supervision of those driving the Vessel.

### SIXTEENTH AFFIRMATIVE DEFENSE

In the event Marisa Green is adjudged liable for any losses, damages or other expenses resulting from the June 16, 2017 allision incident (which seems inconceivable), Marisa Green is entitled to complete indemnity or contribution from

Petitioner with the same to include, but not be limited to, recovery of all of her attorneys' fees and litigation costs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Marisa Green seeks all the benefits of the Pennsylvania Rule established by the Supreme Court in The Pennsylvania, 86 U.S. 125 (1874).  *See, e.g.*, In re Bridge Constr. Servs. of Fla., 140 F. Supp. 3d 324, 335 (S.D.N.Y. 2015).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Marisa Green seeks all the benefits of the Oregon Rule established by the Supreme Court in The Oregon, 158 U.S. 186 (1895).

### NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Petitioner (as identified) does not possess an interest (or an interest sufficient to give it standing) in the Vessel and therefore has no right to claim limitation or exoneration from liability.

### TWENTIETH AFFIRMATIVE DEFENSE

Marisa Green reserves her right to assert further, other or different defenses as may come to light based on their investigation and discovery.

WHEREFORE, Respondent Marisa Green respectfully requests Petitioner the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority's Complaint be dismissed with prejudice denying its request for exoneration from or limitation of liability and that she be awarded all of her losses and damages, attorneys' fees, costs and interest (including pre-judgment interest) as well as indemnity or contribution from any third-party claims asserted against her and that this Honorable Court provide such other, further and different relief as is just and equitable.

## **CLAIMANT MARISA GREEN'S CLAIM AGAINST PETITIONER[2]**

1. Claimant Marisa Green invokes the Court's admiralty jurisdiction under Title 28 U.S.C. § 1333 to resolve her claim against Petitioner the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority and the same is brought within the meaning of Fed. Rule Civ. P. 9(h) and Supplemental Rule F(5).

2. At all times material hereto, Marisa Green was and is a resident of the State of Rhode Island.

3. At all times material hereto including on or about June 16, 2017, Petitioner alleges it was the owner and operator of the m/v IYANOUGH (hereinafter "Vessel").

4. Upon information and belief, on or about June 16, 2017, the Vessel was registered as an inspected, passenger vessel.

5. On or about June 16, 2017, the Vessel was on a voyage on navigable waters which began at a port in Massachusetts and was due to end at a location in Massachusetts (hereinafter "Voyage").

6. On or about June 16, 2017, and at all times material hereto, Marisa Green was a lawful passenger aboard the Vessel.

7. At some point in the evening hours on or about June 16, 2017, and while making way and underway at a high rate of speed, the Vessel violently struck a jetty in the vicinity of Hyannis, Massachusetts.

8. As a result of the violent impact between the Vessel and the jetty, Marisa Green suffered injuries including lacerations and a concussion and other serious injuries

---

[2] Again, Marisa Green reserves all of her rights and does not waive her right to challenge this Petition based on Petitioner (as identified) having no ownership interest in the m/v IYANOUGH.

which are permanent or continuing in nature and she will suffer losses and impairments in the future.

9. The injuries and losses sustained by Marisa Green were <u>not</u> caused or contributed to by any fault or negligence on her part, but were caused or contributed to the cause by reason of the negligence and recklessness of Petitioner and/or other persons for whom Petitioner was responsible and/or by reason of the unseaworthiness of the Vessel in that and, among other things, Petitioner upon information and belief:

    a. Failed to man the Vessel with an adequate and competent master;

    b. Failed to properly supervise those person(s) operating and/or aboard the Vessel;

    c. Failed to train and/or properly train those person(s) operating and/or aboard the Vessel;

    d. Entrusted the Vessel's operation to a person or persons not qualified to properly operate the Vessel;

    e. Allowed the operation of the Vessel with an inadequate crew;

    f. Failed to take reasonable care under the circumstances;

    g. Failed to promulgate and/or enforce proper safety and/or operating rules and procedures and where the same were promulgated, did so in a fashion that increased the risk of the subject incident;

    h. Failed to maintain the Vessel in a seaworthy condition;

    i. Failed to maintain the Vessel's appurtenances in a seaworthy condition;

j. Allowed the Vessel to embark on the Voyage in an unsafe and/or unseaworthy condition;

k. Failed to outfit the Vessel with adequate systems including navigational and communications systems;

l. Failed to inspect the Vessel's systems to insure they were appropriate for the Voyage;

m. Allowed the Vessel to embark on the Voyage with an inoperable and/or faulty and/or inadequate navigational and/or communications equipment;

n. Acted in a careless and negligent manner without due regard for the safety of others;

o. Violated state and/or federal law, statutes and/or regulations as will be shown at trial;

p. Failed to keep a proper lookout;

q. Failed to recognize an impending danger and take action;

r. Failed to use or failed to properly use electronic navigational aids and systems aboard the Vessel;

s. Failed to proceed at a safe speed under the circumstances;

t. Failed to manipulate, control and/or operate the Vessel in a safe or appropriate manner;

u. Failed to take early and prompt action to keep clear of the jetty;

v. Designated an inexperienced operator of the Vessel;

w. Negligently entrusted the Vessel to an inexperienced or otherwise deficient operator;

   x. Negligently failed to appropriately supervise the Master and Crew of the Vessel;

   z. Negligently allowed the Vessel top operate at a high rate of speed inappropriate to the conditions;

   aa. Failed to properly train the Master and crew in the safe operation of the Vessel and in avoiding on the water hazards at night;

   bb. Consented to the operation of the Vessel by inexperienced operators; and/or

   cc. Acted or failed to act in other ways as will be shown at trial.

