UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **COMPLAINT OF WOODS HOLE, MARTHA VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, CIVIL AND MARITIME** | **CIVIL ACTION NO.: 1:17-cv-12473-NMG**  **IN ADMIRALTY** |

### JOHN CADORET KATHLEEN CADORET ANSWER TO COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

**NOW INTO COURT**, through undersigned counsel, comes John Cadoret and Kathleen Cadoret (hereinafter sometimes referred to as "Claimants") and answering the Petition for Exoneration from Limitation of Liability of Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (hereinafter referred to as "Petitioner"), as follows:

### FIRST DEFENSE

The petition fails to state a cause of action against Claimants.

### SECOND DEFENSE

Petitioner's request to limit or be exonerated from liability is time barred by latches or any applicable statute of limitations.

### THIRD DEFENSE

1. Each and every allegation of the petition not hereafter specifically admitted is denied.

2. The allegations in paragraph "1" of the Petition contain legal conclusions, as such, an answer is not required. However, in the event that an answer is required, the allegations of paragraph "1" are denied.

3. In response to the allegations to paragraph "2" of the Petition, Claimants are without

sufficient knowledge to provide an answer and therefore deny same.

4. In response to the allegations to paragraph "3" of the Petition, Claimants are without sufficient knowledge to provide an answer and therefore denies same.

5. Claimants admit the allegations of paragraph "4" of the Petition.

6. Claimants deny the allegations of paragraph "5" of the Petition.

7. Claimants admit the allegations of paragraph "6" of the Petition.

8. In response to the allegations to paragraph "7" of the Petition, Claimants are without sufficient knowledge to provide an answer and therefore denies same.

9. Claimants deny the allegations of paragraph "8" of the Petition.

10. In response to the allegations to paragraph "9" of the Petition, Claimants are without sufficient knowledge to provide an answer and therefore denies same.

11. In response to the allegations to paragraph "10" of the Petition, Claimants are without sufficient knowledge to provide an answer and therefore denies same.  Freight was owed as passengers paid for tickets to be transported on the ferry in question.

12. The allegations in paragraph "11" of the Petition contain legal conclusions, as such, an answer is not required.  However, in the event that an answer is required, the allegations of paragraph "11" are denied.

13. The allegations in paragraph "12" of the Petition contain legal conclusions, as such, an answer is not required.  However, in the event that an answer is required, the allegations of paragraph "12" are denied.

14. Claimants deny the allegation of paragraph "13" of the Petition.

15. Claimants deny the allegations of the prayer.

## FOURTH DEFENSE

Petitioner failed to comply with the procedural requirements of the Limitation of Liability Act.

## FIFTH DEFENSE

Claimants affirmatively deny that the subject incident occurred without Petitioner's privity or knowledge.

## SIXTH DEFENSE

Claimants' damages were caused by Petitioner's negligence or gross negligence.

## SEVENTH DEFENSE

The subject incident occurred due to acts within Petitioner's privity or knowledge.

## EIGHTH DEFENSE

Petitioner is not entitled to limitation of its liability.

## NINTH DEFENSE

Petitioner is not entitled to exoneration from liability.

## TENTH DEFENSE

The limitation of liability fund is greater than the amount proposed by Petitioner.

## ELEVENTH DEFENSE

Claimants are permitted to have the limitation of liability stay lifted and to prosecute their claims in state court under the Savings to Suitors Clause.

## TWELFTH DEFENSE

Petitioner knew that the weather was bad on the night in question and should have taken steps to prevent an allision from occurring.

**THIRTEENTH DEFENSE**

Petitioner knew that the weather was bad on the night in question and should have taken steps to make sure that M/V IY ANOUGH was being navigated by competent personnel and not the relief pilot in question.

**WHEREFORE**, John Cadoret and Kathleen Cadoret pray that the Court inquire into the matter, deem their answer to be sufficient, dismiss the limitation of liability proceeding, award them case costs, and grant him judgement on their claims and such other and further relief as may be just and proper.

                                              The Law Offices of John C. Manoog III

                                              _____
                                              John C. Manoog III
                                              BBO# 567481
                                              450 South Street
                                              Hyannis, MA  02601
                                              Email:       jmanoog@manooglaw.com
                                              Telephone:   (508) 775-0088
                                              Attorney for Claimants John Cadoret and Kathleen Cadoret

Dated:  August 2, 2018