UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **COMPLAINT OF WOODS HOLE, MARTHA VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, CIVIL AND MARITIME** | **CIVIL ACTION NO.: 1:17-cv-12473-NMG**<br><br>**IN ADMIRALTY** |

**JOHN CADORET AND KATHLEEN CADORERT'S CLAIM AGAINST WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY**

**NOW INTO COURT**, through undersigned counsel, comes John Cadoret and Kathleen Cadoret (hereinafter sometimes referred to as "Claimants") and files the following claim against Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (hereinafter referred to as "Petitioner") as follows:

**SUBJECT MATTER JURISDICTION**

1. Claimants invoke the subject matter jurisdiction of this Honorable Court under 28 U.S.C. §1333 (Admiralty).

**APPLICABLE LAW**

2. This action arises and is governed by the General Maritime Law of the United States and is supplemented by the laws of the State of Massachusetts.

**PARTIES**

3. At all material times, John Cadoret is an individual of the full age of majority, a resident of the State of Massachusetts, the husband of Kathleen Cadoret, and was seriously injured onboard a vessel alleged to be owned and operated by the Petitioner.

4. At all material times, Kathleen Cadoret is an individual of the full age of majority,

a resident of the State of Massachusetts, the wife of John Cadoret was seriously injured onboard a vessel alleged to be owned and operated by the Petitioner.

5. Upon information and belief, Petitioner was the owner and operator of M/V IY ANOUGH (hereinafter referred to as the "Vessel"), a high speed passenger catamaran engaged in a ferry services between the Ports of Hyannis, Massachusetts and Nantucket, Massachusetts.

## FACTS

6. On June 16, 2017, John Cadoret was working on board the Vessel providing food service at the Vessel's concession stand.

7. At all material times, the Vessel was being operated by Petitioner.

8. On the night of June 16, 2017, it was raining and foggy as the Vessel approached Hyannis Port.

9. Around 10:30 pm on June 16, 2017, John Cadoret was aboard the Vessel when the Vessel allided with the Hyannis Port jetty at a high rate of speed.

10. As a result of the Vessel alliding with the jetty, John Cadoret was thrown across the deck of the Vessel and seriously injured.

11. The unsafe manner in which Petitioner operated the Vessel resulted in John Cadoret suffering serious personal injuries.

12. As a result of his injuries, John Cadoret had to undergo medical treatment and has experienced and will continue to experience pain and emotional distress.

13. John Cadoret is still treating today with his physicians for the injuries he suffered on June 16, 2017.

14. The incident in question was not caused by any fault or neglect on the part of John

Cadoret.

15.     The incident in question has negatively impacted the marital relationship of John Cadoret and Kathleen Cadoret.

**FIRST CLAIM OF RELIEF**
**(GENERAL MARITIME LAW NEGLIGENCE)**

16.     John Cadoret refers to and incorporate herein by this reference each and every allegation of paragraphs 1 through 15 as though fully set forth at length.

17.     John Cadoret's injuries and damages that resulted therefrom, were in no way caused or contributed to by any fault or neglect of his, but rather, said damages and losses were caused by the fault and negligence of Petitioner in one (1) or more of the following particulars, among others, all of which will be more fully shown at the trial of this matter:

  a.    In failing to maintain said vessel in a proper, safe, and seaworthy condition;

  b.    In failing to have said vessel navigated by a properly trained person;

  c.    In failing to prevent the vessel being operated in a manner that caused injuries to him;

  d.    In allowing the vessel to be operated in a careless manner;

  e.    In failing to use due care to protect him;

  f.    In failing to have the vessel equipped with proper safety gear;

  g.    In failing to make sure that the vessel was properly being navigated at all times;

  h.    In failing to prevent the vessel from alliding with the jetty;

  i.    In failing to take any or proper steps to avoid him from being injured;

  j.    In failing to warn him about the danger of the vessel striking the jetty;

  k.    In permitting said vessel to be operated in a dangerous manner for the circumstances;

l.  In failing to use a degree of care and caution that a reasonable and prudent person would have used under the circumstances, then prevailing, which was in violation of the statutory common laws of the state of Massachusetts and the general maritime law of the United States of America, all of which directly and proximately caused her to suffer serious injuries causing pecuniary loss, mental suffering, loss of enjoyment of life, loss of services, and causing her to be otherwise damaged and injured;

m.  In failing to act as a reasonable and prudent vessel owner would have acted, under the same or similar circumstances;

n.  In not having proper procedures in place to make sure said vessel would be safely operated;

o.  In not have proper procedures in place to make sure that any operating rules or guidelines were being followed at all times; and

p.  In other aspects to be proved at trial.

18. As a direct result of the accident, John Cadoret has sustained and will continue to sustain injuries and remain under the care and treatment of his physicians, which all will be shown more fully at the trial of this matter.

19. That as a result of John Cadoret's injuries, he has suffered damages and is entitled to an award of actual damages to be determined by this Court, plus punitive damages, pre-judgment interest from the date of this casualty, and the cost of this action.

**SECOND CLAIM OF RELIEF**
**(LOSS OF CONSORTIUM)**

20. Kathleen Cadoret refers to and incorporate herein by this reference each and every

allegation of paragraphs 1 through 15 as though fully set forth at length.

21. As a result of Petitioner's negligence, breach of duties, willfulness, wantonness and carelessness in causing serious personal injuries to John Cadoret, Kathleen Cadoret has been deprived of the care, comfort, services, and consortium of her husband and has been caused to suffer emotional distress.

22. Kathleen Cadoret is entitled to damages for the deprivation of the care, comfort, services, and consortium of her husband and her emotional distress.

**WHEREFORE**, based on the foregoing, Claimants pray:

a. That their claim be deemed good and sufficient;

b. That process and due form of law, according to the practice of this Honorable Court, issue against Petitioner, it answer all and singular the aforesaid allegations;

c. That Claimants may have judgment in their favor against Petitioner for all legal and allowable damages arising out of his injuries and, plus pre-judgment interest and costs of this action;

d. That all expert fees be taxed as costs; and

e. That this Honorable Court grant Claimants such and other and further relief, general and equitable that the justice in this cause may require, and to which they may otherwise be entitled.

The Law Offices of John C. Manoog III

_____
John C. Manoog III
BBO# 567481
450 South Street
Hyannis, MA  02601

      Email:  jmanoog@manooglaw.com
      Telephone: (508) 775-0088

      Attorney for Claimants John Cadoret and Kathleen Cadoret

Dated: August 2, 2018