UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPLAINT OF WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, CIVIL AND MARITIME | No. 1:17-cv-12473 |

**UNITED STATES OF AMERICA'S ANSWER AND CLAIM
TO THE WOODS HOLE, MARTHA'S VINEYARD AND
NANTUCKET STEAMSHIP AUTHORITY'S COMPLAINT FOR
EXONERATION FROM AND/OR LIMITATION OF LIABILITY**

The United States of America submits this Answer and Claim in response to the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority's Complaint for Exoneration from and/or Limitation of Liability. (See ECF No. 1.)

**UNITED STATES' ANSWER AND FIRST DEFENSE**

**JURISDICTION**

1. This is a Complaint for Exoneration from and/or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 et seq. and Supplemental Admiralty Rule F. This Court has admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

ANSWER: Admit.

**COUNT I: LIMITATION OF LIABILITY**

2. The Steamship Authority is a body corporate created by chapter 701 of the Acts of 1960 of the Massachusetts Legislature, with principal offices located within this District.

1

The Steamship Authority is engaged in the business of, inter alia, providing passenger ferry service between Cape Cod and the Islands of Nantucket and Martha's Vineyard.

    ANSWER:   Admit.

3. At all material times, the Steamship Authority was and is the sole owner and operator of the M/V IYANOUGH (O.N. 1185366), a One Hundred Forty-Four and One-Half [144.5] foot inspected high speed passenger catamaran (the "Vessel").

    ANSWER:   Deny allegations of Paragraph 9 for lack of knowledge and information.

4. On or about June 16, 2017, the Vessel was engaged in a voyage, departing the Port of Nantucket, Massachusetts at approximately 2045 hours local time and transiting navigable waters bound for the Port of Hyannis, Massachusetts providing passenger ferry service (the "Voyage").

    ANSWER:   Admit.

5. At the commencement of the Voyage, the Vessel was tight, strong, fully manned, equipped, and supplied and in all respects seaworthy and fit for the service in which it was engaged.

    ANSWER:   Denied.

6. During the Voyage, at approximately 2130 hours on June 16, 2017, the Vessel allided with a jetty within navigable waters off of the coast of Hyannis, Massachusetts (the "Incident"), after which the persons onboard the Vessel were evacuated and the Voyage terminated.

    ANSWER:    Admit that the vessel allided with the Hyannis Breakwater at approximately 2130 on June 16, 2017.  Deny the remaining allegations in Paragraph 6 for lack of knowledge and information.

7. At the present time, there have been numerous claims asserted and it is expected that additional claims will be asserted in the future against the Steamship Authority and/or the Vessel for personal injuries sustained by passengers, crewmembers, and/or other persons onboard the Vessel during the Voyage and/or as a result of the Incident (said claimants and potential claimants are hereinafter referred to as the "Claimants").

    ANSWER:    Deny allegations in Paragraph 7 for lack of knowledge and information.

8. Upon information and belief, the Incident and resulting loss, damage, and injuries were not caused by or contributed to by any negligence or fault on the part of the Steamship Authority and/or the Vessel or of those whom the Steamship Authority and/or Vessel are responsible, and the Steamship Authority denies any such loss, damage, and injury were done, occasioned by, or occurred with any privity or knowledge of the Steamship Authority.

    ANSWER:    Denied.

9. No suits, to the Steamship Authority's knowledge, have to date been commenced for the loss, damage or injuries resulting from the Voyage and/or Incident. The Steamship Authority fears that libels, suits, or claims may be filed, begun or asserted against the Vessel and/or the Steamship Authority on behalf of Claimants for alleged damages sustained as a result of the Incident and/or Voyage.

    ANSWER:   Deny allegations of Paragraph 9 for lack of knowledge and information.

10. The Vessel sustained physical damage as a result of the Incident and it is estimated that the value of the Vessel at the termination of the Voyage was approximately Six Million Four Hundred Thousand and 00/100 U.S. Dollars [$6,400,000.00]. There were no freights pending at the time of the Voyage.

    ANSWER:   Deny allegations of Paragraph 10 for lack of knowledge and information.

11. The Steamship Authority claims exemption from liability for any and all loss, destruction, damage, and injury occasioned or incurred by or resulting from the Incident and/or Voyage and for all claims for damages that have been made or may hereafter be made, and by reason of the facts hereinbefore set forth. The Steamship Authority desires in this proceeding to contest its liability and the liability of said Vessel to any extent whatsoever for any and all loss, damage and injury caused by or resulting from the matters aforesaid.

    ANSWER:   The allegations in paragraph 11 are legal conclusions for which no response is required. To the extent that a response is required, the United States denies these allegations.

