THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPLAINT OF WOODS HOLE, )<br>MARTHA'S VINEYARD AND )<br>NANTUCKET STEAMSHIP )<br>AUTHORITY FOR EXONERATION )<br>FROM AND/OR LIMIT OF LIABILITY,)<br>CIVIL AND MARITIME ) | CIVIL ACTION NO.<br>17-cv-12473-NMG |

## CLAIMANT'S, MATTHEW MARTIN'S, CLAIM AND DEMAND FOR JURY TRIAL

Now comes the Claimant, Matthew Martins, in the above-entitled action, by his attorneys, and states as follows:

This Claim is being made under protest and without prejudice to the affirmative defenses set forth in the Answer of Matthew Martins, and the Claimant's contention that Plaintiff's Limitation and Exoneration Complaint is improper because this court lacks jurisdiction since Plaintiff failed to comply with the requirements of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Local Rules of Civil Procedure for the United States District Court for the District of Massachusetts and that the negligence and that the fault of the allision was within the privity and knowledge of the Plaintiff, its agents and/or employees.  Based on the foregoing, said Complaint for Exoneration from and/or Limitation of Liability should be dismissed and the temporary restraining order should be lifted so Claimant can proceed with a civil suit.

## FACTUAL ALLEGATIONS

1. The Claimant, Matthew Martins, is a resident of Sandwich, County of Barnstable, Commonwealth of Massachusetts.

2. The Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority is a body politic, duly organized and existing under the laws of the Commonwealth of

Massachusetts.

3. On or about June 16, 2017, the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, was doing business within the Commonwealth of Massachusetts.

4. On or about June 16, 2017, the Claimant, MATTHEW MARTINS, was employed by the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority.

5. On or about June 16, 2017, the Claimant, MATTHEW MARTINS, was employed by the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, as a seaman, and a member of the crew of the M/V IYANOUGH.

6. On or about June 16, 2017, the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, owned the M/V IYANOUGH.

7. The Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, chartered the M/V IYANOUGH from some other person or entity such that on or about June 16, 2017, the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, was the owner pro hac vice of the M/V IYANOUGH.

8. On or about June 16, 2017, the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, operated the M/V IYANOUGH.

9. On or about June 16, 2017, the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, or its agents, servants, and/or employees, controlled the M/V IYANOUGH.

10. On or about June 16, 2017, the M/V IYANOUGH was in navigable waters.

11. On or about June 16, 2017, while in the in the performance of his duties in the service of the M/V IYANOUGH, the Claimant, MATTHEW MARTINS, sustained personal injuries when the vessel allided with a jetty

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, MATTHEW MARTINS, was exercising due care.

## COUNT I
## MATTHEW MARTINS V. WOOD'S HOLE MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY
### (JONES ACT NEGLIGENCE)

13. The Claimant, MATTHEW MARTINS, reiterates the allegations set forth in paragraphs 1 through 12 above.

14. The personal injuries sustained by the Claimant, MATTHEW MARTINS, were not caused by any fault on his part but were caused by the negligence of the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, its agents, servants and/or employees.

15. As a result of said injuries, the Claimant, MATTHEW MARTINS, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

16. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Claimant, MATTHEW MARTINS, demands judgment against the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury together with interest and costs.

## COUNT II
## MATTHEW MARTINS V. WOOD'S HOLE MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

17. The Claimant, MATTHEW MARTINS, reiterates the allegations set forth in paragraphs 1 through 12 above.

18. The personal injuries sustained by the Claimant, MATTHEW MARTINS, were due to no fault of his, but were caused by the Unseaworthiness of the M/V IYANOUGH, including, without limitation, the following unseaworthy conditions:

   a. The M/V IYANOUGH operated at night and at a high rate of speed without adequate, proper, reasonable, attentive and/or competent staff at the helm;

   b. The M/V IYANOUGH operated at night and at a high rate of speed without proper, adequate and/or reasonable navigational rules, regulations, policies and/or procedures.

   c. The M/V IYANOUGH was operated at night and at a high rate of speed without proper, adequate and/or reasonable stewardship;

   d. The M/V IYANOUGH was operated at night at a high rate of speed without proper, adequate and/or reasonable equipment;

   e. The Captain, mate and/or pilot of the M/V IYANOUGH was not adequately, properly and/or reasonably trained, including, without limitation, with respect to the applicable Rules of the Road, Inland Navigational Rules, and/or the Convention on the International Regulations for Preventing Collisions at Sea ("COLREGS")

   f. While the M/V IYANOUGH was travelling at a high rate of speed, the Plaintiff, its agents, servants, and/or employees, failed to operate the vessel with due care to prevent injury to its passengers;

   g. While the M/V IYANOUGH was travelling at a high rate of speed, the Plaintiff, its agents, servants, and/or employees, failed to follow proper operational and/or safety precautions, procedures and/or policies;

    h. The Plaintiff failed to provide the Captain, Mate and/or pilot with proper procedures, policies, regulations, and/or rules for operating the vessel at a high rate of speed at night;

    i. While the M/V IYANOUGH was travelling at a high rate of speed, the Plaintiff, its agents, servants and/or employees were grossly and/or recklessly inattentive to the navigation and/or operations of the vessel causing it to strike a rock jetty, which was a known hazard to navigation in the area, appearing on navigational charts.

19. As a result of said injuries, the Claimant, MATTHEW MARTINS, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

20. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Claimant, MATTHEW MARTINS, demands judgment against the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury together with punitive damages, interest and costs.

<u>**COUNT III**
**MATTHEW MARTINS V. WOOD'S HOLE MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY**
**(GENERAL MARITIME LAW - MAINTENANCE and CURE)**</u>

21. The Claimant, MATTHEW MARTINS, reiterates all of the allegations set forth in Paragraphs 1 through 12 above.

22. As a result of the personal injuries described in paragraph 11 above, the Claimant, MATTHEW MARTINS, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Claimant, MATTHEW MARTINS, demands judgment against the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury for maintenance and cure, together with costs and interest.

### COUNT IV
### MATTHEW MARTINS V. WOOD'S HOLE MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY
### (GENERAL MARITIME LAW/JONES ACT – INTENTIONAL/NEGLECT FAILURE TO PROVIDE MAINTENANCE AND CURE)

23. The Claimant, MATTHEW MARTINS, reiterates the allegations set forth in paragraphs 1 through 12 above.

24. As a result of the personal injuries described in paragraph 11 above, the Claimant, MATTHEW MARTINS, has incurred and will continue to incur expenses for his maintenance and cure.

25. The Claimant, MATTHEW MARTINS, has made demand upon the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, for the provisions of maintenance and cure.

26. The Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority Defendant, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Claimant, MATTHEW MARTINS, with maintenance and cure in a timely and adequate manner.

27. As a result of the Plaintiff's failure to provide the Claimant maintenance and cure, the Claimant has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys' fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Claimant, MATTHEW MARTINS, demands judgment against the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys' fees.

**THE CLAIMANT DEMANDS TRIAL BY JURY AS TO ALL ISSUES RAISED IN THIS CLAIM**

Respectfully submitted for the
the Claimant/Defendant, MATTHEW MARTINS,
by his attorney,

Dated:  August 3, 2018

/s/ Jonathan E. Gilzean
Carolyn M. Latti, BBO # 567394
Jonathan E. Gilzean, BBO # 679164
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2018, I electronically filed the above document with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record in the above captioned matter, and hand delivered a copy to Clinton & Muzyka, P.C., 88 Black Falcon Avenue, Suite 200, Boston MA 02210

/s/  Jonathan E. Gilzean
Jonathan E. Gilzean
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000
JGilzean@lattianderson.com