# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPLAINT OF WOODS HOLE, ) <br> MARTHA'S VINEYARD AND ) <br> NANTUCKET STEAMSHIP ) <br> AUTHORITY FOR EXONERATION ) <br> FROM AND/OR LIMIT OF LIABILITY,) <br> CIVIL AND MARITIME ) | CIVIL ACTION NO. <br> 17-cv-12473-NMG |

## CLAIMANT'S, MICHELLE BARTON'S, CLAIM AND DEMAND FOR JURY TRIAL

Now comes the Claimant, Michelle Barton, in the above-entitled action, by her attorneys, and states as follows:

This Claim is being made under protest and without prejudice to the affirmative defenses set forth in the Answer of Michelle Barton, and the Claimant's contention that Plaintiff's Limitation and Exoneration Complaint is improper because this court lacks jurisdiction since Plaintiff failed to comply with the requirements of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Local Rules of Civil Procedure for the United States District Court for the District of Massachusetts and that the negligence and that the fault of the allision was within the privity and knowledge of the Plaintiff, its agents and/or employees. Based on the foregoing, said Complaint for Exoneration from and/or Limitation of Liability should be dismissed and the temporary restraining order should be lifted so Claimant can proceed with a civil suit.

### THE PARTIES

1. The Claimant, Michelle Barton, is a resident of London, England.

2. The Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority is a body politic, duly organized and existing under the laws of the Commonwealth of Massachusetts.

## **GENERAL FACTUAL ALLEGATIONS**

3. On or about June 16, 2017, the Claimant, Michelle Barton, was a passenger lawfully aboard the ferry vessel M/V IYANOUGH.

4. On or about June 16, 2017, the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, owned the M/V IYANOUGH.

5. On or about June 16, 2017, the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, operated the M/V IYANOUGH.

6. On or about June 16, 2017, Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, controlled the M/V IYANOUGH.

7. On or about June 16, 2017, the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, chartered the M/V IYANOUGH from some other person or entity such that on or about June 16, 2017, the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, was the owner *pro hac vice* of the M/V IYANOUGH.

8. On or about June 16, 2017, the M/V IYANOUGH was in navigable waters.

9. On or about June 16, 2017, the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, its agents, servants and/or employees, operated the M/.V IYANOUGH at a high rate of speed and crashed the vessel into a jetty.

10. On or about June 16, 2017, and while a passenger lawfully aboard the M/V IYANOUGH, the Claimant, Michelle Barton, sustained personal injuries when the M/V IYANOUGH crashed into the rock jetty.

11. Prior to and at the time she sustained the above-mentioned personal injuries, the Claimant, Michelle Barton, was exercising due care.

## COUNT I—NEGLIGENCE
## GENERAL MARITIME LAW
### Michelle Barton v. Wood's Hole Martha's Vineyard and Nantucket Steamship Authority

12. The Claimant, Michelle Barton, reiterates the allegations set forth in paragraphs 1-11 above.

13. The personal injuries sustained by the Claimant, Michelle Barton, were not caused by any fault on her part but were caused by the negligence of the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority.

14. As a result of said personal injuries, the Claimant, Michelle Barton, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Claimant, Michelle Barton, demands judgment against the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury, together with interests and costs.

## COUNT II—GROSS NEGLIGENCE
## GENERAL MARITIME LAW
### Michelle Barton v. Wood's Hole Martha's Vineyard and Nantucket Steamship Authority

15. The Claimant, Michelle Barton, reiterates the allegations set forth in paragraphs 1-11 above.

16. The personal injuries sustained by the Claimant, Michelle Barton, were not caused by any fault on her part but were caused by the Plaintiff's, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority's, gross negligence, outrageous and/or reckless conduct, including, without limitation, in the following manners:

   a. While the M/V IYANOUGH was travelling at a high rate of speed the Plaintiff failed to follow and/or adhere to the applicable Rules of the Road, Inland

      Navigational Rules, and/or the Convention on the International Regulations for Preventing Collisions at Sea ("COLREGS");

b. While the M/V IYANOUGH was travelling at a high rate of speed, the Plaintiff, its agents, servants, and/or employees, failed to operate the vessel with due care to prevent injury to its passengers;

c. While the M/V IYANOUGH was travelling at a high rate of speed, the Plaintiff, its agents, servants, and/or employees, failed to follow proper operational and/or safety precautions, procedures and/or policies;

d. While the M/V IYANOUGH was travelling at a high rate of speed, the Plaintiff, its agents, servants and/or employees were grossly and/or recklessly inattentive to the navigation and/or operations of the vessel causing it to strike a rock jetty, which was a known hazard to navigation in the area, appearing on navigational charts.

17. As a result of said personal injuries, the Claimant, Michelle Barton, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Claimant, Michelle Barton, demands judgment against the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury, together with interests and costs and punitive damages.

**THE CLAIMANT DEMANDS TRIAL BY JURY AS TO ALL ISSUES RAISED IN THIS CLAIM**

Respectfully submitted for the
the Claimant/Defendant, MICHELLE BARTON
by her attorney,

Dated:  August 3, 2018

/s/ Jonathan E. Gilzean
Carolyn Latti, BBO # 567394
Jonathan E. Gilzean, BBO # 679164
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2018, I electronically filed the above document with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record in the above captioned matter, and hand delivered a copy to Clinton & Muzyka, P.C., 88 Black Falcon Avenue, Suite 200, Boston MA 02210

/s/ Jonathan E. Gilzean
Jonathan E. Gilzean
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000
JGilzean@lattianderson.com