THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMPLAINT OF WOODS HOLE, | ) | |
| MARTHA'S VINEYARD AND | ) | |
| NANTUCKET STEAMSHIP | ) | CIVIL ACTION NO. |
| AUTHORITY FOR EXONERATION | ) | 17-cv-12473-NMG |
| FROM AND/OR LIMIT OF LIABILITY,) | | |
| CIVIL AND MARITIME | ) | |

## CLAIM OF BONNIE GLASHEEN

Now comes the Claimant, Bonnie Glasheen, by her attorneys, and states as follows:

On advice of counsel, this Claim is being made under protest and without prejudice to the affirmative defenses set forth in the Answer of Bonnie Glasheen and that the negligence and that the fault of the allision was within the privity and knowledge of the Plaintiff, its agents and/or employees. Based on the foregoing, said Complaint for Exoneration from and/or Limitation of Liability should be dismissed and the temporary restraining order should be lifted so Claimant can proceed with a civil suit.

## THE PARTIES

1. The Claimant, Bonnie Glasheen, is a resident of Plymouth, Massachusetts and

2. The Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority ("Steamship Authority") is an independent authority created by the Massachusetts Legislature to provide transportation via ferry to various islands in Massachusetts.  The Steamship Authority is duly organized and existing under the laws of the Commonwealth of Massachusetts.

## GENERAL FACTUAL ALLEGATIONS

3. On or about June 16, 2017, the Claimant, Bonnie Glasheen was in the employ of the Steamship Authority and was working as a crewmember on aboard the ferry vessel M/V IYANOUGH.

4.  On or about June 16, 2017, the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, owned the M/V IYANOUGH.

5.  On or about June 16, 2017, the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, operated the M/V IYANOUGH.

6.  On or about June 16, 2017, Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, controlled the M/V IYANOUGH.

7.  On or about June 16, 2017, the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, chartered the M/V IYANOUGH from some other person or entity such that on or about June 16, 2017, the Plaintiff, Wood's Hole Martha's Vineyard and Nantucket Steamship Authority, was the owner *pro hac vice* of the M/V IYANOUGH.

8.  On or about June 16, 2017, the M/V IYANOUGH was in navigable waters.

9.  On or about June 16, 2017, the Plaintiff, Steamship Authority, its agents, servants and/or employees, operated the M/V IYANOUGH at a high rate of speed and crashed the vessel into a jetty.

10. On or about June 16, 2017, and while in the employ of the Steamship Authority aboard the M/V IYANOUGH, the Claimant, Bonnie Glasheen, sustained personal injuries when the M/V IYANOUGH crashed into the jetty.

11. Prior to and at the time he sustained the above-mentioned personal injuries, the Claimant, Bonnie Glasheen, was exercising due care

## COUNT I—JONES ACT
## NEGLIGENCE

12. The Claimant, Bonnie Glasheen reiterates the allegations set forth in paragraphs 1-11 above.

13. The injuries sustained by the plaintiff were not caused by any fault on her part, but were caused by the fault of the Steamship Authority, its agents, servants or employees, as follows:

    a.  Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances.

    b.  Failure to use due care to make reasonable and periodic inspection of said vessel, its equipment and appliances.

    c.  Failure to use due care to furnish the plaintiff with a reasonably safe place in which to perform the work.

    d.  Failure and negligence of fellow employees

    e.  Failure and negligence in other respects that will be shown through discovery and at trial.

14. As a result of said personal injuries, the Claimant, Bonnie Glasheen, has suffered pain of body and anguish of mind, lost time from his usual pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Claimant, Bonnie Glasheen, demands judgment against the Steamship Authority, in an amount to be determined by a jury, together with interests and costs and such further relief as this Court deems just and proper.

## COUNT II
## UNSEAWORTHINESS

15. The Claimant, Bonnie Glasheen reiterates the allegations set forth above.

16.  The injuries sustained by the plaintiff were due to no fault of hers but were caused by the unseaworthiness of the Steamship Authorities vessel, IYANOUGH and her crew.

17. As a result of the said injuries, the plaintiff has suffered great pain of body and mind,

5

lost a great deal of time from her usual work, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at trial.

