UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPLAINT OF WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, CIVIL AND MARITIME | CIVIL ACTION NO.: 17-12473-NMG

IN ADMIRALTY |

## PLAINTIFF'S SCHEDULING STATEMENT

Now comes the Plaintiff in the above entitled action, by and through his undersigned counsel, Clinton & Muzyka, PC, and respectfully submits its Scheduling Statement pursuant to Local Rule 16.1

## INTRODUCTION

This is an Admiralty and Maritime Action filed pursuant to the Limitation of Liability Act 46 U.S.C. §§ 30501 et seq. (the "Act"). The Plaintiff, the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (the "Steamship Authority") seeks limitation of and exoneration from liability pursuant to the Act for all claims and liability that arise from a certain voyage whereby the M/V IYANOUGH allied with a jetty outside Hyannis Harbor on or about June 16, 2017 (the "Incident").

One of the purposes of the Act is to consolidate all claims into a single forum (concursus). Here, seventeen [17] claimants have submitted claims, sixteen [16] of which are for personal injuries of passengers and crew onboard the Vessel (the "Personal Injury Claimants" and "Personal Injury Claims"). One [1] claim is for property damage

submitted by the United States on behalf of the jetty's owner, the Army Corps of Engineers (the "United States").

**PROPOSED PRETRIAL SCHEDULE AND DISCOVERY LIMITATIONS**

Given the similarity of the Personal Injury Claims, and in the interests of (1) expediting disposition of the action, (2) establishing early and continuing control so that the case will not be protracted because of lack of management, (3) discouraging wasteful pretrial activities, (4) improving the quality of the trial through more thorough preparation, and (5) facilitating settlement (*see* Fed.R.Civ.P. 16(a)), Plaintiff proposes the following Pretrial Schedule and Discovery Limitations:

1. **Initial Disclosures:** All parties shall serve Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1) by September 28, 2018.

2. **Settlement Demand:** All Claimants shall serve their settlement demands pursuant to Local Rule 16.1 on or before September 28, 2018.

3. **Personal Injury Deadlines:** On or before October 17, 2018, and without limitation to their other discovery obligations, Personal Injury Claimants shall provide the following documents to Plaintiff's counsel so that Plaintiff may promptly evaluate their claims:

    a. <u>Medical Records</u>: Pursuant to Local Rule 35.1, copies of medical records pertaining to the diagnosis, care or treatment of injuries for which recovery is sought; and

    b. <u>Tax Returns</u>: Each Personal Injury Claimant that seeks lost wages, earnings, and/or lost future earning capacity, copies of their Federal Tax Returns for the calendar years 2012-2017.

4. **Fact Discovery Deadline:** All fact discovery shall be completed on or before April 26, 2019.

5. **Status Conference:** Plaintiff requests a Status Conference following the conclusion of Fact Discovery to address the need for mediation, any other Alternative Dispute Resolution mechanism and the appropriate time to schedule the foregoing.

6. **Expert Discovery:** Plaintiff requests that expert discovery scheduling be addressed at the Status Conference set forth in Paragraph 5 above. In the interests of saving costs, Expert Discovery should commence following the conclusion of Fact Discovery and following the occurrence of any mediation(s) and/or any other Alternative Dispute Resolution mechanism(s).

7. **Dispositive Motions:** The deadline for filing dispositive motions should likewise be addressed at the status conference set forth in Paragraph 5 above.

8. **Discovery Limitations:**
    a. To avoid duplicative, cumulative and overlapping written discovery requests, all Personal Injury Claimants will confer and serve single and uniform Interrogatories, Requests for Production of Documents, and Requests for Admissions (if any) Pursuant to Fed.R.Civ.P. 33, 34 and 36. The Discovery Limitations set forth in the Federal Rules of Civil Procedure will apply to all Personal Injury Claimants in this regard as if they were a single party.
    b. Likewise, all Personal Injury Claimants will confer and serve a single Rule 30(b)(6) Deposition Notice (if any) upon the Plaintiff. The United States

      may serve its own Rule 30(b)(6) Deposition Notice, but the deposition will occur on the same date as that of the Personal Injury Claimants.

  **c.** Plaintiff, likewise, will serve single and uniform Interrogatories, Requests for Production of Documents and Requests for Admissions (if any) Pursuant to Fed.R.Civ.P. 33, 34, and 36 upon all Personal Injury Claimants.

**WHEREFORE**, the Plaintiff prays that this Honorable Court adopt the Proposed Pretrial Schedule and Discovery Limitations set forth herein.

Respectfully submitted,
**WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY**

By his attorney:
**CLINTON & MUZYKA, P.C.**

*/s/"Olaf Aprans"*_____
**Thomas J. Muzyka**
**BBO NO. 365540**
**Olaf Aprans**
**BBO NO. 670434**
88 Black Falcon Avenue
Suite 200
Boston, MA  02210
(617) 723-9165
Fax:  (617) 720-3489
Email:
oaprans@clinmuzyka.com

**CERTIFICATE OF SERVICE**

      Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 21, 2018.

                                                  "/s/ Olaf Aprans"
                                                  Olaf Aprans