UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN ADMIRALTY

In The Matter Of

WOODS HOLE, MARTHA'S VINEYARD AND
NANTUCKET STEAMSHIP AUTHORITY FOR
EXONERATION FROM AND/OR LIMITATION
OF LIABILITY, CIVIL AND MARITIME

C.A. No.: 1:17-cv-12473-NMG

**PROPOSED SCHEDULING STATEMENT OF**
**CERTAIN RESPONDENTS/CLAIMANTS**

Respondents/Claimants Marisa Green, Michael Green, Bonnie Glasheen, Alicia Briscoe, Erin Dancik, John Cadoret, Kathleen Cadoret, Karey Miller and the United States of America understand the October 11, 2018 conference to be, as it's identified, a "Status" conference and not a Scheduling Conference. [Dkt. 73] In this way, they object to the Plaintiff's "Scheduling Statement" [Dkt. 80].

Notwithstanding, in the event this Honorable Court converts the October 11, 2018 Status Conference [Dkt. 73] to a Scheduling conference, Respondents/Claimants Marisa Green, Michael Green, Bonnie Glasheen, Alicia Briscoe, Erin Dancik, John Cadoret, Kathleen Cadoret and the United States of America submit this Proposed Scheduling Statement pursuant to the Federal Rules of Civil Procedure 16(b) and 26(f), LR, D. Mass. 16.1. The same is submitted in response to the Plaintiff Woods Hole, Martha's Vineyard and Nantucket Steamship Authority's September 21, 2018 Scheduling Statement [Dkt. 80] because the dates and limitations imposed by Plaintiff

are unreasonable, unfair and do not offer a meaningful path to a potential amicable resolution much less to proper preparation for trial.

We circulated a copy of this Statement to all Parties. Those certain Respondents /Claimants identified herein joined this Statement. The undersigned spoke to Plaintiff's counsel and incorporated Plaintiff's responses to this Statement below which reflect agreement on some issues.

**I.      Proposed Discovery Schedule:**

The herein Respondents/Claimants propose the following Pretrial Schedule and Discovery Limitations:

1.     <u>Initial Disclosures/Automatic Discovery</u>: Initial disclosures to be exchanged by October 25, 2018.  Claimants who are still medically treating shall amend and supplement their Initial Disclosures pursuant to the Federal and Local Rules of Civil Procedure as billing, medical and tax records become available. *We understand Plaintiff assents to an Initial Disclosures deadline of October 25, 2018.*

2.     <u>Amendments and/or Supplements to Pleadings</u>: Except for good cause shown, and pursuant to Fed. R. Civ. P. 15 and Local Rule 15.1, amendments and/or supplements to pleadings to be filed by February 22, 2019.  *Plaintiff's proposed schedule does not address amendments and/or supplements to pleadings.  In speaking to Plaintiff's counsel he takes no position.*

3.     <u>Fact Discovery</u>: All fact discovery and depositions (other than depositions of expert witnesses and records custodians) must be completed by <u>June 28, 2019</u>. *Plaintiff assents to the proposed date of June 28, 2019 for completion of Fact Discovery.*

4.     <u>Expert Discovery</u>:

   a. Plaintiff's trial experts must be designated and the information required by Fed. Rule Civ. P. 26(a)(2), *et seq.* exchanged by <u>July 30, 2019</u>.

   b. Defendants' trial experts must be designated and the information required by Fed. Rule Civ. P. 26(a)(2), *et seq.* disclosed on or before <u>September 3, 2019</u>.

   c. Claimants/Respondents rebuttal expert report(s), if any, to be served by <u>September 10, 2019</u>.

   d. Expert depositions to be completed by <u>October 1, 2019</u>.

*Plaintiff's proposed schedule does not include specific dates regarding expert discovery and Plaintiff seeks such dates to be determined at a status conference following the close of Fact Discovery.*

## II. Proposed Motion Schedule:

1. Motions for summary judgment or partial summary judgment must be filed on or before November 5, 2019, and oppositions and replies to the same must be filed in accord with LR D. Mass 56.1.

2. Motions in Limine must be filed (30) days before the final pre-trial conference.

*Plaintiff's proposed schedule does not include specific dates regarding dispositive motions and we understand Plaintiff wants such dates to be determined at a status conference following the close of Fact Discovery.*

## III. Discovery Limitations

1. All Personal Injury Respondents/Claimants will confer and jointly serve Interrogatories, Requests for Production of Documents and Requests for Admissions pursuant to Federal Rules of Civil Procedure 33, 34 and 36. Each Respondent/Claimant may submit up to ten (10) additional Interrogatories, ten (10) additional Requests for Production of Documents and ten (10) additional Requests for Admission without leave of Court. *Respondents/Claimants recognize need for efficient discovery, but Plaintiff's proposal to limit all Personal Injury Respondents/Claimants to only joint uniform discovery requests is unreasonable and unfair, particularly as different claimants had different relationships to the Plaintiff, such as food service personnel, Jones Act crewmembers and passengers. Plaintiff does not assent to the additional discovery requests for each Respondent/Claimant. We spoke to Plaintiff on this proposal and no agreement was reached.*

2. All Personal Injury Respondents/Claimants shall confer and serve a joint Rule 30(b)(6) deposition notice. *This is consistent with Plaintiff's proposal.*

3. The United States of America's claim for property damage is not subject to the discovery limitations set forth herein. *This is consistent with Plaintiff's proposal.*

**Discovery Phases and Mediation:**

The herein Respondents/Claimants do not believe a bright line division of this matter into discovery phases will expedite its resolution. The herein Respondents/Claimants intend to revisit the issue of mediation upon the completion of initial depositions and an exchange of written discovery.

