**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| COMPLAINT OF WOODS HOLE, | ) | CIVIL ACTION NO. 17-12473-NMG |
| MARTHA'S VINEYARD AND | ) | |
| NANTUCKET STEAMSHIP | ) | |
| AUTHORITY FOR | ) | |
| EXONERATION FROM AND/OR | ) | IN ADMIRALTY |
| LIMITATION OF LIABILITY, | ) | |
| CIVIL AND MARITIME | ) | |

## RESPONDENT/CLAIMANT BONNIE GLASHEEN'S RULE 26(a)(1) INITIAL DISCLOSURE

Plaintiff Bonnie Glasheen, by and through her counsel, provides the following initial disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

1. Individuals or entities likely to have discoverable information

    a. The Captain and Crew of the IYANOUGH, and employees of the Plaintiff and its contractors, whose names and addresses are known to the Plaintiff.

    b. The pilot on board the IYANOUGH at the time of the incident, whose name and address is known to the Plaintiff.

    c. The Respondent/Claimant, Bonnie Glasheen c/o her attorney, Stephen M. Ouellette ahs knowledge of the incident

    d. USCG, Hyannis ambulance and Hyannis Harbormaster personnel presumably have knowledge of the post-allision facts.

    e. Respondent/Claimant Bonnie Glasheen's medical providers have knowledge od her injuries, pain and suffering, treatment, disability, causation, diagnosis and prognosis:

        i. Michael Rowland, MD, South Shore Orthopedics, 2 Pond Road, Suite 102, Hingham, MA 02043

    ii.   Shields MRI, Weymouth, MA

    iii.   Cape Cod Hospital,

    iv.   South Shore Hospital

    v.   Nibal Harati, MD, Plaintiff's primary care physician 3 Village Green North, Plymouth, MA 02360 (not available on her current insurance plan)

    vi.   Susan Miller, MD, Boston Sports and Shoulder Center, 123 Waterhouse Road, Bourne, MA 02532,

f.   Jeanne Conneely, International Marine Underwriters, 28 State Street, Boston, MA has knowledge of the handling of Respondent/Claimant's claims for maintenance and cure.

g.   Kayleigh Rock Beauregard, Marine Claims Associates, has knowledge of the of the handling of Respondent/Claimant's claims for maintenance and cure.

h.   The Plaintiff has possession of wage and earnings history and other work-related documents of the Respondent Claimant Bonnie Glasheen.

i.   Respondent/Claimant Glasheen contends there are many other witnesses with discoverable information whose identities will be revealed during discovery.

2.   Non-Privileged Documents and Evidentiary Items in Possession of Claimant Respondent's Counsel

a.   Medical and Records (and some bills) form medical providers listed above

b.   Photographs of Plaintiff's injuries

3.   Respondent/Claimant Bonnie Glasheen' s damages

a.   Bonnie Glasheen has currently been disabled form employment since the date of the accident, some 70 weeks, and has lost approximately $890.00 per week, or

approximately $63,000, plus benefits to date, and continue to lose wages at that rate.  It is unclear if, or when, she may return to work, and in what capacity and the effect on her earning capacity.

b.  Bonnie Glasheen's future medical expenses have not yet been determined.

c.  Past and future pain and suffering and loss of enjoyment of life are to be determined by the factfinder but are considerable.

d.  Bonnie Glasheen has received disability coverage through Sun Life Financial, PO Box 972030, El Paso Texas, 79997-2030.

Claimant, Bonnie Glasheen
By her attorney,

*/s/Stephen M. Ouellette*
Stephen M Ouellette, Esquire
Mass. BBO# 543752
127 Eastern Ave., Suite 1
Gloucester, MA 01930
978-281-7788
stephen.ouellette@fishlaw.com

Dated: October 25, 2018

CERTIFICATE OF SERVICE
I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 25, 2018.
*/s/ Stephen M. Ouellette*
Stephen M. Ouellette, Esquire