UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN ADMIRALTY

In The Matter Of

WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, CIVIL AND MARITIME

C.A. No.: 1:17-cv-12473-NMG

**RESPONDENT/CLAIMANT MARISA GREEN'S**
**RULE 26(a)(1) INITIAL DISCLOSURES**

Respondent/Claimant Marisa Green, by and through her undersigned legal counsel, provides the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Respondent/Claimant's disclosures are based on information available to her thus far. By making these disclosures, the Respondent/Claimant does not represent that she is identifying every document, tangible thing, and/or witness possibly relevant to this lawsuit or which she will use to support her claims. These disclosures are made by Respondent/Claimant without waiving her right to object to any discovery request relating to the subject of these disclosures on any grounds. These disclosures are not an admission by Respondent/Claimant regarding any matter. Respondent/Claimant reserves her right to further supplement and/or amend her disclosures and anticipates doing so due to the fact that she continues to treat for her injuries.

I. Individuals likely to have discoverable information:

1. Respondent/Claimant Marisa Green c/o Robert T. Karns, Esq., Karns Law Group, 6 Valley Road, Middletown, RI 02842. Knowledge of all

matters addressed in the allegations of the Answer and Claim, all knowledge of any pleadings filed herein, and all matters concerning the facts and circumstances that give rise to the claims at issue in this litigation. She also has knowledge of her medical treatment, pain and suffering, limitations, economic losses (including out-of-pocket losses) and all consequences flowing from her (and her spouse's) injuries.

2. Respondent/Claimant Marisa Green's husband, Michael Green c/o Robert T. Karns, Esq., Karns Law Group, 6 Valley Road, Middletown, RI 02842. Telephone: 401-841-5300. Knowledge of the facts and circumstances of the incident; knowledge of the incident scene; knowledge of Marisa's work history and wages, economic losses and knowledge of Marisa's medical treatment.

3. Plaintiff Woods Hole, Martha's Vineyard and Nantucket Steamship Authority. Believed to possess knowledge of matters concerning the facts and circumstances that give rise to the claims at issue in this litigation. Possesses privity and knowledge of the fault causing the incident giving rise to the instant lawsuit.

4. Captain, mate (pilot) and crew aboard m/v IYANOUGH (hereinafter "Vessel") on the date of the Incident. Believed to possess knowledge of facts and circumstances of the incident as well as knowledge pertaining to the practices and procedures aboard the Vessel.

5. Various personnel, United States Coast Guard Air Station Cape Cod, Joint Base Cape Cod, Building 3712, Buzzards Bay, MA 02540. Telephone: 508-968-6300. Believed to possess knowledge of Marisa Green's helicopter rescue, her injuries and pain and suffering as well as the circumstances of the incident.

6. Various personnel, Yarmouth Fire Department, 96 Old Main Street, South Yarmouth, MA 02664. Telephone: 508-398-2212. Ambulance took Respondent/Claimant to Cape Cod Hospital. Believed to possess knowledge of Marisa Green's medical transport to the Cape Cod Hospital as well as knowledge of her injuries and pain and suffering.

7. Various personnel, Cape Cod Hospital, Emergency and Radiology Departments, 27 Park Street, Hyannis, MA 02601. Telephone: 508-771-1800. Believed to possess knowledge as to Marisa Green's injuries, pain and suffering and medical treatment including diagnosis and prognosis.

8. Kristin Poshkus, MD, Women's Internal Medicine, Inc., 1672 South County Trail, Suite 303, East Greenwich, RI 02818. Telephone: 401-884-0020. As Marisa Green's primary care physician, she is believed

to possess knowledge as to Respondent/Claimant's injuries, pain and suffering and medical treatment including diagnosis and prognosis.

9. Various personnel, South County Hospital, Emergency and Radiology Departments, 100 Kenyon Ave, Wakefield, RI 02879. Telephone: 401-782-8000. Believed to possess knowledge as to Marisa Green's injuries, pain and suffering and medical treatment including diagnosis and prognosis.

10. Gerald W. Glaser, OD. 400 Bald Hill Road, Suite 163, Warwick, RI 02886. Telephone: 401-738-9866. Believed to possess knowledge arising from eye exam related to Marisa Green's injuries including knowledge of her injuries, pain and suffering and medical treatment as well as diagnosis and prognosis.

