UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN ADMIRALTY

In The Matter Of

WOODS HOLE, MARTHA'S VINEYARD AND
NANTUCKET STEAMSHIP AUTHORITY FOR
EXONERATION FROM AND/OR LIMITATION
OF LIABILITY, CIVIL AND MARITIME

C.A. No.: 1:17-cv-12473-NMG

### RESPONDENT/CLAIMANT MICHAEL GREEN'S
### RULE 26(a)(1) INITIAL DISCLOSURES

Respondent/Claimant Michael Green, by and through his undersigned legal counsel, provides the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Respondent/Claimant's disclosures are based on information available to him thus far. By making these disclosures, the Respondent/Claimant does not represent that he is identifying every document, tangible thing, and/or witness possibly relevant to this lawsuit or which he will use to support his claims. These disclosures are made by Respondent/Claimant without waiving his right to object to any discovery request relating to the subject of these disclosures on any grounds. These disclosures are not an admission by Respondent/Claimant regarding any matter. Respondent/Claimant reserves his right to further supplement and/or amend his disclosures and anticipates doing so due to the fact that he continues to treat for his injuries.

I.    Individuals likely to have discoverable information:

      1.    Respondent/Claimant Michael Green c/o Robert T. Karns, Esq., Karns Law Group, 6 Valley Road, Middletown, RI 02842. Knowledge of all

matters addressed in the allegations of the Answer and Claim, all knowledge of any pleadings filed herein, and all matters concerning the facts and circumstances that give rise to the claims at issue in this litigation. He also has knowledge of his medical treatment, pain and suffering, limitations, economic losses (including out-of-pocket losses) and all consequences flowing from his (and his spouse's) injuries.

2. Respondent/Claimant Michael Green's wife, Marisa Green c/o Robert T. Karns, Esq., Karns Law Group, 6 Valley Road, Middletown, RI 02842. Telephone: 401-841-5300. Knowledge of the facts and circumstances of the incident; knowledge of the incident scene; knowledge of Marisa's work history and wages, economic losses and knowledge of Marisa's medical treatment.

3. Plaintiff Woods Hole, Martha's Vineyard and Nantucket Steamship Authority. Possesses knowledge of matters concerning the facts and circumstances that give rise to the claims at issue in this litigation. Possesses privity and knowledge of the fault causing the incident giving rise to the instant lawsuit.

4. Captain, mate (pilot) and crew aboard m/v IYANOUGH (hereinafter "Vessel") on the date of the Incident. Possesses knowledge of facts and circumstances of the incident as well as knowledge pertaining to the practices and procedures aboard the Vessel.

5. Brian Kwetkowski, DO, 3461 South County Trail, East Greenwich, RI 02818. Telephone: 401-471-6510. As Michael Green's primary care physician, he is believed to possess knowledge as to Michael Green's injuries, pain and suffering and medical treatment including diagnosis and prognosis.

6. Various personnel, Open MRI of NE Warwick, 335 Centerville Road, Warwick, RI 02886. Telephone: 401-732-3205. Believed to possess knowledge as to Michael Green's injuries, pain and suffering and medical treatment including diagnosis and prognosis.

7. Alexander Robertson, MD, University Orthopedics, 1 Kettle Point Avenue, East Providence, RI 02914. Telephone: 401-886-5907. Believed to possess knowledge as to Michael Green's injuries, pain and suffering and medical treatment including diagnosis and prognosis.

8. Robert Marzilli, DC, Marzilli Chiropractic Center, 1395 Atwood Avenue, Suite 209E, Johnston, RI 02919. Telephone: 401-270-9595. Believed to possess knowledge as to Michael Green's injuries, pain

and suffering, medical treatment including diagnosis and prognosis and residuals arising from his injuries including physical limitations.

9. Other medical providers identified in the medical records so far provided to Plaintiff and/or its agents, medical providers who provided or will provide medical treatment to Respondent/Claimant who he is not presently able to identify by name and such additional medical providers who provide treatment to Respondent/Claimant in the future.

10. Records Custodians for the various medical providers and pharmacies identified in the documents set forth in Respondent/Claimant's medical records. Knowledge as to medical services and costs.

11. All witnesses identified by Plaintiff.

12. All witnesses necessary for document authentication.

13. All witnesses identified by Respondent/Claimant as providing expert testimony.

14. All witnesses necessary for rebuttal or impeachment.

15. Various witnesses whose depositions will be taken and/or who are otherwise identified in the documents exchanged in discovery or which accompany the pleadings filed herein.

In addition to the witnesses named above, Respondent/Claimant Michael Green anticipates he may call other witnesses identified in the documents he produces and/or to be produced in response to anticipated discovery demands, and, based upon future investigation and discovery, anticipates identifying and calling other witnesses. Accordingly, Respondent/Claimant Michael Green reserves his right to supplement and/or amend this list of witnesses.

II. <u>Non-Privileged Documents and Evidentiary Items in Possession of Counsel of Plaintiff</u>:

The following non-privileged documents subject to disclosure under Rule 26(a)(1) are identified below:

3

1. Medical bills, identified as bearing Bates #'s 00001-00005.

2. Medical records, identified as bearing Bates #'s 00006-00114.

3. Emails regarding time-off requests dated September 11, 2018, and September 25, 2018, identified as bearing Bates #'s 00115-00117.

