UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **COMPLAINT OF WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, CIVIL AND MARITIME** | **CIVIL ACTION NO.: 17-12473-NMG**  <br><br>**IN ADMIRALTY** |

**PLAINTIFF'S EMERGENCY MOTION FOR
PROTECTIVE ORDER TO KEEP RECORDS OF
<u>COMPREHENSIVE REVIEW CONFIDENTIAL</u>**

Now comes the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (hereinafter the "Steamship Authority"), in the above captioned civil action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and hereby submits its Motion for Protective Order to Keep Records of Comprehensive Review Confidential.

The Steamship Authority is a quasi-public entity that provides passenger ferry service between Cape Cod and the islands of Nantucket and Martha's Vineyard. It has eleven vessels and services approximately three million [3,000,000] passengers a year.

In the spring of 2018, the Steamship Authority experienced three blackouts, a grounding and a number of critical IT system outages. This resulted in trip delays and cancellations together with perceived negative public relations. In response to these problems unrelated to this case, the Steamship Authority commissioned the consulting firms HMS Consulting, Glosten and Rigor Analytics to perform a comprehensive review of Steamship Authority operations, with a focus on fleet maintenance, vessel operations,

management structure, public communications and IT systems. This comprehensive review culminated into a report published on December 13, 2018 (hereinafter the "Comprehensive Review"). The Comprehensive Review addresses these 2018 problems and suggests wholistic solutions to a myriad of Steamship Authority management practices. The Comprehensive Review has received some media attention. ***See Comprehensive Review attached hereto as Exhibit 1.***

Counsel for the claimants Marisa and Michael Green has subpoenad and obtained the records of HMS Consulting that were generated in the course of preparing the Comprehensive Review. The records were provided to counsel for the Plaintiff today on January 24, 2019. The records contain confidential and sensitive earnings and private interview information and notes that should not be released to the general public and third parties. Plaintiff can provide samples of this information under seal for review of the Court upon request.[1]

It is noted that the materials in the HMS Consulting file have very little probative value to the case and it is highly unlikely that any of the materials will be deemed admissible at trial involving this 2017 incident, as they are irrelevant, unfairly prejudicial, and manifest subsequent remedial measures and inadmissible hearsay. *See Case No. 17-10432-DJC, Docket No. 121, Order Granting Motion in Limine to Preclude Evidence of Comprehensive Review, attached hereto as Exhibit 2.*

Although these records were obtained from a third party, the self-critical analysis privilege is worth noting here. The self-critical analysis privilege, also known as the self-evaluative privilege, "is designed to protect the opinions and recommendations of

---

[1] Plaintiff's counsel was not provided review of these records before they were released to counsel for Claimants.

corporate employees engaged in the process of critical self-evaluation of the company's policies for the purpose of improving health and safety." *In re Block Island Fishing, Inc.*, 323 F.Supp.3d 158, 160-61 (D. Mass. 2018) (quoting *Felder v. Wash. Metro. Area Transit Auth.*, 153 F.Supp.3d 221, 224–25 (D.D.C. 2015)). "The privilege seeks to encourage candid self-criticism," and "prevent[s] a 'chilling' effect on self-analysis and self-evaluation prepared for the purpose of protecting the public by instituting practices assuring safer operations." *Id.* If these types of analyses were subject to disclosure, it would "almost inevitably ... result in some cramping of the investigative process, simply because the incentives for any institution to engage in self-evaluative investigation pale considerably with the knowledge that the results may be used against it." *Id.* Thus, the "reasoning behind this approach is that the ultimate benefit to others from this critical analysis of the ... [accident] far outweighs any benefits from disclosure." *Id.*

The Steamship Authority should not be punished for seeking to solve its problems, and its self criticism and analysis procured through its retained consultants should not be provided beyond the eyes of counsel.

Counsel for Claimants will suffer no prejudice by holding the records within "attorneys eyes only" and confidential at the present time.

Plaintiff intends to propose a draft Confidentiality Agreement to counsel for all parties concerning the foregoing, and may be able to reach an agreement. Pending the outcome of reaching such an agreement, Plaintiff moves here for a limited Protected Order requiring that the records be kept confidential pending either (1) reaching a successful confidentiality agreement by the parties, or (2) a final ruling from the Court concerning the confidentiality of these records.

WHEREFORE, the Plaintiff respectfully prays that the Honorable Court grant the foregoing motion and issue an immediate interim Order that all records concerning the Comprehensive Review obtained from HMS Consulting or otherwise be kept confidential and for "attorneys' eyes only" for the present time, unless and until a confidentiality agreement can be reached between the parties, or, if unsuccessful, until the issue can be fully decided by the Court.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

*/s/ Olaf Aprans*

**Thomas J. Muzyka**
**BBO NO: 365540**
**Olaf Aprans**
**BBO NO: 670434**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
(617) 723-9165
Fax#: (617) 720-3489
Email: oaprans@clinmuzyka.com

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 24, 2019**.**

*/s/ Olaf Aprans*

Olaf Aprans