UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN ADMIRALTY

In The Matter Of

C.A. No.: 1:17-cv-12473-NMG

WOODS HOLE, MARTHA'S VINEYARD AND
NANTUCKET STEAMSHIP AUTHORITY FOR
EXONERATION FROM AND/OR LIMITATION
OF LIABILITY, CIVIL AND MARITIME

## DECLARATION OF JOHN K. FULWEILER

Pursuant to 28 U.S.C. § 1746, I, John K. Fulweiler, declare under penalty of perjury that the following is true and correct:

1.  I make this Declaration on personal knowledge.

2.  This Declaration is provided in support of Respondents/Claimants Michael Green's and Marisa Green's Memorandum In Support of Their Motion to Compel Discovery from Petitioner.

3.  I attach hereto as Exhibit "A" a copy of Respondents'/Claimants' December 10, 2018 Joint Request for Production of Documents.

4.  I attach hereto as Exhibit "B" a copy of Petitioner's written objections to Respondents'/Claimants' December 10, 2018 Joint Request for Production of Documents.

5.  I attach hereto as Exhibit "C" a copy of Petitioner's January 28, 2019 email regarding the telephone conference redacted to remove reference to the identity of a computer system.

1

6.     I attach hereto as Exhibit "D" a copy of the Greens' January 29, 2019

correspondence in response to Petitioner's Janauary 28, 2019 email redacted to remove reference to a computer system.

I declare under the penalties of perjury that the foregoing is true and correct.

Dated: March 14, 2019



_____

John K. Fulweller

Exhibit "A"

# Fulweiler llc

### A REGISTERED LIMITED LIABILITY COMPANY

New York, New York
Fort Lauderdale, Florida

W.B. Franklin Bakery Building
40 Mary Street, First Floor - Aft
Newport, Rhode Island 02840
www.saltwaterlaw.com

Telephone: 401-667-0977
Toll Free: 1-800-383-MAYDAY
Telex: 051.410147 FULLAW G

Latitude: 41-35'46" N
Longitude: 071-24'54" W

December 10, 2018

John K. Fulweiler, Esquire
Direct Dial: 401-367-1658
john@saltwaterlaw.com

<u>VIA U.S. MAIL & EMAIL</u>

Thomas J. Muzyka, Esq.   (Tmuzyka@clinmuzyka.com)
Olaf Aprans, Esq.   (Oaprans@clinmuzyka.com)
CLINTON & MUZYKA, P.C.
88 Black Falcon Ave., Suite 200
Boston, MA 02210

Re.:   *In re: Woods Hole, Martha's Vineyard and Nantucket Steamship Authority*
U.S.D.C. D.Mass.
<u>Civil Action # 17-cv- 12473-NMG</u>
Our file: 02526

Dear Messrs. Muzkya and Aprans,

On behalf of all appearing claimants (except Respondent/Claimant United States of America which, while copied on this communication, does <u>not</u> join in this discovery), we enclose a service copy of the Claimants' <u>Joint Request for Production of Documents</u>.

Thank you.

Very truly yours,

John K. Fulweiler
For the Firm

December 10, 2018
Page 2

c:      <u>VIA EMAIL ONLY</u>

KARNS LAW GROUP
Attn: Robert T. Karns, Esq.        (Robert@karnslaw.com)

KEANE LAW GROUP, P.C.
Attn: Brian Keane, Esq.            (Bkeane@keanelawgroup.com)

LATTI & ANDERSON LLP
Attn: Carolyn M. Latti, Esq.       (Clatti@lattianderson.com)
Jonathan E. Gilzean, Esq.          (Jgilzean@lattianderson.com)

THE LAW OFFICES OF JOHN C. MANOOG III
Attn: John C. Manoog, III, Esq.    (Jmanoog@manooglaw.com)

LAW OFFICE OF JOHN S. MOFFA, ESQ.
Attn: John S. Moffa, Esq.          (Moffalaw@comcast.net)

OUELLETTE & SMITH
Attn: Stephen M. Ouellette, Esq.   (Stephen.Ouellette@fishlaw.com)

LAW OFFICES OF SAMUEL A. SEGAL
Attn: Samuel A. Segal, Esq.        (Sam@segallawmass.com)

SWARTZ & LYNCH, LLP
Attn: Jennifer David, Esq.         (Jdavid@swartzlynch.com)

U.S. DEPARTMENT OF JUSTICE
Civil Division, Torts Branch
Aviation & Admiralty Litigation
Attn: Jill D. Rosa, Esq.           (Jill.Rosa@usdoj.gov)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN ADMIRALTY

In The Matter Of

WOODS HOLE, MARTHA'S VINEYARD AND
NANTUCKET STEAMSHIP AUTHORITY FOR
EXONERATION FROM AND/OR LIMITATION
OF LIABILITY, CIVIL AND MARITIME

C.A. No.: 1:17-cv-12473-NMG

## RESPONDENTS'/CLAIMANTS' JOINT REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON PETITIONER

All of the appearing Respondents/Claimants (except Claimant United States of America who does not join in this Request), by and through their undersigned legal counsel, pursuant to Federal Rules of Civil Procedure 26 and 34, the Local Rules of the United States District Court of Massachusetts (Local Rule 34.1) and the Court's Scheduling Order [Dkt. 84] hereby propound their Joint Request for Production of Documents upon Petitioner:

### DEFINITIONS

a.      The Uniform Definitions in Discovery Requests set forth at Local Rule 26.5 are adopted and incorporated herein.

b.      The term "SSA" means Woods Hole, Martha's Vineyard and Nantucket Steamship Authority and any agents, representatives or other persons acting, or purporting to act, on behalf of this party.

c.      The terms "you," "yours" and/or "yourselves" means SSA and any agents, representatives or other persons acting, or purporting to act, on behalf of this party.

1

d.     The term "USCG" means the United States Coast Guard and any agents, representatives or other persons acting, or purporting to act, on behalf of the entity.

e.     The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" shall mean "including without limitation."

f.     The term "Incident" means the June 16, 2017 allision of the ferry IYANOUGH and the jetty at Hyannis Harbor and which is the subject of this lawsuit.

g.     The term "Incident Date" means the date of the allision referenced herein being June 16, 2017.

h.     "Vessel" refers to the ferry IYANOUGH which is the subject of this litigation and which was involved in the Incident.

i.     "Crew" refer to the individuals serving in the positions of master and/or crew aboard the Vessel on the Incident Date including the position referred to as "pilot".

j.     The terms "employed" "employee" and "employment" shall be construed in the broadest sense to include howsoever and for whatever reason the Crew who were aboard the Vessel on the Incident Date whether it was as employees, vendors, independent contractors or any such other arrangement.

k.     The term "Voyage" means the Vessel's voyage from Nantucket, MA on June 16, 2017 at 2045 hours bound for Hyannis, MA and on which the voyage the Incident occurred.

l.     The term "SSA Fleet" means all vessels owned, chartered, operated, managed and/or otherwise controlled by Petitioner (inclusive of the herein Vessel) during the period June 14, 2017 up to and including June 16, 2017.

2

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1.　　　All documents identified or relied upon in responding to discovery requests including, but not limited to: Rule 26(a)(1) Initial Disclosures, Respondents'/Claimants' Joint and Individual Interrogatories and Respondents'/Claimants' Joint and Individual Requests for Admissions.

RESPONSE:

2.　　　All log books of the Vessel from the period dating twelve (12) months prior to and one (1) month after the Incident Date.

RESPONSE:

3.　　　All maintenance, repair and inspection records concerning the Vessel from the period dating three (3) years prior to and one (1) year after the Incident Date including any and all survey reports (full report including digital photographs) and photographs and/or video for the same period.

RESPONSE:

4.　　　All documents including, but not limited to, accident reports, incident reports and/or casualty reports, concerning any vessel operated by Petitioner (including the Vessel identified herein) colliding, alliding and/or striking any dock, pier, wharf, jetty, vessel, navigational aid, sea floor or object at any time from the period dating two (2) years prior to the Incident Date through (and including) the Incident.

RESPONSE:

5.　　　All damage survey reports, inspection reports or hull surveys of the Vessel for the period of the Incident Date up to present.

RESPONSE:

3

6.        The complete personnel files of the Crew aboard the Vessel on the Incident Date.

<u>RESPONSE</u>:

7.        All logs, notebooks and other written documents concerning the maneuvering and navigation of the Vessel from 12:01 a.m. on June 9, 2017 until 11:59 p.m. on June 23, 2017.

