UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN ADMIRALTY

In The Matter Of

WOODS HOLE, MARTHA'S VINEYARD AND
NANTUCKET STEAMSHIP AUTHORITY FOR
EXONERATION FROM AND/OR LIMITATION
OF LIABILITY, CIVIL AND MARITIME

C.A. No.: 1:17-cv-12473-NMG

**RESPONDENTS/CLAIMANTS MICHAEL GREEN'S AND MARISA GREEN'S
MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL
<u>DISCOVERY FROM PETITIONER</u>**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Respondents/Claimants Marisa Green and Michael E. Green (collectively "Greens") jointly file this Memorandum in support of their Motion to Compel Discovery from Petitioner Woods Hole, Martha's Vineyard And Nantucket Steamship Authority ("Petitioner") stating in support thereof as follows:

This is Petitioner's lawsuit. Despite its ferry IYANOUGH having driven into a rock jetty at full tilt, at night causing serious injuries to the Greens, Petitioner filed this lawsuit disclaiming fault and seeking to limit its liability. The privilege afforded the Petitioner under the Limitation of Liability Act does <u>not</u> extend to it ignoring its discovery obligations. Indeed, the Petitioner having brought this lawsuit should be held to a strict standard of compliance with its discovery obligations. <u>Denali</u>, 13 F. Supp. 686, 687 (W.D. Wash. 1936) (The burden is upon the petitioner to show strict compliance with every provision of the law before limitation may be granted irrespective of answer of any of the claimants.)

1

And so this motion is made because the Greens (via a collective request made on behalf of all personal injury Claimants) served Petitioner with a Request for Production of Documents on December 10, 2018 --- **94 days ago**.  (Fulweiler Decl., Exh. A)

After the time to respond passed without a response, the Greens emailed Petitioner seeking responses whereby Petitioner served, *despite the time to do so having passed*, written objections on January 24, 2019.  In many instances, these objections were misplaced and without a good faith basis and not a single document was identified.  (Fulweiler Decl., Exh. B)

Thereafter, the Greens sought and obtained a telephone conference with Petitioner on January 28, 2019 to review the objections.  The call was two hours in length and addressed 44 of the Requests.  On January 28, 2019, Petitioner sent an email addressing various aspects of the telephone call.  (Fulweiler Decl., Exh. C)  The Greens interpretation of the telephone call differed from Petitioner's email and they sent a subsequent letter identifying their understanding of the outcome of the telephone call on January 29, 2019.  No objection or qualification was received from Petitioner in response to the Greens' January 29, 2019 letter.  (Fulweiler Decl., Exh. D)

Weeks passed without any document production or response on any of the issues discussed in the telephone call.  Telephone and email inquiries were made by the Greens.  Petitioner promised the Greens that documents would be coming; that the Greens would have plenty of documents to review, etc.  Indeed, on March 1, 2019, Petitioner wrote in an email:  "I will have you document responses next week." Throughout, the Greens have extended professional courtesies to Petitioner's counsel

and engaged in a two hour telephone call for the purpose of attempting to reach some common ground, mindful that the purpose of Rule 37 is to not clog the Court with discovery disputes that could easily be resolved by the parties.

Despite promises of documents forthcoming, Petitioner has failed to produce a <u>SINGLE</u> document in response to the Claimants' December 10, 2018 <u>Joint Request for Production of Documents</u>.  Likewise, Petitioner has FAILED to follow-up on any of its representations in respect to its January 28, 2019 email or the Greens' January 29, 2019 letter.  This isn't the way the judicial process is supposed to work and it prejudices the Green's ability to prepare for trial.  Worse, the Petitioner's delay has a ripple effect in that it has, among other things, prevented the Greens from determining which persons and entities to depose.

It's important for the Court to understand that despite not producing a single document, Petitioner **<u>still found time</u>** to serve a full suite of discovery demands on the Greens.  The Greens timely answered and responded to the same.  Likewise, Petitioner **<u>still found time</u>** to engage in a lengthy venture in connection with trying to protect the alleged confidentiality of documents the Greens obtained via subpoena culminating in the Petitioner filing a motion in the guise of a "status report".[1]  The serving of discovery demands and Petitioner's many machinations over the draft of a Confidentiality Order only serve to show that Petitioner has had time to address its discovery obligations – *it's just chosen not to do so.*

---

[1] For clarity, it's equally important for the Court to understand that not ONCE has Petitioner claimed the Confidentiality Order is a predicate, necessary and/or otherwise related in any way to it producing documents responsive to the Greens' outstanding demands.

3

Accordingly, the Greens respectfully seek an order compelling Defendants to immediately produce <u>all</u> documents responsive to the Respondents'/Claimants' document requests and, as necessary and appropriate, to contemporaneously provide a privilege log consistent with Fed. R. Civ. P. 26(b)(5). This discovery dispute has evolved into a situation where it's only fair to now require Petitioner to produce the documents as originally requested in the December 10, 2018 <u>Joint Request for Production of Documents</u> as Petitioner's delay refutes any good faith basis for it having failed to do so at the outset.

## CONCLUSION

WHEREFORE for the foregoing reasons, the Greens' Motion to Compel should be ALLOWED and an order should enter requiring Petitioner to: (i) produce all documents responsive to the Respondents'/Claimants' December 10, 2018 <u>Joint Request for Production of Documents</u>; (ii) provide, as necessary and appropriate, a contemporaneous privilege log fully consistent with Fed. R. Civ. P. 26(b)(5). and (iii) for such other, further and/or different relief as this Court deems just and equitable.

Dated: March 14, 2019

                    Respondents/Claimants Marisa Green and Michael Green, by their attorneys:

                    Fulweiler llc

By:   /s/ John K. Fulweiler
        _____
        John K. Fulweiler, Esq. (PHV 9/6/2018)
        Erin M. McEntee, Esq. (#695395)
        W.B. Franklin Bakery Building
        40 Mary Street
        Newport, RI 02840
        (401) 667-0977 -- Telephone
        (401) 656-2501 – Facsimile
        emcentee@fulweilerlaw.com
        *Attorneys for Marisa Green and Michael E. Green*

Respondents/Claimants Marisa Green and Michael Green, by their attorneys:

Karns Law Group

        /s/ Robert T. Karns
By:  _____
        Robert T. Karns, Esq. (BBO #260160)
        6 Valley Road
        Middletown, RI 02842
        (401) 841-5300 -- Telephone
        (401) 846-5999 – Facsimile
        robert@karnslaw.com
        (sarah@karnslaw.com)
        www.karnslaw.com
        *Attorneys for Marisa Green and Michael E. Green*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, John K. Fulweiler, certify that the parties have previously conferred with respect to the relief requested in this motion and have attempted in good faith to resolve or narrow the issue, but have been unable to do so.

/s/ John K. Fulweiler
_____
John K. Fulweiler, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2019, this document (Greens' Memorandum of Law in Support of Motion to Compel) was filed through the ECF system and it is available for viewing and downloading from the ECF system such that all appearing counsel have been served with this document by electronic means.

/s/ John K. Fulweiler
_____
John K. Fulweiler, Esq.