UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN ADMIRALTY

_____

In The Matter Of

WOODS HOLE, MARTHA'S VINEYARD AND
NANTUCKET STEAMSHIP AUTHORITY FOR
EXONERATION FROM AND/OR LIMITATION
OF LIABILITY, CIVIL AND MARITIME

C.A. No.: 1:17-cv-12473-NMG

_____

**RESPONDENTS/CLAIMANTS MARISA AND MICHAEL E. GREEN'S
MEMORANDUM OF LAW IN OBJECTION TO PETITIONER'S
PROPOSED CONFIDENTIALITY ORDER [DKT. 117]**

Respondents/Claimants Marisa Green and Michael E. Green (collectively "Green

Claimants"), by and through their undersigned attorneys and in accord with the Court's

March 11, 2019 Order [Dkt. 119], submit this memorandum of law in objection to

Petitioner's Status Report Concerning the Proposed Confidentiality Order [Dkt. 117] and

Text of Proposed Order [Dkt. 117-1] stating in support thereof as follows:

1.      The Green Claimants were passengers aboard the m/v IYANOUGH

        (hereinafter "Vessel") when it violently allided with a rock jetty while

        underway and making way at a high rate of speed in the vicinity of

        Hyannis, Massachusetts on the evening of June 16, 2017. The Green

        Claimants suffered serious injuries for which they continue to undergo

        medical treatment.

2.      At issue is the text of the Proposed Confidentiality Order submitted by

        Petitioner on March 8, 2019 [Dkt. 117-1].

3.      Largely, there is agreement as to the terms of the Proposed Confidentiality

1

Order. The main stumbling block is Petitioner's exclusion of language permitting use of Confidential Information obtained in this litigation in "related litigation"[1]. The second area of disagreement concerns the form of speaking objections at depositions.

Related Litigation

4.    The Green Claimants propose the addition of the following language (in bold) to Section 5(a) which outlines the protections of the Confidential Information:

> General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation **or any other litigation arising out of the same underlying incident**, including any appeal(s) thereof unless on consent of the designating party or by Court Order.

5.    For reasons of efficiency and practicality, the Green Claimants believe the proposed Confidentiality Order should allow for use of Confidential Information obtained in this litigation in connection with a related action they filed against the Ferry's Master and First Officer (C.A. # 1:19-cv-10345-NMG) arising out of the same incident as opposed to having re-discover the same.

6.    Not including such language in this Confidentiality Order will result in the wasteful repetition of discovery in the Green Claimants' related action.

---

[1] Related litigation per LR 40.1(g)(1): a civil case is related to one previously filed in this court if some or all of the parties are the same and if one or more of the following similarities exist also: the cases involve the same or similar claims or defenses; or the cases involve the same property, transaction or event; or the cases involve insurance coverage for the same property, transaction or event; or the cases involve substantially the same questions of fact and law.

7.      Furthermore, permitting the use of Confidential Information in related
        litigation will ensure consistency of confidentiality designations across
        lawsuits.

8.      In <u>EEOC v. Sterling Jewelers, Inc.</u>, the court struck a provision in the
        defendant's proposed confidentiality order prohibiting the claimants from
        using Confidential Information obtained in the discovery process in any
        other litigation proceeding. 2011 U.S. Dist. LEXIS 67318, *6 (W.D.N.Y.
        2011). The court noted that not only is it "well established that the Federal
        Rules of Civil Procedures [*sic*] create no automatic prohibition against
        using discovery obtained in one litigation in another litigation[,]" but the
        use "comes squarely within the purposes" of the Rules. <u>Id</u>. (quoting <u>Duling</u>
        <u>v. Gristede's Operating Corp.</u>, 266 F.R.D. 66, 71 (S.D.N.Y)). Thus, absent
        a "showing of good cause," a protective order prohibiting the use of
        discovery in other litigation is not warranted. <u>Id</u>. (citing <u>Comptek</u>
        <u>Telecommunications, Inc. v. IVD Corp.</u>, 1995 U.S. Dist. LEXIS 19614, *1
        (W.D.N.Y.1995) (Elfvin, J.)).

9.      Opposing counsel proffered the following explanation for objecting to
        inclusion of this provision: "Deleted the provision about other lawsuits- you
        can't complain about inefficiencies if you decide to file multiple needless
        suits." (Olaf Aprans' email to all Claimants, dated Fri. 3/8/2019 12:46 PM)
        Clearly, opposing counsel fails to show good cause.

10.     The Greens' lawsuit against the Ferry's Master and First Officer is not

needless and is legally permitted under 46 U.S.C. §§ 30103 and 30512.[2]

11.     In light of the fact that Petitioner filed an action to limit its liability for its

actions or inactions that allowed the 563-ton Vessel to run full speed into a

jetty and is making the Green Claimants go through the exercise of

proving claims and fault, filing suit against the Ferry's Master and First

Mate is not needless, but necessary.

Speaking Objections

12.     The Green Claimants propose the addition of the following language (in

bold) to the second paragraph of Section 4 Depositions:

> In the event that any question is asked at a deposition which
> a party or nonparty asserts calls for confidential information,
> such question may nonetheless be answered by the witness
> fully and completely, to the extent required by law. ***It shall
> be improper for any objection asserting Confidential
> Information to be made during a witness's testimony at
> deposition. Any such assertion shall be made after the
> conclusion of the deponent's answer and as set forth in
> the preceding paragraph.***[3]

13.     The Green Claimants believe the proposed Confidentiality Order should

include language prohibiting counsel from interrupting a witness's

testimony at deposition to make objections asserting Confidential

Information. The appropriate time for counsel to make such an objection is

after the conclusion of the deponent's answer.

---

[2] The Greens' lawsuit against the Ferry's Master and First Officer (C.A. # 1:19-cv-10345-NMG) is a separate and independent action, which makes no claim against nor seeks any recovery from the Petitioner and thus not subject to any stay issued in the instant lawsuit.

[3] The Green Claimants' proposed text sent to Petitioner did not include the language "***after the conclusion of the deponent's answer and"*** which has been added for clarification.

14.     In this firm's experience with multiparty litigation, objections can become

unwieldy and disruptive. This prohibition will allow a deponent to fully

answer a question without interruption.

WHEREFORE, Respondents/Claimants Marisa Green and Michael E. Green

respectfully request that this Honorable Court issue a protective order that 1) permits for

use of Confidential Information obtained in this litigation in connection with any related

action, 2) prohibits counsel from interrupting a witness's testimony at deposition to make

an objection asserting Confidential Information and further and/or different relief as is

deemed just and appropriate.

// Signature Page Follows //

Dated:  March 20, 2019

Respondents/Claimants Marisa Green and
Michael Green, by their attorneys:

Fulweiler llc

By:     /s/ Erin M. McEntee

_____
John K. Fulweiler, Esq. (PHV 9/6/2018)
Erin M. McEntee, Esq. (#695395)
W.B. Franklin Bakery Building
40 Mary Street
Newport, RI 02840
(401) 667-0977 -- Telephone
(401) 656-2501 – Facsimile
john@fulweilerlaw.com
emcentee@fulweilerlaw.com
*Attorneys for Marisa Green and Michael E.
Green*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2019, this document (Respondents/Claimants Marisa And Michael E. Green's Memorandum of Law in Objection to Petitioner's Proposed Confidentiality Order [Dkt. 117]) was filed through the ECF system and it is available for viewing and downloading from the ECF system such that all appearing counsel have been served with this document by electronic means.

/s/ Erin M. McEntee

_____

Erin M. McEntee, Esq.