**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **COMPLAINT OF WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, CIVIL AND MARITIME** | **CIVIL ACTION NO.: 17-12473-NMG**  **IN ADMIRALTY** |

**PLAINTIFF'S OPPOSITION TO GREEN CLAIMANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED CONFIDENTIALITY ORDER**

Now comes the plaintiff, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (hereinafter the "Steamship Authority"), in the above captioned civil action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and hereby submits its Opposition to Green Claimants' Objections to Plaintiff's Proposed Confidentiality Order.

### A. ALL CLAIMANTS, SAVE 2, HAVE AGREED TO THE PROPOSED CONFIDENTIALITY ORDER.

The only objections received to the Proposed Confidentiality Order came from the Claimants Michael and Marisa Green. 15 of 17 Claimants [88%] have agreed or tacitly agreed through omission to the Proposed Confidentiality Order. Given the overwhelming support of the Confidentiality Order obtained amicably over several weeks of negotiation, the Court should adopt the Order as submitted.

The proposed changes submitted by the Green Claimants were rejected during negotiation and they should properly be rejected here for the reasons below.

### B. CONFIDENTIAL MATERIALS SHOULD NOT BE USED IN PARALLEL LAWSUITS.

Green Claimants have filed lawsuits against the Master and Pilot of the M/V IYANOUGH personally.  The utility of such a lawsuit is questionable and appears to serve no purpose other than to add unnecessary cost, time and expense.  Green Claimants accordingly only pay lip service to the need to serve efficiencies because they have filed lawsuits against individuals acting within the scope of the Steamship Authority's employment.  In response, Green Claimants declare that they are trying to avoid Limitation of Liability, but the Limitation Fund is more than adequate to satisfy the aggregate claims.  No other Claimant in this lawsuit has found it necessary or appropriate to file a separate personal lawsuit against Steamship Authority employees, and to be frank, most would likely consider it to be a waste of time.

Debate about efficiencies aside, there is a genuine concern about allowing Green Claimants to use confidential materials in other lawsuits.  Green Claimants' parallel lawsuits do not involve any of the other parties in this case and no party will be placed on reasonable notice should the Green Claimants use confidential materials in their separate lawsuit.  The reason for restricting the use of confidential materials to this case only is a reasonable restriction for this very reason.  The parties should know when their confidential materials are being used and disclosed to provide them further opportunity to object or seek further protections.  They will not know if the Green Claimants are allowed to modify the Proposed Confidentiality Order as they attempt to here.  Accordingly, Green Claimants' objection and request for modification in this regard should be overruled.

### C. PARTIES AND WITNESSES SHOULD BE ALLOWED TO PROTECT THEIR RIGHTS DURING DEPOSITIONS.

Green Claimants seek to make it prohibited for attorneys to object to questions at depositions on the grounds that such questions seek confidential or private information. This places an unreasonable restriction on counsel's ability to protect the rights of their clients and allows counsel *carte blanche* to inquire about matters that may be sensitive, personal, irrelevant and unwarranted. There is no need to place this unreasonable restriction on counsel's ability to protect their clients.

Green Claimants' rationale for the restriction is to avoid the interruption of a witness's testimony and to avoid "unwieldy and disruptive" speaking objections. Essentially, Green Claimants seek to throw the baby out with the bathwater and propose as a remedy to avoid speaking objections the prohibition from raising any objections at all. Such a draconian restriction is wholly unnecessary because as a matter of default speaking objections are prohibited. Fed.R.Civ.P. 30(c)(2). Objections as to confidentiality can be dealt with in the same manner as objections to any other improper question. Green Claimants do not provide any evidence that we should depart from handling depositions and objections differently than what is already set forth in the Federal Rules of Civil Procedure.

WHEREFORE, the Plaintiff respectfully prays that the Honorable Court adopt the Proposed Confidentiality Order as submitted and as agreed by 88% of the Claimants.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

*/s/ Olaf Aprans*
_____

**Thomas J. Muzyka**
**BBO NO: 365540**
**Olaf Aprans**
**BBO NO: 670434**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
(617) 723-9165
Fax#: (617) 720-3489
Email: oaprans@clinmuzyka.com

**CERTIFICATE OF SERVICE**

      Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 27, 2019.

*/s/ Olaf Aprans*
_____

Olaf Aprans