 10. Upon information and belief, all of the preceding conditions, acts and failures to act were known to Petitioner prior to the incident and/or were within Petitioner's actual and constructive knowledge and were within Petitioner's privity and knowledge.

 11. Further, and upon information and belief, Petitioner had a duty to operate the Vessel in a reasonable and prudent manner, having due regard for all applicable maritime rules and regulations; and all other attendant circumstances so as not to endanger the life, limb, or property of any person which duty Petitioner breached.

 12. At all times material hereto, and upon information and belief, it was also the duty of Petitioner to provide Marisa Green with reasonable care under the circumstances which duty Petitioner breached.

 13. At all times material hereto, and upon information and belief, Petitioner knew the manner in which the Vessel was operated and/or could have or should have

known by reasonably inquiry or inspection the manner in which the Vessel was being operated.

14. At all times material hereto, and upon information and belief, Petitioner possessed privity and knowledge of the negligence of the Master and/or crew and the unseaworthiness of the Vessel.

15. Upon information and belief, Petitioner knew of all of the foregoing conditions causing or contributing to the cause of Marisa Green's injuries and did not correct them, or the conditions existed for a sufficient length of time so that Petitioner in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

16. As a direct and proximate result of the negligent actions and/or omissions of Petitioner and/or the Vessel's Master and/or the unseaworthiness of the Vessel, with privity and knowledge of Petitioner and the Vessel's Master and/or crew: Marisa Green was injured about her body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress and other mental and/or nervous disorders; suffered aggravation of any previously existing conditions there from; incurred medical expenses in the care and treatment of her injuries; suffered physical handicap, lost earnings and lost earning capacity both past and future. The injuries are permanent or continuing in nature and she will suffer the losses and impairments in the future.

17. All of Marisa Green's damages were a natural and foreseeable consequence of the negligent actions of Petitioner and/or the Vessel's Master and/or crew and/or the Vessel's unseaworthiness.

18.     Marisa Green further seeks and asserts herein all the benefits of the Pennsylvania Rule established by the Supreme Court in <u>The Pennsylvania</u>, 86 U.S. 125 (1874).  *See, e.g.*, <u>In re Bridge Constr. Servs. of Fla.</u>, 140 F. Supp. 3d 324, 335 (S.D.N.Y. 2015).

19.     Marisa Green further seeks all the benefits of the Oregon Rule established by the Supreme Court in <u>The Oregon</u>, 158 U.S. 186 (1895).

20.     In the event Marisa Green is subjected to any claims or suits arising out of the herein allision incident, including claims for property damage, Marisa Green also makes claim for the same and is entitled to and seeks indemnity or contribution from Petitioner, including indemnity or contribution for all of her attorneys' fees and litigation costs in defending against such claims.

<u>JURY TRIAL</u>

Claimant Marisa Green demands a trial by jury on all issues so triable.

WHEREFORE, Claimant Marisa Green demands judgment against Petitioner the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority for all of her losses and damages as may be recovered under the law in an amount not less than $1,000,000, plus interest and costs and further prays for a judgment that Petitioner is not entitled to Exoneration From or Limitation of Liability Pursuant to Rule F and 46 U.S.C. §§ 30505 and 30511, *et seq.* and further prays for indemnity or contribution from Petitioner with respect to any third-party claims asserted against her and also seeks such further or different relief which this Court deems just and equitable.

Dated:    Newport, Rhode Island
             July 29, 2018

                                          Respectfully submitted,

                                          KARNS LAW GROUP

                                          By:    /s/ Robert T. Karns

                                          Robert T. Karns, Esq. (#260160)
                                          6 Valley Road
                                          Middletown, RI 02842
                                          (401) 841-5300
                                          robert@karnslaw.com
                                          *Attorney for Marisa Green*

                                          FULWEILER LLC

                                          By:    /s/ Erin M. McEntee

                                          Erin M. McEntee, Esq. (#695395)
                                          40 Mary Street, First Floor
                                          Newport, RI 02840
                                          (401) 667-0977
                                          emcentee@fulweilerlaw.com
                                          *Attorney for Marisa Green*

-- Of Counsel --

FULWEILER LLC
John K. Fulweiler, Esq.

# **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Marisa Green, declare and state under penalty of perjury that the foregoing is true and correct:

1. I make this Declaration based on personal knowledge.

2. I have read the foregoing <u>Verified Answer With Affirmative Defenses and Claim</u> and know the contents of the same to be true to the best of my knowledge and belief.

3. The source of my knowledge and the grounds for my belief as to all matters stated in the <u>Verified Answer With Affirmative Defenses and Claim</u> are my own, personal knowledge.

4. I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 30, 2018

By: _____
Marisa Green (Jul 30, 2018)
Marisa Green

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2018, a copy of the foregoing (and its attachment(s), if any) was filed through the ECF system and it is available for viewing and downloading from the ECF system such that all appearing counsel have been served with this document by electronic means.

In addition, I hereby certify that on August 1, 2018, a copy of the foregoing (and its attachment(s), if any) was served via e-mail upon Petitioner's counsel at the following address oaprans@clinmuzyka.com and tmuzyka@clinmuzyka.com.

In addition, I hereby certify that on August 1, 2018, a copy of the foregoing (and its attachment(s), if any) was served via U.S. Mail, postage prepaid and addressed in accord with the mailing address below as set forth in the Court's July 3, 2018 Notice of Complaint for Exoneration from or Limitation of Liability:

Olaf Aprans, Esq.
Thomas J Muzyka, Esq.
CLINTON & MUZYKA, P.C.
88 Black Falcon Avenue
Suite 200
Boston, MA 02210

By:  /s/ Erin M. McEntee

Erin M. McEntee