12. Not admitting, but denying any liability of itself or of said Vessel for any loss, damage and injury occasioned or incurred by reason of the Incident and/or Voyage or subsequent damages resulting therefrom, the Steamship Authority further claims the benefits of Limitation of Liability provided by 46 U.S.C. § 30501 et seq. of the United

States Code and any amendments thereof, and to that end the Plaintiff is ready and willing to give a stipulation with sufficient surety for the payment into Court of the amount or value, if any, of its interest in the Vessel, together with her pending freight, if any, at the end of the said Voyage, whenever the same shall be ordered by the General Admiralty Rules and the practice of this Honorable Court.

>ANSWER: The allegations in paragraph 12 are legal conclusions for which no response is required. To the extent that a response is required, the United States denies these allegations.

13. All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

>ANSWER: The allegations in paragraph 13 are legal conclusions for which no response is required. To the extent that a response is required, the United States denies these allegations.

WHEREFORE, the Steamship Authority prays:

(1) That the Court cause due appraisement to be made of the amount or value of the Steamship Authority's interest in the Vessel and her pending freight at the time of the incident, if any;

(2) That the Court issue an Order directing the Steamship Authority to file a Stipulation with surety to be approved by the Court for the payment into Court of the amount of the Steamship Authority's interest in the said Vessel at the time of the incident, or transfer the Steamship Authority's interest in the Vessel to a trustee whenever the Court shall so order, or issue an order excusing the Steamship Authority from furnishing a Stipulation;

(3) That the Court issue an Order directing the issuance of a Monition to all persons claiming damages for any and all loss, injury, damage, or destruction done, occasioned or incurred by or resulting from the aforesaid Voyage citing them to file with the Clerk of this Court in said Order and make due proof of their respective claims, and also to appear and answer the allegations of this Complaint according to the law and practices of this Court at or before a certain time to be fixed by the Monition;

(4) That the Court make and order directing that on the giving of such a stipulation, or transfer of Steamship Authority's interest in the Vessel to a trustee as may be determined to be proper, or the Court making an order excusing the Steamship Authority from giving a stipulation, an Injunction shall issue, restraining the prosecution of all actions, suits or other proceedings already begun to recover for damages, arising out of or occasioned by or consequent upon the alleged Incident and Voyage on or about June 16, 2017, as stated in the Complaint, and the commencement or prosecution hereafter of any suit, action or legal proceeding against the Steamship Authority or the Steamship Authority's members, officers, directors, employees, agents, successors, assigns, and legal representatives in respect of any claim or claims arising out of the aforesaid Voyage of the Vessel;

(5) That the Court in these proceedings will adjudge that the Steamship Authority is not liable to any extent for any loss, damage, injury or for any claim whatsoever in any way arising out of or in consequence of the alleged Voyage and/or Incident on or about June 16, 2017, above described, or if the Steamship Authority shall be adjudged liable, then such liability shall be limited to the amount of his interest in the Vessel at the end of the Voyage in which she was engaged at the time of the Incident, if any, and that a decree

may be entered discharging the Steamship Authority from any and all further liability; and

(6) That the Steamship Authority may have such other or further relief as the justice of the cause may require.

>ANSWER: The Wherefore Paragraph does not require a response. To the extent that a response is required, the United States admits only that its claims against the Steamship Authority and IYANHOUGH are admiralty claims within the meaning of Fed. R. Civ. P. 9(h). The United States denies the remainder of the allegations and denies Complainant is entitled to the relief it seeks.

## AFFIRMATIVE AND OTHER DEFENSES

Claimant United States of America further responds by stating the following affirmative and other defenses:

1. The Complaint fails to state a claim upon which relief may be granted.

2. The limitation fund is inadequate.

3. The United States' damages were caused in whole or in part by Complainant's negligent acts or omissions. Such acts or omissions were within Complainant's privity and knowledge.

WHEREFORE, the United States requests the following relief:

1. Dismissal of the Complaint;

2. A partial dissolution of the Order Directing Issuance of Notice and Restraining Suits so that the United States may seek recovery of its claims under the Rivers and Harbors Act, 33 U.S.C. §§ 401-76;

3.     A rejection of Complainant's assertion of the value of the vessel and pending freight as an adequate limitation;

4.     An order allowing the United States to proceed in a separate action both *in personam* and *in rem* against all responsible parties for damages recoverable under the Rivers and Harbors Act, 33 U.S.C. §§ 401-76, and the general maritime law; and

5.     An award of costs and attorneys' fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

## THE UNITED STATES OF AMERICA'S CLAIM

The United States, by the authority of the Attorney General, files this Claim on behalf of the United States Army Corps of Engineers and alleges that:

## JURISDICTION AND VENUE

1. This civil action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and is brought pursuant to general maritime law and the Rivers and Harbors Act ("RHA"), 33 U.S.C. §§ 401-76, for relief.