18. This cause of action is brought under the same General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

**WHEREFORE**, the Claimant, Bonnie Glasheen, demands judgment against the Steamship Authority, in an amount to be determined by a jury, together with interests and costs and such further relief as this Court deems just and proper.

## COUNT III
## MAINTENANCE AND CURE

19. The Claimant Bonnie Glasheen reiterates all the allegations set forth in the Paragraphs above.

20. As a result of his injuries, the Claimant required medical attention and incurred expenses for her. maintenance and cure and will continue to do so all to her damage as will be shown at trial. Claimant notes that, to date, most of her maintenance and cure has been paid by the Steamship Authority.

WHEREFORE, the Claimant Bonnie Glasheen prays that this Court enter judgment against the Steamship Authority for her damages together with interest, fees and costs, and such further relief as this Court deems just and proper.

## COUNT IVGROSS NEGLIGENCE
## GENERAL MARITIME LAW

21. The Claimant, Bonnie Glasheen reiterates the allegations set forth in paragraphs 1-20 above.

22. On information and belief, the personal injuries sustained by the Claimant, Bonnie Glasheen, were not caused by any fault on her part but were caused by the Plaintiff's, Steamship Authorities' gross negligence, outrageous and/or reckless conduct, including, without limitation, in the following manners:

5

    a.   While the M/V IYANOUGH was travelling at a high rate of speed the Plaintiff

        Steamship Authority failed to follow and/or adhere to the applicable navigation

        rules and standards;

    b.   While the M/V IYANOUGH was travelling at a high rate of speed, the Plaintiff,

        Steamship Authority, its agents, servants, and/or employees, failed to operate the

        vessel with due care to prevent injury to its crew and passengers;

    c.   While the M/V IYANOUGH was travelling at a high rate of speed, the Plaintiff,

        Steamship Authority, its agents, servants, and/or employees, failed to follow

        proper operational and/or safety precautions, procedures and/or policies;

    d.   While the M/V IYANOUGH was travelling at a high rate of speed, the Plaintiff,

        Steamship Authority its agents, servants and/or employees were grossly and/or

        recklessly inattentive to the navigation and/or operations of the vessel causing it

        to strike a rock jetty, which was a known hazard to navigation in the area,

        appearing on navigational charts.

23. As a result of said personal injuries, the Claimant, Bonnie Glasheen, has suffered pain

    of body and anguish of mind, lost time from her usual pursuits, incurred medical

    expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Claimant, Bonnie Glasheen demands judgment against the Steamship

Authority, in an amount to be determined by a jury, together with interests and costs and punitive

damages and such further relief as this Court deems just and proper.

VERIFICATION
Pursuant to 28 USC § 1746, l hereby declare, under penalty of perjury under the laws of the United
States that the following is true and correct:
1. l am a claimant in this matter.
2. I have read the foregoing Claim and am familiar with its factual content which is true to the best
of my knowledge, information and belief.

*/s/ Bonnie Glasheen*
Bonnie Glasheen


**THE CLAIMANT DEMANDS TRIAL BY JURY AS TO ALL ISSUES RAISED IN THIS
CLAIM**

Claimant, Bonnie Glasheen
By her attorney,

*/s/Stephen M. Ouellette*
Stephen M Ouellette, Esquire
Mass. BBO# 543752
127 Eastern Ave., Suite 1
Gloucester, MA 01930
978-281-7788
stephen.ouellette@fishlaw.com

Dated:  August 8, 2018

CERTIFICATE OF SERVICE
I hereby certify that this document(s) filed through the ECF system will be sent electronically to
the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies
will be sent to those indicated as non registered participants on August 8, 2018.
*/s/ Stephen M. Ouellette*
Stephen M. Ouellette, Esquire

*Bonnie Glasheen*

Bonnie Glasheen

## THE CLAIMANT DEMANDS TRIAL BY JURY AS TO ALL ISSUES RAISED IN THIS CLAIM

Claimant, Bonnie Glasheen
By her attorney,

*/s/Stephen M. Ouellette*
Stephen M Ouellette, Esquire
Mass. BBO# 543752
127 Eastern Ave., Suite 1
Gloucester, MA 01930
978-281-7788
stephen.ouellette@tfishlaw.com

Dated: August 8, 2018

### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 8, 2018.

*/s/ Stephen M. Ouellette*
Stephen M. Ouellette, Esquire

5