**IV.     Other Orders:**

Respondents/Claimants Marisa Green and Michael Green continue to treat for their injuries. Among other things, Respondent/Claimant Michael Green is currently scheduled for spinal decompression surgery on October 25, 2018.

Respondent/Claimant Bonnie Glasheen has recently completed treatment; however, the permanent effect of her injury has not been quantified.

Respondent/Claimant John Cadoret continues to treat for his injuries.

The various personal injury Respondents/Claimants were compelled to bring their claims at this time in order to satisfy the deadlines of the instant proceeding. However, they respectfully request the Court schedule a control date before the end of fact discovery at which issues, such as an extension of the discovery timelines, can be addressed if the full extent and/or permanent effect of Respondents/Claimants Marisa Green, Michael Green, Bonnie Glasheen and John Cadoret's injuries remain unknown.

// Signature Page Follows //

Dated: October 04, 2018

                            Respondents/Claimants Marisa Green and Michael Green, by their attorneys:

                            Fulweiler llc

By:    /s/ John K. Fulweiler
_____
John K. Fulweiler, Esq. (PHV 9/6/2018)
Erin M. McEntee, Esq. (#695395)
W.B. Franklin Bakery Building
40 Mary Street
Newport, RI 02840
(401) 667-0977 -- Telephone
(401) 656-2501 – Facsimile
emcentee@fulweilerlaw.com
*Attorneys for Marisa Green and Michael E. Green*

Respondents/Claimants Marisa Green and Michael Green, by their attorneys:

Karns Law Group

    /s/ Robert T. Karns

By:   _____
Robert T. Karns, Esq. (BBO #260160)
6 Valley Road
Middletown, RI 02842
(401) 841-5300 -- Telephone
(401) 846-5999 – Facsimile
robert@karnslaw.com
(sarah@karnslaw.com)
www.karnslaw.com
*Attorneys for Marisa Green and Michael E. Green*

Respondent/Claimant Bonnie Glasheen
By Her attorney:

/s/ Stephen M. Ouellette
_____
Stephen M Ouellette, Esquire

5

Mass. BBO# 543752
127 Eastern Ave., Suite 1
Gloucester, MA 01930
978-281-7788
stephen.ouellette@fishlaw.com

Respondent/Claimant Alicia Briscoe,
By her attorneys,

/s/ Jennifer David
_____
Fredric A. Swartz, BBO# 489560
Jennifer David, BBO# 659303
SWARTZ & LYNCH, LLP
Old City Hall
45 School Street, 3rd Floor
Boston, MA 02108
Tel:  617-367-2882
fswartz@swartzlynch.com
jdavid@swartzlynch.com

Respondent/Claimant Erin Dancik,
By Her Attorneys,

Law Offices of Samuel A. Segal

/s/ Samuel A. Segal
_____
Samuel A. Segal, Esq.
BBO #679978
75 Arlington St., Ste. 500
Boston, MA 02116
p: 617-383-3542
f: 617-245-5320
sam@segallawmass.com


Respondents/Claimants John Cadoret and
Kathleen Cadoret
By his Attorneys,

The Law Offices of John C. Manoog III

/s/ John C. Manoog, III
_____
John C. Manoog III

BBO# 567481
450 South Street
Hyannis, MA 02601
Telephone: 508-775-0088
jmanoog@manooglaw.com

Respondent/Claimant Karey Miller
By his Attorneys,

Keane Law Group, P.C.

/s/ Brian Keane
_____
Brian Keane, B.B.O. No. 656717
Keane Law Group, P.C.
110 K Street, Suite 330
Boston, MA 02127
(617) 313-2900
bkeane@keanelawgroup.com

Respondent/Claimant, the United States of America, By its Attorneys,

/s/ Jill D. Rosa
_____
Jill D. Rosa
U.S. Department of Justice
Civil Division, Torts Branch
Aviation & Admiralty Litigation
PO Box 14271
Washington, DC 20044-4271
Tel : 847-732-1141
Jill.Rosa@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2018, this document (<u>PROPOSED SCHEDULING STATEMENT OF CERTAIN RESPONDENTS/CLAIMANTS</u>) was filed through the ECF system and it is available for viewing and downloading from the ECF system such that all appearing counsel have been served with this document by electronic means.

/s/ John K. Fulweiler
_____
John K. Fulweiler, Esq.