11. Su Gym Kim, MD, Comprehensive Spine Center, Rhode Island Hospital, 593 Eddy Street, Providence, RI 02903. Telephone: 401-444-3777. Believed to possess knowledge as to Marisa Green's injuries, pain and suffering and medical treatment including diagnosis and prognosis.

12. Milva Catallozzi, MS, PT, A Healing Hand Physical Therapy, 1417 Douglas Avenue, North Providence, RI 02904. Telephone: 401-353-9100. Believed to possess knowledge as to Marisa Green's injuries, pain and suffering, medical treatment including diagnosis and prognosis and residuals arising from her injuries including physical limitations.

13. Edward M. Donnelly, MD, Newport Hospital, 11 Friendship Street, Newport, RI 02840. Telephone: 401-845-3800. Believed to possess knowledge as to Marisa Green's injuries, pain and suffering and medical treatment including diagnosis and prognosis.

14. Pradeep Chopra, MD, Interventional Pain Management Center of Rhode Island, 102 Smithfield Avenue, Pawtucket, RI 02860. Telephone: 401-729-4985. Believed to possess knowledge as to Marisa Green's injuries, pain and suffering and medical treatment including diagnosis and prognosis.

15. Other medical providers identified in the medical records so far provided to Plaintiff and/or its agents, medical providers who provided or will provide medical treatment to Marisa Green who she is not presently able to identify by name and such additional medical providers who provide treatment to Respondent/Claimant in the future.

16. Records Custodians for the various medical providers and pharmacies identified in the documents set forth in Respondent/Claimant's medical records. Knowledge as to medical services and costs.

17. All witnesses identified by Plaintiff.

18. All witnesses necessary for document authentication.

19. All witnesses identified by Marisa Green as providing expert testimony.

20. All witnesses necessary for rebuttal or impeachment.

21. Various witnesses whose depositions will be taken and/or who are otherwise identified in the documents exchanged in discovery or which accompany the pleadings filed herein.

In addition to the witnesses named above, Respondent/Claimant Marisa Green anticipates she may call other witnesses identified in the documents she produces and/or to be produced in response to anticipated discovery demands, and, based upon future investigation and discovery, anticipates identifying and calling other witnesses. Accordingly, Respondent/Claimant Marisa Green reserves her right to supplement and/or amend this list of witnesses.

II. Non-Privileged Documents and Evidentiary Items in Possession of Counsel of Plaintiff:

The following non-privileged documents subject to disclosure under Rule 26(a)(1) are identified below:

1. Medical bills identified as bearing Bates #'s 00001-00020.

2. Medical records identified as bearing Bates #'s 00021-00100.

3. Prescription for absence from work and Fitness for Duty Certification Form identified as bearing Bates #'s 00101-00103.

4. Correspondence from Rhode Island Department of Labor and Training dated June 26, 2017, July 14, 2017 and October 17, 2017, identified as bearing Bates #'s 00104-00107.

5. W-2 Wage and Tax Statements for 2016 and 2017 identified as bearing Bates #'s 00108-00110.

6. Correspondence from G. Eben Milne, Esq. to International Marine Underwriting, dated June 27, 2017, identified as bearing Bates #'s 00111-00112.

7. Abstract of Title for m/v IYANOUGH, identified as bearing Bates #'s 00113-00115.

8. Testimony transcripts and documents used as exhibits in discovery by any party in this case, including exhibits to depositions taken in this case.

9. All documents produced by Respondent/Claimant thus far and those so far produced by Plaintiff.

10. All pleadings including their attachments.

In addition to the documents identified above, Respondent/Claimant Marisa Green anticipates she may identify and/or obtain other documents based upon her future investigation and discovery, and she reserves her right to amend this initial disclosure to include the same.