4. W-2 Wage and Tax Statements for 2016 and 2017, identified as bearing Bates #'s 00118-00121.

5. Abstract of Title for m/v IYANOUGH, identified as bearing Bates #'s 00122-00124.

6. Testimony transcripts and documents used as exhibits in discovery by any party in this case, including exhibits to depositions taken in this case.

7. All documents produced by Respondent/Claimant thus far and those so far produced by Plaintiff.

8. All pleadings including their attachments.

In addition to the documents identified above, Respondent/Claimant Michael Green anticipates he may identify and/or obtain other documents based upon his future investigation and discovery, and he reserves his right to amend this initial disclosure to include the same.

III. **Computation of Damages:**

　　a. **Medical expenses:** To date, Respondent/Claimant Michael Green's medical expenses total as near as can now be calculated, $50,000.00. He continues to treat for his injuries and, as earlier reported, is scheduled to have surgery on October 25, 2018.

　　b. **Future medical expenses:** Unknown at this time. The full spectrum of limitations arising from Respondent/Claimant Michael Green's injuries remains open because he continues to treat for his injuries. This

disclosure will be timely supplemented. It is reasonable to believe that this category of damages will likely be subject to expert testimony with such disclosures being made in accord with the Federal and Local Rules of Civil Procedure as well as the Orders of this Court.

c. <u>Past and future physical pain and suffering</u>: Respondent/Claimant Michael Green endured and continues to endure pain and suffering following his injuries caused by this incident. In connection with this aspect of his claim, Plaintiff seeks an amount in excess of $1,000,000.00 as to be determined by the jury (or Court).

d. <u>Lost wages</u>: Respondent/Claimant Michael Green continues to treat for his injuries such that his lost wages may continue to accrue. In addition, this damage category is likely subject to expert testimony. We have sought additional documents in support of this claim and Michael Green will supplement this damage category. Notwithstanding the same, at this time and as near as can now be calculated, Michael Green claims lost wages in the amount of approximately $20,461.00 based on an analysis of his earnings. It is anticipated Michael Green will lose approximately eight weeks of work due to the October 25, 2018 surgery. This category of damages will be timely supplemented as additional documentation is being sought.

Respondent/Claimant Michael Green reserves the right to further amend and/or supplement his damage calculations and expects that he will do so as his investigation and discovery continue.

IV.  **Insurance Agreement:**

   Not applicable.

**Respondent/Claimant reserves his right to
further supplement and/or amend this production.**

**// Signature Page Follows //**

Dated:    October 25, 2018

                        FULWEILER LLC

By:     /s/ John K. Fulweiler

John K. Fulweiler, Esq.
40 Mary Street, First Floor
Newport, RI 02840
(401) 667-0977
john@saltwaterlaw.com
*Attorney for Michael Green*
PRO HAC VICE ADMISSION

c: KARNS LAW GROUP
   Attn. Robert T. Karns, Esq.

## CERTIFICATE OF SERVICE

In accordance with L.R. 5.2(b), I hereby certify that on October 25, 2018, a true copy of the above document was served upon the attorneys of record for the Plaintiff by email at the addresses set forth below:

Olaf Aprans, Esq. (Oaprans@clinmuzyka.com)
Thomas Muzyka, Esq. (Tmuzyka@clinmuzyka.com)
Clinton & Muzyka, P.C.
88 Black Falcon Avenue, Suite 200
Boston, MA 02210

Brian Keane, Esq. (Bkeane@keanelawgroup.com, Dimposimato@keanelawgroup.com)
Keane Law Group, P.C.
110 K Street, Suite 330
Boston, MA 02127

Carolyn M. Latti, Esq.   (Clatti@lattianderson.com)
Jonathan E. Gilzean, Esq. (Jgilzean@lattianderson.com)
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109

John C. Manoog, III, Esq. (Jmanoog@manooglaw.com, Manooglaw@hotmail.com)
The Law Offices of John C. Manoog III
450 South St.
Hyannis, MA 02601

John S. Moffa, Esq. (Moffalaw@comcast.net)
Law Office of John S. Moffa, Esq.
1436 Route 132
Hyannis, MA 02601

Stephen M. Ouellette, Esq. (Stephen.Ouellette@fishlaw.com)
Ouellette & Smith
127 Eastern Ave., Suite 1
Gloucester, MA 01930

Jill D. Rosa, Esq. (Jill.Rosa@usdoj.gov)
U.S. Department of Justice
Civil Division, Torts Branch
Aviation & Admiralty Litigation
PO Box 14271
Washington, DC 20044-4271

Samuel A. Segal, Esq. (Sam@segallawmass.com)
Law Offices of Samuel A. Segal
75 Arlington St., Suite 500
Boston, MA 02116

Fredric A. Swartz, Esq. (Fswartz@swartzlynch.com)
Jennifer David, Esq. (Jdavid@swartzlynch.com)
Swartz & Lynch, LLP
45 School St., 3rd Floor
Boston, MA 02108

By: /s/ John K. Fulweiler
John K. Fulweiler

## SUPPLEMENTAL CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 25, 2018.

/s/ John K. Fulweiler

_____
John K. Fulweiler