<u>RESPONSE</u>:

8.        The rough deck log or other documents (or electronic databases) showing contemporaneous entries of all changes in the course and speed and the time thereof for the Vessel from 12:01 a.m. on June 9, 2017 until 11:59 p.m. on June 23, 2017.

<u>RESPONSE</u>:

9.        The finished deck log for the Vessel from the period dating two (2) years prior to the Incident Date until December 31, 2017.

<u>RESPONSE</u>:

10.       The navigator's notebook or other document showing all soundings, bearings and ranges taken to fix the position of the Vessel for the Vessel from the period dating two (2) years prior to the Incident Date until December 31, 2017.

<u>RESPONSE</u>:

11.       The engineer's bell book or other document showing all orders concerning change of speed or reverse of engines and the time which such orders were received and carried out for the Vessel from the period dating two (2) years prior to the Incident Date until December 31, 2017.

<u>RESPONSE</u>:

4

12.     The Vessel's deck and engine room logbooks, both rough and smooth, from the period dating two (2) years prior to the Incident Date until December 31, 2017.

RESPONSE:

13.     Any course recorder tape or logger in use during the Voyage for the Vessel.

RESPONSE:

14.     Any course recorder tape or logger in use during for the Vessel from the period dating two (2) years prior to the Incident Date until December 31, 2017.

RESPONSE:

15.     Any record of GPS or other tracking device used to record the position of the Vessel from the period dating two (2) years prior to the Incident Date until December 31, 2017.

RESPONSE:

16.     The chart in use by the Vessel at the time of the Incident showing any plotting of the Vessel.

RESPONSE:

17.     Any data recorders, including voice, radar, GPS in use at the time of the Voyage of the Vessel.

RESPONSE:

18.     All documents submitted and/or prepared by Petitioner containing information as to how, where, when and under what circumstances the Incident occurred including, but not limited to, all reports, statements, schematics, diagrams, chart markings, submissions made to any insurance company or Protection and

5

Indemnity Club(s) as well as and internal reports and statements.

RESPONSE:

19.    All portions of the shipyard sea trial report of the sea trials of the Vessel which contain information concerning the visibility, maneuvering characteristics, deceleration characteristics and the Vessel's stopping distances and times.

RESPONSE:

20.    All repair records concerning the Vessel's engineering plant, steering mechanism, propulsion and/or navigation system from the period dating three (3) years prior to the Incident Date up to present.

RESPONSE:

21.    All standing orders, standard operating procedures, rules and regulations, watch standing instructions, crew manning and station instructions, directives and memoranda procedures for the Vessel and the SSA Fleet effective on the Incident Date.

RESPONSE:

22.    All training, safety and/or operating manuals, handbooks, videos, instructions, correspondence, communications, memoranda, documents or reports provided to the Crew of the Vessel and the SSA Fleet effective on the Incident Date.

RESPONSE:

23.    Any and all documents which record, memorialize and/or otherwise evidence that the documents identified in the preceding paragraphs #'s 21 and 22 had been disseminated or distributed to the Crew of the Vessel.

RESPONSE:

24.    Any and all documents of safety meetings including topics, course

6

materials and list of attendees which were conducted by Petitioner or on Petitioner's behalf from the period dating three (3) years prior to and including the Incident Date.

RESPONSE:

25.     All documents concerning safety records of the Crew of the Vessel on the Date of the Incident including, but not limited to: documents concerning any safety tests taken by the Crew including, but not limited to, those taken at your direction or request; documents regarding the completion, attempts or non-completion of any vessel safety programs attended by the Crew; the entire safety performance file for the Crew during the period of employment by you.

RESPONSE:

26.     Any and all documents concerning licensing or disciplinary actions or proceedings against the Port Captain Greg Gifford and/or any member of the Vessel's Crew and/or the harbor pilot prior to the Incident Date and/or as a result of the Incident by Petitioner, anyone acting on behalf of Petitioner, the USCG or any other governmental agency.

RESPONSE:

27.     All survey reports performed at the Vessel's last drydocking prior to the Incident Date.

RESPONSE:

28.     All repair invoices, work orders, internal repair itemizations and/or any other documents concerning what repairs the Vessel needed or underwent as a result of the Incident.

RESPONSE:

7

29.      All records, documents, correspondence, photographs, plans, blueprints or other items which were used by Petitioner to determine the purported value of the Vessel following the Incident.

RESPONSE:

30.      All Safety Management System (SMS) procedures which were in effect on the Incident Date and all recommendations for amending and/or supplementing the Safety Management System from the period dating three (3) years prior to the Incident Date up to present.

RESPONSE:

31.      All documents including, but not limited to, recommendations and instructions concerning the installation and operation of any equipment to be used in connection with navigating the Vessel from the period dating three (3) years prior to the Incident Date up to present.

RESPONSE:

32.      All photographs, video, electronic recordings, renderings and images taken of the Vessel (including the interior of the Vessel and its wheelhouse) or the Incident scene for June 16, 2017 **and** all photographs, video, renderings and images concerning the damage to the Vessel and/or depicting the interior of the Vessel (including the wheelhouse) at any time after the Incident up to and including June 23, 2017.

RESPONSE:

33.      All documents concerning all the steps, procedures, rules, policies, acts and/or precautions you took to decrease the likelihood the Vessel would suffer an

8

allision, collision, navigational error and/or any other adverse event on the Incident Date.

RESPONSE:

34.      All documents concerning the operational status of any aid to navigation associated with Hyannis Harbor and/or Lewis Bay for the period April 1, 2017 up to and including September 1, 2017 including, but not limited to, the flashing "H" located on the jetty; flashing red buoy "4"; flashing green buoy "5";  flashing green buoy "6";  green can buoy "7";  red nun buoy "8";  flashing green buoy "9" and flashing red buoy "10".

RESPONSE:

35.      All documents concerning the number of hours worked by the Crew including, but not limited to, time cards, piece work tickets, wage rate tables, payroll records, schedules and records of additions to or deductions from wages for the period April 1, 2017 up to and including September 1, 2017.

RESPONSE:

36.      All agreements, contracts, guidelines, rules, regulations or procedures and other documents regarding the presence and respective duties of the Port Captain Greg Gifford and/or any member of the Vessel's Crew and/or the harbor pilot when the Vessel is preparing to and is entering Hyannis Harbor.

RESPONSE:

37.      All communications, reports and/or statements, written or otherwise recorded, other than those made to the Petitioner's attorneys, which were made by or taken from, the Petitioner and/or its agents, servants or employees, concerning the Incident and/or its cause(s); any of the Claimants' injuries and/or damages; the

Petitioner's liability and/or defenses; and/or, which tend to support a position that the Petitioner has taken or intends to take in this action.

RESPONSE:

38.    All communications, reports and/or statements, written or otherwise recorded (whether signed or unsigned), or memoranda of such communications and/or statements made by any of the Claimants to anyone concerning the Incident and/or its cause(s); any of the Claimants' injuries and/or damages; the Petitioner's liability and/or defenses; and/or which tend to support a position that the Petitioner has taken or intends to take in this action.

RESPONSE:

39.    All communications, reports and/or statements, written or otherwise recorded (whether signed or unsigned), or memoranda of such communications and/or statements made by any witnesses to the Incident, or by any persons having knowledge of the Incident and/or its cause(s); any of the Claimants' injuries and/or damages; the Petitioner's liability and/or defenses; and/or which tend to support a position that the Petitioner has taken or intends to take in this action.

RESPONSE:

40.    All documents (including without limitation U.S.C.G. "First Report of Marine Accident Injury or Death" and/or reports of interviews with crew, employees and/or witnesses) provided by any person, including the Petitioner, its employees, servants and/or agents, to any government or government agency, including but not limited to the USCG, the National Transportation Safety Board, the police, any fire department, any Emergency Response or Management entity, concerning the Incident

10

and or its cause(s), as well as the Petitioner's actions in response to the Incident.

RESPONSE:

41.      All reports and/or documents (including without limitation U.S.C.G. Investigative Reports) prepared by any government or government agency concerning the Incident and/or its cause(s), and/or the Petitioner's actions in response to the Incident.

RESPONSE:

42.      All ships drawings, general arrangement plans, blueprints and/or specifications relating to the Vessel.

RESPONSE:

43.      All documents, reports and data compilations concerning the weather, sea state, current, tides, and/or meteorological conditions in the area or location of the Incident from June 10, 2017 until June 24, 2017.