2. The United States is, and was at all times pertinent to this Claim, a sovereign nation, permitted to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1345 and the RHA, 33 U.S.C. § 413.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as it is the judicial district in which a substantial part of the events giving rise to this cause of action occurred.

4. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331, 1333, & 1345.

## PARTIES

5. Petitioner Woods Hole, Martha's Vineyard and Nantucket Steamship Authority is engaged in the business of providing passenger ferry service between Cape Cod and the Islands of Nantucket and Martha's Vineyard.

6. Upon information and belief, the Steamship Authority was and is the sole owner and operator of M/V IYANOUGH (O.N. 1185366), a passenger catamaran.

## FACTS

7. On or about June 16, 2017, IYANHOUGH was engaged in a voyage from the Port of Nantucket, Massachusetts, to the Port of Hyannis, Massachusetts.

8. During the voyage, IYANHOUGH departed from the designated navigation channel and violently struck the Hyannis Breakwater at high speed.

9. The allision caused damage to the Hyannis Harbor Navigation Project, including the breakwater and surrounding areas.

10. After the passengers were evacuated, the vessel remained on top of the breakwater overnight and was removed the next day.

## COUNT I – VIOLATION OF THE RIVERS AND HARBORS ACT

11. The United States of America refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Claim. Although the government's claim under the Rivers and Harbors Act is not subject to the Limitation of Liability Act, that claim is appended here for efficiency.

12. The Rivers and Harbors Act, 33 U.S.C. § 408, makes it unlawful to damage any work built by the United States used for the preservation and improvement of any of its navigable waters. The allision with the Hyannis Breakwater damaged the Hyannis Harbor Navigation Project by pushing armor stones into the harbor from the vessel's impact, cracking and crushing armor stones, and otherwise crushing and damaging the federal breakwater and surrounding areas through the violent impact of IYANHOUGH with the breakwater.

13. The Steamship Authority and IYANHOUGH are strictly liable for the full costs to repair the damage.  33 U.S.C. § 412.  The United States Army Corps of Engineers has estimated the cost of repair to be $592,095.00.  Repairs have not yet begun, therefore repair costs may increase.

## COUNT II – GENERAL MARITIME LAW

14. The United States of America refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Claim.

15. The Steamship Authority and IYANHOUGH had a duty to act in a reasonably prudent manner in transiting the Hyannis Harbor on June 16, 2017.

16. Reasonably prudent mariners would not have engaged in the following activities:

   A. failure to navigate the vessel in a prudent manner and at a safe speed for the weather conditions and visibility on June 16, 2017;

   B. failure to have proper equipment and competent crew on board to manage the situation;

   C. failure to perceive navigational aids, including the breakwater light and buoy lights; and

   D. all other reasons which will be determined in discovery and proven at trial.

17. The negligence of Petitioner and IYANHOUGH caused IYANHOUGH to navigate outside the designated channel for navigation and strike the Hyannis Breakwater with great force and violence.

18. The allision with the Hyannis Breakwater damaged the Hyannis Harbor Navigation Project by pushing armor stones from the breakwater into the harbor from the

vessel's impact, cracking and crushing armor stones, and otherwise damaging federal property.

19.  The United States Army Corps of Engineers has estimated the cost of repair to be $592,095.00.  Repairs have not yet begun, therefore repair costs may increase.

## PRAYER FOR RELIEF

Wherefore, the United States prays the Court:

1. That judgment be entered against Petitioner and IYANHOUGH, jointly and severally, for all costs and damages available under the RHA, 33 U.S.C. §§ 401-76, and the general maritime law;

2. That a warrant be issued for the arrest of IYANOUGH, her engines, tackle and appurtenances, etc.;

3. That IYANOUGH be condemned and sold to pay such judgment; and

4. For such other and further relief that the Court deems justified.

DATED: August 2, 2018                    Respectfully submitted,

                                         CHAD A. READLER
                                         Acting Assistant Attorney General
                                         U.S. Department of Justice, Civil Division

                                         ANDREW E. LELLING
                                         United States Attorney
                                         District of Massachusetts

                                          /s/ Jill Rosa
                                         JILL DAHLMANN ROSA
                                         Senior Trial Counsel
                                         JUSTIN R. JOLLEY
                                         Trial Attorney
                                         U.S. Department of Justice
                                         Civil Division, Torts Branch

Aviation & Admiralty Litigation
PO Box 14271
Washington, DC 20044-4271
(847) 732-1141
Jill.Rosa@usdoj.gov

Attorneys for the
UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2018, I filed the foregoing document with the Clerk of the Court using the CM/ECF system.  Notice of the filing will be sent electronically to all counsel of record.

/s/ Jill Rosa
U.S. Department of Justice