III. Computation of Damages:

a. Medical expenses: To date, Respondent/Claimant Marisa Green's medical expenses total approximately $25,000.00. It is also anticipated that there may be an invoice associated with her airborne rescue from the ferry. She continues to treat for her injuries and these expenses are expected to increase.

b. Future medical expenses: Unknown at this time. The full spectrum of limitations arising from Respondent/Claimant Marisa Green's injuries

remains open. This disclosure will be timely supplemented. It is reasonable to believe that this category of damages will likely be subject to expert testimony with such disclosures being made in accord with the Federal and Local Rules of Civil Procedure as well as the Orders of this Court.

c. Past and future physical pain and suffering: Respondent/Claimant Marisa Green endured and continues to endure pain and suffering following her injuries caused by this incident. In connection with this aspect of her claim, Marisa Green seeks an amount in excess of $1,000,000.00 as to be determined by the jury (or Court).

d. Lost wages: Respondent/Claimant Marisa Green continues to treat for her injuries such that her lost wages will continue to accrue. In addition, this damage category is likely subject to expert testimony. We have sought additional documents in support of this claim and Marisa Green will supplement this damage category. Notwithstanding the same, at this time and as near as can now be calculated, Marisa Green claims lost wages in the amount of $37,000.00 based on the difference between her 2016 and 2017 wages. She was out of work from June 16, 2017 to August 21, 2017. Thereafter she worked part-time until September 5, 2017. She has also lost various work time due to seeking medical treatment. This category of damages will be timely supplemented as additional documentation is being sought.

Respondent/Claimant Marisa Green reserves the right to further amend and/or

supplement her damage calculations and expects that she will do so as her investigation and discovery continue.

IV. Insurance Agreement:

Not applicable.

**Respondent/Claimant reserves her right to further supplement and/or amend this production.**

// Signature Page Follows //

Dated: October 25, 2018

FULWEILER LLC

By: /s/ John K. Fulweiler

John K. Fulweiler, Esq.
40 Mary Street, First Floor
Newport, RI 02840
(401) 667-0977
john@saltwaterlaw.com
*Attorney for Marisa Green*
*PRO HAC VICE ADMISSION*

c: KARNS LAW GROUP
Attn. Robert T. Karns, Esq.

**CERTIFICATE OF SERVICE**

In accordance with L.R. 5.2(b), I hereby certify that on October 25, 2018, a true copy of the above document was served upon the attorneys of record for the parties by email at the addresses set forth below:

Olaf Aprans, Esq. (Oaprans@clinmuzyka.com)
Thomas Muzyka, Esq. (Tmuzyka@clinmuzyka.com)
CLINTON & MUZYKA, P.C.
88 Black Falcon Avenue, Suite 200
Boston, MA 02210

Brian Keane, Esq. (Bkeane@keanelawgroup.com, Dimposimato@keanelawgroup.com)
KEANE LAW GROUP, P.C.
110 K Street, Suite 330
Boston, MA 02127

Carolyn M. Latti, Esq. (Clatti@lattianderson.com)
Jonathan E. Gilzean, Esq. (Jgilzean@lattianderson.com)
LATTI & ANDERSON LLP
30-31 Union Wharf
Boston, MA 02109

John C. Manoog, III, Esq. (Jmanoog@manooglaw.com, Manooglaw@hotmail.com)
THE LAW OFFICES OF JOHN C. MANOOG III
450 South St.
Hyannis, MA 02601

John S. Moffa, Esq. (Moffalaw@comcast.net)
LAW OFFICE OF JOHN S. MOFFA, ESQ.
1436 Route 132
Hyannis, MA 02601

Stephen M. Ouellette, Esq. (Stephen.Ouellette@fishlaw.com)
OUELLETTE & SMITH
127 Eastern Ave., Suite 1
Gloucester, MA 01930

Jill D. Rosa, Esq. (Jill.Rosa@usdoj.gov)
U.S. DEPARTMENT OF JUSTICE
Civil Division, Torts Branch
Aviation & Admiralty Litigation
PO Box 14271
Washington, DC 20044-4271

Samuel A. Segal, Esq. (Sam@segallawmass.com)
LAW OFFICES OF SAMUEL A. SEGAL
75 Arlington St., Suite 500
Boston, MA 02116

Fredric A. Swartz, Esq. (Fswartz@swartzlynch.com)
Jennifer David, Esq. (Jdavid@swartzlynch.com)
SWARTZ & LYNCH, LLP
45 School St., 3rd Floor
Boston, MA 02108

/s/ John K. Fulweiler

By: ___________________________

John K. Fulweiler

SUPPLEMENTAL CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 25, 2018.

/s/ John K. Fulweiler

John K. Fulweiler