RESPONSE:

44.      All bills, records, and/or documents of any type concerning, or relating to, cellular telephone, ship to shore, and/or any communications made by the Vessel or its Crew, from the Vessel, during the time period beginning two (2) months prior to the Incident Date and ending two (2) months after the Incident Date.

RESPONSE:

45.      All exhibits and chalks, the Petitioner intends to introduce or use at trial.

RESPONSE:

46.      All documents that Petitioner specifically relies upon as a basis of an affirmative defense.

11

RESPONSE:

47.	All written reports, memoranda, drawings, measurements, and test results, concerning the Incident and/or its cause(s), and/or any of the Claimants' injuries and/or damages, which were prepared, written or produced by any expert witness the Petitioner intends to call as a witness at trial.

RESPONSE:

48.	The resume and curriculum vitae of each expert witness that the Petitioner intends to call at trial.

RESPONSE:

49.	All documents concerning the Incident and/or any of the Claimants' injuries and/or damages, which have been reviewed by an expert witness which the Petitioner intends to call as a witness at trial.

RESPONSE:

50.	All documents that will be relied upon in forming the opinion of any expert the Petitioner intends to call as a witness at trial.

RESPONSE:

51.	All documents concerning or evincing any fact which will be relied upon in forming the opinions of any expert witness the Petitioner intends to call at trial.

RESPONSE:

52.	If the Petitioner claims that it is entitled to limit its liability pursuant to 46 U.S.C. 183, then please produce:

a.	all hull insurance, and/or property damage insurance policies, providing insurance and/or indemnity for property damage to the Vessel, in effect at the

time the Incident;

b.      all applications for hull insurance policies and/or property damage insurance policies, concerning the Vessel, which were completed by the Petitioner during the two (2) years preceding the Incident;

c.      all appraisal reports and/or value surveys concerning the Vessel, prepared within the five (5) years prior to the Incident Date up to the date of trial.

d.      all applications for loans and/or financing agreements, for which the Vessel was offered as collateral to secure payment of said loan or finance agreement, which were prepared or submitted within the five (5) years prior to the Incident Date up to the date of trial.

e.      Any document the Petitioner claims is evidence of the value of the Vessel at the conclusion of the voyage.

RESPONSE:

53.      Any and all documents concerning the Petitioner's policies, procedures, orders and/or standing orders for the Vessel which were in effect at the time of the Incident.

RESPONSE:

54.      Any and all documents concerning the Petitioner's safety rules and regulations for the Vessel which were in effect at the time of the Incident.

RESPONSE:

55.      All diaries, statements, correspondence, memoranda, notes, forms, questionnaires, or any other document, writing or report regarding the Incident and/or its cause(s); any of the Claimants' injuries and/or damages; the Petitioner's liability and/or

defenses; and/or, which tend to support a position that the Petitioner has taken or intends to take in this action.

RESPONSE:

56.        Any and all emails, electronic messages, instant messages, text messages, social networking messages and blogs relating to the Incident and/or its cause(s); any of the Claimants' injuries and/or damages; the Petitioner's liability and/or defenses; and/or, which tend to support a position that the Petitioner has taken or intends to take in this action.

RESPONSE:

57.        Any and all repair and/or maintenance lists, including Captain and Engineer "to do" lists for the Vessel from the period dating three (3) years prior to the Incident Date up to present.

RESPONSE:

58.        Any and all physicals of the Captain and pilot.

RESPONSE:

59.        All documents (including without limitation, repair orders, work orders, invoices, receipts, bills, and captains' "to do" lists) concerning maintenance (other than routine maintenance procedures performed on the Vessel each and every trip), corrective maintenance, discrepancies to work in progress, repairs, alterations, modifications and or subsequent remedial measures performed on, or to, the Vessel's navigation system, propulsion system, communication system, radar system, marine traffic monitoring equipment, TRANSAS system, for the period of time beginning three (3) years prior to the Incident Date and extending to present.

14

RESPONSE:

60.      Any and all documents, fleet directives, safety alerts, standing orders, orders, and/or memoranda relating to the Vessel's navigation system, communication systems, radar system and/or propulsions system from the period dating three (3) years prior to the Incident Date up to present.

RESPONSE:

61.      Any and all incident investigation reports, non-conformity reports, corrective action reports or reports of lessons learned from Incident.

RESPONSE:

62.      The computer file or files containing the electronic log or record of the Vessel's position, movement, speed and/or course from data provided by the Vessel's navigation equipment from the period dating three (3) years prior to the Incident Date up to present.

RESPONSE:

63.      A Copy of the Vessel's Bell/Bridge book or log from the period dating two (2) years prior to the Incident Date for the Vessel until December 31, 2017.

RESPONSE:

64.      Any and all turnover notes for the Vessel from the period dating two (2) years prior to the Incident Date for the Vessel until December 31, 2017.

RESPONSE:

65.      All logs, recordings, electronic recording, memoranda, history or any other documents or ledgers from the Vessel's traffic management, TRANSAS, and/or Radar systems from the period dating two (2) years prior to the Incident Date until December

15

31, 2017.

RESPONSE:

66.     Any and all documents regarding reports of safety and/or audit safety

reports for the Vessel from the period dating three (3) years prior to the Incident Date up

to present.

RESPONSE:

67.     All shipyard repair records for the Vessel from the period dating five (5)

years prior to the Incident Date up to present.

RESPONSE:

68.     Any and all documents, files, computer and/or electronic files regarding

any type of tracking data for the Vessel from the period dating three (3) years prior to

the Incident Date up to present.

RESPONSE:

69.     True and correct copies of any and all corrective action reports pertaining

to prior collisions and/or allisions involving any vessel owned, chartered or operated by

you.

RESPONSE:

*// Signature Page Follows //*

Dated:  December 10, 2018

Respectfully submitted by:

| | |
|---|---|
| Claimants Michael and Marisa Green<br><br>/s/ John K. Fulweiler<br><br>_____<br>John K. Fulweiler, Esq.<br><br>Fulweiler llc<br>40 Mary Street, First Floor<br>Newport, RI 02840<br>(401) 667-0977<br>john@saltwaterlaw.com<br>(Pro Hac Vice Admission – 9/5/2018) | Claimants Michael and Marisa Green<br><br>/s/ Robert T. Karns<br><br>_____<br>Robert T. Karns, Esq. BBO 260160)<br><br>Karns Law Group<br>6 Valley Road<br>Middletown, RI 02842<br>(401) 841-5300 – Telephone<br>robert@karnslaw.com |
| Claimants FINTY BARTON, JOHN BARTON, MICHELLE BARTON, TYE BARTON, JOAN DELORENZO, JOSEPH DELORENZO, MATHEW MARTINS<br><br>/s/ Carolyn M. Latti<br>Carolyn M. Latti BBO 567394<br>Jonathan Gilzean BBO 679164<br><br>Latti & Anderson LLP<br>30-31 Union Wharf<br>Boston, MA 02109<br>(617) 523-1000<br>(617) 523-7394 (fax)<br>clatti@lattianderson.com<br>jgilzean@lattianderson.com | Claimant Erin Dancik<br><br>/s/ Samuel A. Segal<br><br>_____<br>Samuel A. Segal BBO 679978<br><br>Law Office of Samuel A. Segal<br>75 Arlington Street, Ste. 500<br>Boston, MA 02116<br>617-383-3542<br>same@segallawmass.com |
| Claimant Bonnie Glasheen<br><br>/s/ Stephen M. Ouellette<br><br>_____<br>Stephen M. Ouellette BBO 543752<br>Ouellette & Smith<br>127 Eastern Ave., Ste 1<br>Gloucester, MA 01930<br>978-281-7788<br>Stephen.ouellette@fishlaw.com | Claimants John and Kathleen Cadoret<br><br>/s/ John Charles Manoog, III<br><br>_____<br>John Charles Manoog, III BBO 567481<br>The Law Offices of John C. Manoog III<br>450 South Street<br>Hyannis, MA 02601<br>508-775-0088<br>manooglaw@hotmail.com |

17

| Claimant Karey Miller | Claimant Alicia Briscoe |
|---|---|
| /s/ Brian Keane | /s/ Fredric A. Swartz |
| Brian Keane BBO 656717<br>Keane Law Group, P.C.<br>110 K Street, Ste. 330<br>Boston, MA 02127<br>617-313-2900<br>bkeane@keanlawgroup.com | Fredric A. Swartz BBO 489560<br>Swartz & Lynch, LLP<br>Old City Hall<br>45 School Street, 3d Floor<br>Boston, MA 02108<br>617-367-2882<br>fswartz@swartzlynch.com |
| Claimant Alicia Briscoe<br><br>/s/ Jennifer David<br><br>Jennifer David BBO 659303<br>Swartz & Lynch, LLP<br>Old City Hall<br>45 School Street, 3d Floor<br>Boston, MA 02108<br>617-367-2882<br>fswartz@swartzlynch.com | |

18

## CERTIFICATE OF SERVICE

In accordance with L.R. 5.2(b), I hereby certify that on December 10, 2018, a true copy of the above document was served upon the attorneys of record for the Plaintiff by email at the addresses set forth below:

Olaf Aprans, Esq. (Oaprans@clinmuzyka.com)
Thomas Muzyka, Esq. (Tmuzyka@clinmuzyka.com)
Clinton & Muzyka, P.C.
88 Black Falcon Avenue, Suite 200
Boston, MA  02210

Brian Keane, Esq.  (Bkeane@keanelawgroup.com, Dimposimato@keanelawgroup.com)
Keane Law Group, P.C.
110 K Street, Suite 330
Boston, MA  02127

Carolyn M. Latti, Esq.      (Clatti@lattianderson.com)
Jonathan E. Gilzean, Esq.  (Jgilzean@lattianderson.com)
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA  02109

John C. Manoog, III, Esq.  (Jmanoog@manooglaw.com, Manooglaw@hotmail.com)
The Law Offices of John C. Manoog III
450 South St.
Hyannis, MA  02601

John S. Moffa, Esq.        (Moffalaw@comcast.net)
Law Office of John S. Moffa, Esq.
1436 Route 132
Hyannis, MA  02601

Stephen M. Ouellette, Esq. (Stephen.Ouellette@fishlaw.com)
Ouellette & Smith
127 Eastern Ave., Suite 1
Gloucester, MA  01930

Jill D. Rosa, Esq.         (Jill.Rosa@usdoj.gov)
U.S. Department of Justice

Civil Division, Torts Branch
Aviation & Admiralty Litigation
PO Box 14271
Washington, DC 20044-4271

Samuel A. Segal, Esq.     (Sam@segallawmass.com)
Law Offices of Samuel A. Segal
75 Arlington St., Suite 500
Boston, MA  02116

Fredric A. Swartz, Esq.     (Fswartz@swartzlynch.com)
Jennifer David, Esq.        (Jdavid@swartzlynch.com)
Swartz & Lynch, LLP
45 School St., 3rd Floor
Boston, MA  02108

                          /s/ John K. Fulweiler
              By:      _____
                          John K. Fulweiler

Exhibit "B"

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **COMPLAINT OF WOODS HOLE,** | **CIVIL ACTION** |
| **MARTHA'S VINEYARD AND** | **NO. 17-12473-NMG** |
| **NANTUCKET STEAMSHIP AUTHORITY** | |
| **FOR EXONERATION FROM AND/OR** | **IN ADMIRALTY** |
| **LIMITATION OF LIABILITY,** | |
| **CIVIL AND MARITIME** | |

## PLAINTIFF'S RESPONSE TO RESPONDENTS'/CLAIMANTS' JOINT REQUEST FOR PRODUCTION OF DOCUMENTS

Now comes the Plaintiff, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority,  in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and hereby submits its Response to Respondents'/Claimants' Joint Request for Production of Documents.

## GENERAL OBJECTION

The Plaintiff objects to all of the Respondents'/Claimants' Requests insofar as they seek discovery of matters which constitute privileged communications or materials prepared in anticipation of litigation or trial.  By furnishing a response to any request, the Plaintiff does not waive any of its general or specific objections to that or any other Request.

Plaintiff further objects on the grounds that the requests below generally seek irrelevant information that will be unduly burdensome and expensive to provide, are barred outright by various statutes, and appear to be to be vexatious and cumulative.

Plaintiff reserves the right to make additional objections as further information is ascertained as to the availability and feasibility of providing the documentation requested.

2

REQUEST NO. 1

All documents identified or relied upon in responding to discovery requests including, but not limited to: Rule 26(a)(1) Initial Disclosures, Respondents'/Claimants' Joint and Individual Interrogatories and Respondents'/Claimants' Joint and Individual Requests for Admissions.

OBJECTION NO. 1

Overly broad.  Vague.  Fails to describe with particularity.

REQUEST NO. 2

All log books of the Vessel from the period dating twelve (12) months prior to and one (1) after the Incident Date.

OBJECTION NO. 2

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome.  Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 3

All maintenance, repair and inspection records concerning the Vessel from the period dating three (3) years prior to and one (1) year after the Incident Date including any and all survey reports (full report including digital photographs) and photographs and/or video for the same period.

OBJECTION NO. 3

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome.  Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 4

All documents including, but not limited to, accident reports, incident reports and/or casualty reports, concerning any vessel operated by Petitioner (including the Vessel identified herein) colliding, alluding and/or striking any dock, pier, wharf, jetty, vessel, navigational aid, sea floor or object at any time from the period dating two (2) years prior to the Incident Date through (and including) the Incident.

OBJECTION NO. 4

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome.  Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

3

REQUEST NO. 5

All damage survey reports, inspection reports or hull surveys of the Vessel for the period of the Incident Date up to present.

OBJECTION NO. 5

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.

REQUEST NO. 6

The complete personnel files of the Crew aboard the Vessel on the Incident Date.

OBJECTION NO. 6

Seeks private and personal information.  Violation of applicable privacy laws.  Irrelevant. Disproportional to the needs of the case.  Unduly burdensome.  Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 7

All logs, notebooks and other written documents concerning the maneuvering and navigation of the Vessel from 12:01 a.m. on Jun 9, 2017 until 11:59 p.m. on June 23, 2017.

OBJECTION NO. 7

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome.  Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 8

The rough deck log or other documents (or electronic databases) showing contemporaneous entries of all changes in the course and speed and the time thereof for the Vessel from 12:01 a.m. on June 9, 2017 until 11:59 p.m. on June 23, 2017.

OBJECTION NO. 8

4

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.

REQUEST NO. 9

The finished deck log for the Vessel from the period dating two (2) years prior to the Incident Date until December 31, 2017.

OBJECTION NO. 9

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.

REQUEST NO. 10

The navigator's notebook or other document showing all soundings, bearings and ranges taken to fix the position of the Vessel for the Vessel from the period dating two (2) years prior to the Incident Date until December 31, 2017.

OBJECTION NO. 10

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.

REQUEST NO. 11

The engineer's bell book or other document showing all orders concerning change of speed or reverse of engines and the time which such orders were received and carried out for the vessel from the period dating two (2) years prior to the Incident Date until Decmeber 31, 2017.

OBJECTION NO. 11

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.

REQUEST NO. 12

5

The Vessel's deck and engine room logbooks, both rough and smooth, from the period dating two (2) years prior to the Incident Date until December 31, 2017.

OBJECTION NO. 12

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.

REQUEST NO. 13

Any course recorder tape or logger in use during the Voyage for the Vessel.

OBJECTION NO. 13

Potentially seeks confidential/private information and/or information protected from disclosure on account of applicable security legislation and/or regulation.

Plaintiff additionally objects on the grounds that the foregoing may not be reasonably accessible because of undue burden or cost. *See* Fed.R.Civ.P. 26(b)(2)(B). Plaintiff's counsel will revert as to the accessibility of the requested materials and information in due course.

REQUEST NO. 14

Any course recorder or logger in use during the Vessel from the period dating two (2) years prior to the Incident Date until December 31, 2017.

OBJECTION NO. 14

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.

REQUEST NO. 15

Any record of GPS or other tracking device used to record the position of the Vessel from the period dating two (2) years prior to the Incident Date until December 31, 2017.

OBJECTION NO. 15

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.

6

REQUEST NO. 16

The chart in use by the Vessel at the time of the Incident showing any plotting of the Vessel.

OBJECTION NO. 16

None at this time.

REQUEST NO. 17

Any data recorders, including voice radar, GPS in use at the time of the Voyage of the Vessel.

OBJECTION NO. 17

Potentially seeks confidential/private information and/or information protected from disclosure on account of applicable security legislation and/or regulation.

Plaintiff additionally objects on the grounds that the foregoing may not be reasonably accessible because of undue burden or cost. *See* Fed.R.Civ.P. 26(b)(2)(B).  Plaintiff's counsel will revert as to the accessibility of the requested materials and information in due course.

REQUEST NO. 18

All documents submitted and/or prepared by Petitioner containing information as to how, where, when and under what circumstances the Incident occurred including, but not limited to, all reports, statements, schematics, diagrams, chart markings, submissions made to any insurance company or Protection and Indemnity Club(s) as well as and internal reports and statements.

OBJECTION NO. 18

Attorney client privilege.  Work product.  Self-critical analysis privilege.  Irrelevant. Unduly burdensome.  Overly broad.  Disproportional to the needs of the case. Fails to specify with particularity.

REQUEST NO. 19

7

All portions of the shipyard sea trial report of the sea trials of the Vessel which contain information concerning the visibility, maneuvering characteristics, deceleration characteristics and the Vessel's stopping distances and times.

OBJECTION NO. 19

Irrelevant.  Disproportional to the needs of the case.  Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.  Unduly burdensome.

REQUEST NO. 20

All repair records concerning the Vessel's engineering plant, steering mechanism, propulsion and/or navigation system from the period dating three (3) years prior to the Incident Date up to the present.

OBJECTION NO. 20

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome.  Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 21

All standing orders, standard operating procedures, rules and regulations, watch standing instructions, crew manning and station instructions, directives and memoranda procedures for the Vessel and the SSA Fleet effective on the Incident Date.

OBJECTION NO. 21

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome.  Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 22

All training, safety and/or operating manuals, handbooks, videos, instructions, correspondence, communications, memoranda, documents or reports provided to the Crew of the Vessel and the SSA Fleet effective on the Incident Date.

OBJECTION NO. 22

8

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 23

Any and all documents which record, memorialize and/or otherwise evidence that the documents identified in the preceding paragraphs #'s21 and 22 had been disseminated or distributed to the Crew of the Vessel.

OBJECTION NO. 23

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 24

Any and all documents of safety meetings including topics, course materials and list of attendees which were conducted by Petitioner or on Petitioner's behalf from the period dating three (3) years prior to and including the Incident Date.

OBJECTION NO. 24

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 25

All documents concerning safety records of the Crew of the Vessel on the Date of the Incident including, but not limited to: documents concerning any safety tests taken by the Crew including, but not limited to, those taken at your direction or request; documents regarding the completion, attempts or non-completion of any vessel safety programs attended by the Crew; the entire safety performances file for the Crew during the period of employment by you.

OBJECTION NO. 25

Vague.  Unintelligible.  Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.

9

REQUEST NO. 26

Any and all documents concerning licensing or disciplinary actions or proceedings against the Port Captain Greg Gifford and/or any member of the Vessel's Crew and/or the harbor pilot prior to the Incident Date and/or as a result of the Incident by Petitioner, anyone acting on behalf of Petitioner, or USCG or any other governmental agency.

OBJECTION NO. 26

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.  Barred by 46 U.S.C. § 6308(a).

REQUEST NO. 27

All survey reports performed at the Vessel's last drydocking prior to the Incident Date.

OBJECTION NO. 27

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 28

All repair invoices, work orders, internal repair itemizations and/or any other documents concerning what repairs the Vessel needed or underwent as a result of the Incident.

OBJECTION NO. 28

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 29

All records, documents, correspondence, photographs, plans, blueprints or other items which were used by Petitioner to determine the purported value of the Vessel following the Incident.

OBJECTION NO. 29

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

10

There is no apparent risk that the aggregate claims will exceed the vessel's value.

REQUEST NO. 30

All Safety Management System (SMS) procedures which were in effect on the Incident Date and all recommendations for amending and/or supplementing the Safety Management System from the period dating three (3) years prior to the Incident Date up to present.

OBJECTION NO. 30

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.

REQUEST NO. 31

All documents including, but not limited to. recommendations and instructions concerning the installation and operation of any equipment to be used in connection with navigating the Vessel from the period dating three (3) years prior to the Incident Date up to present.

OBJECTION NO. 31

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.

REQUEST NO. 32

All photographs. video. electronic recordings. renderings and images taken of the Vessel (including the interior of the Vessel and its wheelhouse) or the Incident scene for June 16. 2017 **and** all photographs, video, renderings and images concerning the damage to the Vessel and/or depicting the interior of the Vessel (including the wheelhouse) at any time after the Incident up to and including June 23. 2017.

OBJECTION NO. 32

Potentially seeks confidential/private information and/or information protected from disclosure on account of applicable security legislation and/or regulation.

Plaintiff additionally objects on the grounds that the foregoing may not be reasonably accessible because of undue burden or cost. *See* Fed.R.Civ.P. 26(b)(2)(B). Plaintiff's

11

counsel will revert as to the accessibility of the requested materials and information in due course.

Insofar that the above request seeks photographs taken in anticipation of litigation, Defendant objects on the grounds of work product.

REQUEST NO. 33

All documents concerning all the steps, procedures, rules, policies, acts and/or precautions you took to decrease the likelihood the Vessel would suffer an allision, collision, navigational error and/or any other adverse event on the Incident Date.

OBJECTION NO. 33

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad. Vague.

The form of the request, moreover, is absurd.

REQUEST NO. 34

All documents concerning the operational status of any aid to navigation associated with Hyannis Harbor and/or Lewis Bay for the period April 1, 2017 up to and including September 1, 2017 including, but not limited to, the flashing "H" located on the jetty; flashing red buoy "4"; flashing green buoy "5"; flashing green buoy "6"; green can buoy "7"; red nun buoy "8"; flashing green buoy "9" and flashing red buoy "10".

OBJECTION NO 34

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad. Seeks publicly available information.

REQUEST NO. 35

All documents concerning the number of hours worked by the Crew including, but not limited to, time cards, piece work tickets, wage rate tables, payroll records, schedules and records of additions to or deductions from wages for the period April 1, 2017 up to and including September 1, 2017.

OBJECTION NO. 35

12

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

13

REQUEST NO. 36

All agreements, contracts, guidelines, rules, regulations or procedures and other documents regarding the presence and respective duties of the Port Captain Greg Gifford and/or any member of the Vessel's Crew and/or the harbor pilot when the Vessel is preparing to and is entering Hyannis Harbor.

OBJECTION NO. 36

**Irrelevant. Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.**

REQUEST NO. 37

All communications, reports and/or statements, written or otherwise recorded, other than those made to the Petitioner's attorneys, which were made by or taken from, the Petitioner and/or its agents, servants or employees, concerning the Incident and/or its cause(s): any of the Claimants' injuries and/or damages; the Petitioner's liability and/or defenses; and/or, which tend to support a position that the Petitioner has taken or intends to take in this action.

OBJECTION NO. 38

All communications, reports and/or statements, written or otherwise recorded (whether signed or unsigned), or memoranda of such communications and/or statements made by any of the Claimants to anyone concerning the Incident and/or its cause(s): any of the Claimants' injuries and/or damages; the Petitioner's liability and/or defenses; and/or which tend to support a position that the Petitioner has taken or intends to take in this action.

RESPONSE NO. 38

**Irrelevant. Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad. Vague.  Work product.  Barred by 46 U.S.C. § 6308(a).**

REQUEST NO. 39

All communications, reports and/or statements, written or otherwise recorded (whether signed or unsigned), or memoranda of such communications and/or statements made by any witnesses to the Incident, or by any persons having knowledge of the Incident and/or its cause(s); any of the Claimants' injuries and/or damages; the Petitioner's liability and/or

14

defenses; and/or which tend to support a position that the Petitioner has taken or intends to take in this action.

OBJECTION NO. 39

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad. Vague. Work product. Attorney client privilege. Barred by 46 U.S.C. § 6308(a).

REQUEST NO. 40

All documents (including without limitation U.S.C.G. "First Report of Marine Accident Injury or Death" and/or reports of interviews with crew, employees and/or witnesses) provided by any person, including the Petitioner, its employees, servants and/or agents, to any government or government agency, including but not limited to the USCG, the National Transportation Safety Board, the police, any fire department, any Emergency Response or Management entity, concerning the Incident and or its cause(s), as well as the Petitioner's actions in response to the Incident.

OBJECTION NO. 40

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad. Vague. Work product. Attorney client privilege. Barred by 46 U.S.C. § 6308(a).

REQUEST NO. 41

All reports and/or documents (including without limitation U.S.C.G. Investigative Reports) prepared by any government or government agency concerning the Incident and/or its cause(s), and/or the Petitioner's actions in response to the Incident.

OBJECTION NO. 41

Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad. Barred by 46 U.S.C. § 6308(a).

REQUEST NO. 42

All ships drawings, general arrangement plans, blueprints and/or specifications relating to the Vessel.

15

OBJECTION NO. 42

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome.  Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 43

All documents, reports and data compilations concerning the weather, sea state, current, tides, and/or meteorological conditions in the area or location of the Incident from June 10, 2017 until June 24, 2017.

OBJECTION NO. 43

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome.  Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.  Seeks publicly available information.

REQUEST NO. 44

All bills, records, and/or documents of any type concerning, or relating to, cellular telephone, ship to shore, and/or any communications made by the Vessel or its Crew, from the Vessel, during the time period beginning two (2) months prior to the Incident Date and ending two (2) months after the Incident Date.

OBJECTION NO. 44

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome.  Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.  Seeks personal and private information.  Seeks materials protected from disclosure pursuant to applicable privacy laws.

REQUEST NO. 45

All exhibits and chalks, the Petitioner intends to introduce or use at trial.

OBJECTION NO. 45

Premature.

REQUEST NO. 46

All documents that Petitioner specifically relies upon as a basis of an affirmative defense.

16

OBJECTION NO. 46

Not described with reasonable particularity.  Premature.  Seeks mental impressions of counsel.

REQUEST NO. 47

All written reports, memoranda, drawings, measurements, and test results, concerning the Incident and/or its cause(s), and/or any of the Claimants' injuries and/or damages, which were prepared, written or produced by any expert witness the Petitioner intends to call as a witness at trial.

OBJECTION NO. 47

Seeks discovery beyond the scope of permissible expert discovery pursuant to Fed.R.Civ.P. 26.  Premature.

REQUEST NO. 48

The resume and curriculum vitae of each expert witness that the Petitioner intends to call at trial.

OBJECTION NO. 48

Premature.

REQUEST NO. 49

All documents concerning the Incident and/or any of the Claimants' injuries and/or damages, which have been reviewed by an expert witness which the Petitioner intends to call as a witness at trial.

OBJECTION NO. 49

Premature.  Work product.  Seeks discovery beyond the scope of permissible expert discovery pursuant to Fed.R.Civ.P. 26.

REQUEST NO. 50

All documents that will be relied upon in forming the opinion of any expert the Petitioner intends to call as a witness at trial.

OBJECTION NO. 50

17

Premature.  Work product.  Seeks discovery beyond the scope of permissible expert discovery pursuant to Fed.R.Civ.P. 26.

REQUEST NO. 51

All documents concerning or evincing any fact which will be relied upon in forming the opinions of any expert witness the Petitioner intends to call at trial.

OBJECTION NO. 51

Premature.  Work product.  Seeks discovery beyond the scope of permissible expert discovery pursuant to Fed.R.Civ.P. 26.

REQUEST NO. 52

If the Petitioner claims that it is entitled *to* limit its liability pursuant to 46 U.S.C. 183, then please produce:

      a.      all hull insurance, and/or property damage insurance policies, providing insurance and/or indemnity for property damage to the Vessel, in effect at the time the Incident;

      b.      all applications for hull insurance policies and/or property damage insurance policies, concerning the Vessel, which were completed by the Petitioner during the two (2) years preceding the Incident;

      c.      all appraisal reports and/or value surveys concerning the Vessel, prepared within the five (5) years prior to the Incident Date up to the date of trial.

      d.      all applications for loans and/or financing agreements, for which the Vessel was offered as collateral to secure payment of said loan or finance agreement, which were prepared or submitted within the five (5) years prior to the Incident Date up to the date of trial.

      e.      Any document the Petitioner claims is evidence of the value of the Vessel at the conclusion of the voyage.

OBJECTION NO. 52

Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

There is no apparent risk that the aggregate claims will exceed the vessel's value.

18

REQUEST NO. 53

Any and all documents concerning the Petitioner's policies, procedures, orders and/or standing orders for the Vessel which were in effect at the time of the Incident.

OBJECTION NO. 53

**Cumulative. Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.**

REQUEST NO. 54

Any and all documents concerning the Petitioner's safety rules and regulations for the Vessel which were in effect at the time of the Incident.

OBJECTION NO. 54

**Cumulative. Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.**

REQUEST NO. 55

All diaries, statements, correspondence, memoranda, notes, forms, questionnaires, or any other document, writing or report regarding the Incident and/or its cause(s); any of the Claimants' injuries and/or damages; the Petitioner's liability and/or defenses; and/or, which tend to support a position that the Petitioner has taken or intends to take in this action.

OBJECTION NO 55

**Cumulative. Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad. Work product. Attorney client privilege. Self-critical analysis privilege.**

REQUEST NO. 56

19

Any and all emails, electronic messages, instant messages, text messages, social networking messages and blogs relating to the Incident and/or its cause(s); any of the Claimants' injuries and/or damages; the Petitioner's liability and/or defenses; and/or, which tend to support a position that the Petitioner has taken or intends to take in this action.

## OBJECTION NO. 56

**Cumulative.  Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad. Work product.  Attorney client privilege.  Self-critical analysis privilege.**

## REQUEST NO. 57

Any and all repair and/or maintenance lists, including Captain and Engineer "to do" lists for the Vessel from the period dating three (3) years prior to the Incident Date up to present.

## OBJECTION NO 57

**Cumulative.  Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.**

## REQUEST NO. 58

Any and all physicals of the Captain and pilot.

## OBJECTION NO. 58

**Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.  Seeks private medical information protected form disclosure by applicable privacy laws, including, without limitation, the Health Insurance Portability and Accountability Act of 1996.**

## REQUEST NO. 59

All documents (including without limitation, repair orders, work orders, invoices, receipts, bills, and captains' "to do" lists) concerning maintenance (other than routine maintenance procedures performed on the Vessel each and every trip), corrective maintenance, discrepancies to work in progress, repairs, alterations, modifications and or subsequent remedial measures performed on, or to, the Vessel's navigation system, propulsion system, communication system, radar system, marine traffic monitoring equipment, TRANSAS system, for the period of time beginning three (3) years prior to the Incident Date and extending to present.

OBJECTION NO. 59

Cumulative.  Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome.
Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 60

Any and all documents, fleet directives, safety alerts, standing orders, orders, and/or
memoranda relating to the Vessel's navigation system, communication systems, radar
system and/or propulsions system from the period dating three (3) years prior to the
Incident Date up to present.

OBJECTION NO. 60

Cumulative.  Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome.
Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 61

Any and all incident investigation reports, non-conformity reports, corrective action
reports or reports of lessons learned from Incident.

OBJECTION NO. 61

Cumulative.  Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome.
Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.
Barred by 46 U.S.C. § 6308(a).  Work Product.  Attorney client privilege.

REQUEST NO. 62

The computer file or files containing the electronic log or record of the Vessel's position,
movement, speed and/or course from data provided by the Vessel's navigation equipment
from the period dating three (3) years prior to the Incident Date up to present.

OBJECTION NO. 62

Cumulative.  Irrelevant.  Disproportional to the needs of the case.  Unduly burdensome.
Not reasonably calculated to lead to the discovery of admissible evidence.  Overly broad.

REQUEST NO. 63

A Copy of the Vessel's Bell/Bridge book or log from the period dating two
(2) years prior to the Incident Date for the Vessel until December 31, 2017.

OBJECTION NO. 63

Cumulative. Irrelevant. Disproportional to the needs of the case. Unduly burdensome.
Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.


REQUEST NO. 64

Any and all turnover notes for the Vessel from the period dating two (2) years prior to the
Incident Date for the Vessel until December 31, 2017

OBJECTION NO. 64

Cumulative. Irrelevant. Disproportional to the needs of the case. Unduly burdensome.
Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.


REQUEST NO. 65

All logs, recordings, electronic recording, memoranda, history or any other documents or
ledgers from the Vessel's traffic management, TRANSAS, and/or Radar systems from the
period dating two (2) years prior to the Incident Date until December 31, 2017.

OBJECTION NO. 65

Cumulative. Irrelevant. Disproportional to the needs of the case. Unduly burdensome.
Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.


REQUEST NO. 66

Any and all documents regarding reports of safety and/or audit safety reports for the Vessel
from the period dating three (3) years prior to the Incident Date up to present.

OBJECTION NO. 66

Cumulative. Irrelevant. Disproportional to the needs of the case. Unduly burdensome.
Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.

REQUEST NO. 67

All shipyard repair records for the Vessel from the period dating five (5) years prior to the Incident Date up to present.

OBJECTION NO. 67

**Cumulative. Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.**

REQUEST NO. 68

Any and all documents, files, computer and/or electronic files regarding any type of tracking data for the Vessel from the period dating three (3) years prior to the Incident Date up to present.

OBJECTION NO. 68

**Cumulative. Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad.**

REQUEST NO. 69

True and correct copies of any and all corrective action reports pertaining to prior collisions and/or allisions involving any vessel owned, chartered or operated by you.

OBJECTION NO. 69

**Cumulative. Irrelevant. Disproportional to the needs of the case. Unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. Overly broad. Attorney client privilege. Self critical analysis privilege. Work product.**

23

By its attorneys,

**CLINTON & MUZYKA, P.C.**

*/s/ Olaf Aprans*

_____

**Thomas J. Muzyka**
**BBO NO. 365540**
**Olaf Aprans**
**BBO NO. 670434**
88 Black Falcon Ave.
Suite 200
Boston, MA 02108
Tel#:  (617) 723-9165
Fax#:  (617) 720-3489
Email: tmuzyka@clinmuzyka.com
Email:  oaprans@clinmuzyka.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party by:  **EMAIL and MAIL** on: January 24, 2019.

*/s/ Olaf Aprans*

_____

Olaf Aprans

Exhibit "C"

**john@fulweilerlaw.com**

**Subject:**                    FW: SSA / Our file: 02526

**From:** Olaf Aprans [mailto:oaprans@clinmuzyka.com]
**Sent:** Monday, January 28, 2019 3:56 PM
**To:** john@fulweilerlaw.com; Thomas Muzyka <tmuzyka@clinmuzyka.com>
**Cc:** Cheryl Mehos <cmehos@clinmuzyka.com>; Brian Keane <bkeane@keanelawgroup.com>;
emcentee@fulweilerlaw.com; jbeltran@fulweilerlaw.com>; Frederic Swartz <fswartz@swartzlynch.com>; Jennifer
David <jdavid@swartzlynch.com>; Jill Dahlmann Rosa <jill.rosa@usdoj.gov>; John Manoog
<jmanoog@manooglaw.com>; John Moffa <moffalaw@comcast.net>; Jonathan Gilzean <jgilzean@lattianderson.com>;
Robert Karns <robert@karnslaw.com>; Samuel Segal <sam@segallawmass.com>; Stephen Ouellette
<stephen.ouellette@fishlaw.com>; Scott Bluestein <scott@boatinglaw.us>; Carolyn Latti <clatti@lattianderson.com>;
Sarah Karns <sarah@karnslaw.com>
**Subject:** RE: SSA / Our file: 02526

>           **Re:    In re Woods Hole, Martha's Vineyard and Nantucket**
>                     **Steamship Authority**
>                     **Civil Action No.: 1:17-CV-12473-NMG**

Counsel:

Thank you for speaking today.  In summary, we will address the Requests for Production from the Personal Injury
Claimants as follows based on our teleconference:

>         Objections- No objections are waived.

1.  No action required.
2.  **Deck Logs and Engineering Logs from June 16, 2015 to July 16, 2017**- will check with client and revert as to
    burden of production.  Expect to produce.
3.  **Maintenance Records June 16, 2015 to June 16, 2018**- Claimants will provide search terms to input into
    ▉▉▉▉▉▉▉▉▉▉and Petitioner will provide a return from that search.
4.  **Accident Reports Involving Allisions/Collisions June 16, 2015 until June 16, 2017**- will confer with client as to
    other allisions (none believed) and revert.  Will review incident reports and revert as to this incident.  Reserve
    right to redact.
5.  **Survey Reports-** Marine Safety Consultants responded to subpoena, which should satisfy.  Will confirm if there
    are any other surveys and sea trial reports performed by other firms.
6.  **Personnel Files-** Request is limited to crew on bridge and only with respect to training records, yearly reviews,
    suspensions, reprimands, licenses, and resumes.  Will review and provide, but reserve right to redact any
    sensitive information.
7.  **Maneuvering Data June 9, 2017 to June 23, 2017**- Will consult with client and third party contractor as to
    replicating digital data recorded on date of incident.  This will take approximately 30 to 60 days.  Deck log
    includes other data as to vessel location/maneuvers.  Will revert as to whether replicating data for other dates
    (including between April 2017 and incident date requested in later requests) is feasible.
8.  No action required- see 2.
9.  No action required- see 2.
10. No action required- see 2.
11. **Engineer's Log-** See 2 above.  Will review and obtain within same time period.

12. No action required- see 7
13. No action required-see 7.
14. No action required- see 7.
15. No action required- see 7
16. **Chart on IYANOUGH-** Will provide chart.
17. No action required- see 7.
18. **Documents concerning Incident Prepared by petitioner-** Will provide a privilege log as to documents withheld. Will provided non privileged documents. Claimant's only seeking documents prepared by SSA.
19. **Sea Trial Reports-** Will provide to the extent existing- See 5 above.
20. **Repair records-** See 3 above. Will confirm whether any repairs conducted by third parties between June 16, 2015 and June 16, 2018.
21. **Procedures/Orders/Manuals Effective on June 16, 2017-** Will provide (1) fleetwide orders/procedures/manuals, (2) IYANOUGH specific orders/procedures/manuals, and (3) any fleetwide database/list of other vessel specific orders, etc. (if existing).
22. **Training Handbooks/Manuals, etc. effective on June 16, 2017-** Same as 21 with respect to docs requested.
23. **Evidence Bridge Crew received 21 and 22-** Same as 21.
24. **Safety Meeting Minutes- June 16, 2015 to June 16, 2018-** Petitioner raises additional self-critical analysis privilege. Will review and revert as to propriety of producing safety meeting minutes.
25. **Safety Training Records of Bridge Crew-** request limited to crew on bridge on June 16, 2017 and such records will be included with their personnel documents and licenses.
26. **License and Disciplinary Action of Bridge Crew and Capt. Gifford-** No action required- see 6. Docs with respect to Captain Gifford will likewise be provided.
27. No action required. See 5.
28. No action required- see 3.
29. **Valuation Documents-** Marine Safety Consultants subpoena satisfies this.
30. **SMS Procedures-** Believe not to be applicable but will confirm.
31. **Navigation Equipment-** falls within scope of 3. No action required.
32. No action required. See 7.
33. No action required.
34. **Navigation Aid Operability-** will provide to the extent in possession custody and control. Documents likely in the hands of third parties.
35. **Documents concerning crew work hours April 1, 2017 through June 16, 2017-** Will review documents and revert. Request limited to the bridge crew. Will provide redacted payroll records indicating hours and schedules.
36. No action required- see 21.
37. **Everything Under the Sun-** will provide privilege log. See all documents previously produced regarding initial disclosures and that will be further produced in discovery. As to USCG documents, will review and see what portions of investigation are available and will revert.
38. **Everything Under the Sun-** will provide privilege log. See all documents previously produced regarding initial disclosures and that will be further produced in discovery. As to USCG documents, will review and see what portions of investigation are available and will revert.
39. **Everything Under the Sun-** will provide privilege log. See all documents previously produced regarding initial disclosures and that will be further produced in discovery. As to USCG documents, will review and see what portions of investigation are available and will revert.
40. **Docs to Govt.-**. will review and see what portions of investigation are available and will revert.
41. **Govt Reports-** will review and see what portions of investigation are available and will revert.
42. **Ship Drawings-** will provide General Arrangement Plans and Index of Plans.
43. **Weather Records-** weather recordings indicated in deck log. See 2. Otherwise, publicly available.
44 through 69- No action required.

Thank you for your time and attention in this matter.

Exhibit "D"

# Fulweiler llc

### A REGISTERED LIMITED LIABILITY COMPANY

New York, New York
Fort Lauderdale, Florida

W.B. Franklin Bakery Building
40 Mary Street, First Floor - Aft
Newport, Rhode Island 02840
www.saltwaterlaw.com

Latitude: 41-35'46" N
Longitude: 071-24'54" W

Telephone: 401-667-0977
Toll Free: 1-800-383-MAYDAY
Telex: 051 410147 FULLAW G

January 29, 2019

John K. Fulweiler, Esquire
Direct Dial: 401-367-1658
john@saltwaterlaw.com

<u>VIA U.S. MAIL & EMAIL</u>

Thomas J. Muzyka, Esq.   (Tmuzyka@clinmuzyka.com)
Olaf Aprans, Esq.   (Oaprans@clinmuzyka.com)
CLINTON & MUZYKA, P.C.
88 Black Falcon Ave., Suite 200
Boston, MA  02210

Re.:   *In re: Woods Hole, Martha's Vineyard and Nantucket*
       *Steamship Authority*
       U.S.D.C. D.Mass.
       <u>Civil Action # 17-cv- 12473-NMG</u>
       Our file: 02526

Dear Olaf/Tom,

So after our marathon two hour conference call of yesterday, I was left with the sense that if Petitioner simply conceded liability right now it would shed a lot of its angst around identifying/finding/producing many of these documents. Just a thought.

Moving on. Claimants (excepting the United States) served their <u>First Request for Production of Documents</u> on December 10, 2018. And so we're clear, we didn't hear from your end requesting any discovery extension. We're not clairvoyant. I appreciate Carolyn Latti knew you were in trial because she was local counsel in the matter and may have other matters with your office, but that knowledge didn't extend to us. You want courtesy extensions in the future, just ask us.

As for yesterday's call, overall we understand Petitioner will produce a Privilege Log or otherwise amend its objections asserting a privilege. As for those specific 44 Requests time allowed us to discuss, here's our takeaway:  (And the Green Claimants aren't waiving any of the issues we have with Petitioner's failings vis-à-vis its responses. We're committing this effort to try and avoid having to go to Court, but if this effort fails we're reserving the right to raise all of our arguments.)

#1 – Petitioner will amend/supplement if Claimants' serve additional discovery demands.

January 29, 2019
Page 2

#2 – Petitioner will <u>investigate</u> how difficult it is to produce the logbook and, if feasible, agrees to produce all log books for the period dating June 16, 2015 to July 16, 2017.

#3 – <u>Petitioner will investigate and</u>, if one exists, will produce a glossary of terms related to the ███████████████ used for tracking the vessel's maintenance, etc. Petitioner will accept from Claimants search terms to be run through the ███████ ███████ and Petitioner will produce a list of work orders (or other documents) containing the search terms for the period 2 years prior to and 1 year after the Incident Date. Petitioner will then produce those work orders and documents selected by Claimants.

#4 – Petitioner will <u>investigate</u> as to other incidents as sought in this Request. If such incidents exist, Petitioner will produce the requested documents for the period June 16, 2016 to July 16, 2017. Incident reports will be produced with date of birth redacted.

#5 – Petitioner will <u>investigate</u> whether any surveys were conducted by a firm other than Marine Safety Consultants, Inc. If so, Petitioner will produce the same as requested.

#6 – Petitioner will produce annual reviews, suspensions, disciplinary records, reprimands, licenses and resumes of bridge crew (understood to be, Master and Mate (Pilot)). Petitioner reserved right to redact sensitive information.

#7 – Re the deck log aspect to be treated as in # 2. Re electronic data, Petitioner explained VDR data only accessible on one computer and uncertain what data set was preserved. Petitioner will <u>investigate</u> and advise Claimants of the type of electronic data available for date range April 1, 2017 through Incident date with attention to advising Claimants as to what data channels are available. Petitioner will consult with third party contractor to produce the electronic data. Petitioner advises the data will be available within thirty – sixty days. Claimants reserve right to inspect original data source with its own experts.

#8 – Petitioner will <u>investigate</u> and advise Claimants as to what's electronically available. Otherwise to be treated as #7.

#9 – Petitioner to treat as in #7 but with the time period being June 16, 2015 to December 31, 2017.

#10 – Petitioner will <u>investigate</u> as to whether these documents exist and, if so, will advise Claimants and will produce same as in #9.

January 29, 2019
Page 3

#11 – Petitioner will <u>investigate</u> and advise Claimants whether separate engineer's log maintained.  If so, Petitioner will produce for the period June 16, 2015 to July 16, 2017.

#12 – To be treated as #9.

#13 – To be treated as #7.

#14 – Petitioner will <u>investigate</u> and advise Claimants as to what responsive documents exist and otherwise to be treated as #9.

#15 – To be treated as #9.

#16 – Petitioner will produce chart(s).

#17 – To be treated as #7.

#18 – Petitioner will produce nonprivileged documents and prepare a privilege log as to documents withheld.

#19 – Petitioner will <u>investigate</u> and produce such responsive documents as may exist.

#20 – Petitioner will investigate and advise Claimants whether any repairs performed by third-parties.  Petitioner will treat as #3.

#21 – We quote Petitioner on this one:  "Will provide (1) fleetwide orders/procedures/manuals, (2) IYANOUGH specific orders/procedures/manuals, and (3) any fleetwide database/list of other vessel specific orders, etc. (if existing)."  Claimants reserve right to seek all standing orders re to other vessels.

#22 – Petitioner will produce.

#23 – Petitioner will produce if documents exist.

#24 – Petitioner will produce safety meeting reports if exist for period dating 2 years prior to and 1 year after the Incident Date.

#25 – Petitioner will produce responsive documents re the bridge crew.

#26 – Petitioner will produce responsive documents re the bridge crew and port captain.

January 29, 2019
Page 4


#27 – Petitioner will <u>investigate</u> whether any surveys were conducted by a firm other than Marine Safety Consultants, Inc.  If so, Petitioner will produce the same as requested.

#28 – To be treated as #3.

#29 – Petitioner states this would be covered by Marine Safety Consultants, Inc.'s subpoena response.  Claimants will review and revisit Request as necessary.

#30 – Petitioner will investigate whether there was a Safety Management System in effect.  If not, Petitioner will amend/supplement Response. If one was in effect, Petitioner will produce documents responsive to Request.

#31 – See #3. Petitioner will inquire as to repairs performed that would not be recorded in ████████, such as that performed by third parties.

#32 – Petitioner will investigate to identify whether video such as surveillance footage is available.  If so, Petitioner to amend/supplement Responses and/or include in Privilege Log.

#33 – No action required.  Green claimants accept response as worded.

#34 – Petitioner will produce documents responsive to the Request.

#35 – Petitioner will produce schedules and payroll records for bridge crew. Petitioner reserved right to redact pay rate, date of birth and social security numbers for period April 1, 2017 through September 1, 2017.

#36 – Petitioner will produce documents responsive to Request in effect on Incident date up to end of the 2017 season.

#37– Petitioner will produce documents responsive to this Request and Privilege Log as required.  *To the extent Petitioner claims already produced in its Initial Disclosures, please identify in Responses what document sets related to Request.*

#38 – Petitioner will produce documents responsive to this Request and Privilege Log as required.  *To the extent Petitioner claims already produced in its Initial Disclosures, please identify in Responses what document sets related to Request.*

#39 – Petitioner will produce documents responsive to this Request and Privilege Log as required.  *To the extent Petitioner claims already produced in its Initial Disclosures, please identify in Responses what document sets related to Request.*

January 29, 2019
Page 5

#40 – Petitioner will investigate and identify such documents as it has responsive to this Request.  Petitioner will produce what it has.  Petitioner will provide Privilege Log as to what it's withholding.

#41 – Petitioner will investigate and identify such documents as it has responsive to this Request.  Petitioner will produce what it has.  Petitioner will provide Privilege Log as to what it's withholding.

#42 – Petitioner will produce vessel's General Arrangement Plan and vessel's Index of Plans.  Petitioner will produce such other plans as Claimants select from Index.

#43 – Petitioner will produce deck log which it states has weather recordings.

#44-69 – The parties were not able to discuss these Requests due to time constraints.

Timing.  The Green Claimants can't understand if your office represents Petitioner with such frequency why there are so many unknowns as to documents and information.  Plus, we're 50 days out since we served these Requests and we're concerned in light of the Court's discovery schedule.  In this way, the Green Claimants propose you serve Responses to these Requests by Friday, February 15, 2019.  I understand some data/responsive documents won't be ready then, but Petitioner surely can get us Responses addressing its investigation and producing those documents.  We can work with you, but we need to keep the discovery moving along or we'll have to let the Court know of our efforts.

Thank you and don't forget my direct dial # 401-367-1658.  Anytime.

Very truly yours,

John K. Fulweiler
For the Firm

c: All appearing parties via email