UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN ADMIRALTY

In The Matter Of

WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, CIVIL AND MARITIME

C.A. No.: 1:17-cv-12473-NMG

**RESPONDENTS/CLAIMANTS MARISA AND MICHAEL E. GREEN'S MEMORANDUM OF LAW IN OBJECTION TO PETITIONER'S MOTION SEEKING A PROTECTIVE ORDER [Dkt. 125]**

Respondents/Claimants Marisa Green and Michael E. Green (collectively "Green Claimants") by and through their undersigned attorneys submit this memorandum of law in objection to Petitioner's <u>Emergency Motion for Protective Order to Keep Records of Comprehensive Review Confidential</u> [Dkt. 101] stating in support thereof as follows:

1.     The Green Claimants object to "Plaintiff's Motion for a Protective Order for Destruction and/or Return of Certain Confidential Materials Produced in the HMS Consulting Subpoena Response." [Dkt. 125]  There is no factual or legal basis entitling Petitioner to an Order requiring the destruction of documents and the relief sought is overly broad.  That is, Petitioner hasn't done the hard work of identifying what specific interviews it asserts contained confidences worthy of the extreme relief being sought.

2.     Petitioner seeks the destruction of scores of interview notes (*all the interview notes*) germane to the instant lawsuit as contained in HMS Consulting and Technical, LLC's ("HMS") file "Recon Stakeholder Discussions" basically under the color that these were confidential interviews.  The problem is Petitioner makes an insufficient

1

showing that it promised confidentiality or that any individual interviewee sought 'confidentiality'.  In other words, Petitioner's July 22, 2018 Memorandum regarding HRM's consulting work did not state that the interviews would be confidential.  [Dkt. 125-3]  It never used the word "Confidential."  The memorandum stated Petitioner wouldn't "retaliate" and it implied an opportunity to speak outside the presence of "supervisors or management" would be available to those interviewees who sought such a situation.  *See*, Petitioner's July 22, 2018 Memorandum [Dkt. 125-3].  But these interviews weren't – as far as the Green Claimants can tell – held off campus or at a special location, these were interviews held during the work day, in the wheelhouse and in the presence of a union representative and, likely in many instances, the interviewee's co-workers.  Plus, Petitioner doesn't point to any particular interviewee requesting confidentiality or an opportunity to speak outside the presence of management.  Indeed, at times, the specificity surrounding the interviews as described in the <u>Comprehensive Review of the Steamship Authority's Operations</u> ("Review") undermines the argument that the interviewee expected confidentiality <u>or</u> that the interview questions even rise to the level of being labeled confidential.  For instance, in speaking to crew training, the publically available <u>Review</u> includes this statement:

> **"Interviews of some newer crew members revealed that they had never received any training."**

<u>Review</u>, p. 77.  (Emphasis added).

Clearly, the identity of these personnel lacking training could easily be determined by Petitioner undermining its blanket assertion of how "confidential" these interviews were.  Likewise, the <u>Review</u> also includes the statement that the interviews

identified "**Reports of personnel being transferred to vessels they haven't operated for a long time without adequate re-training**" which is hardly a fact that anyone BUT Petitioner would label as a "confidence."  Id. at p. 77.

And these two excerpts show how wrong Petitioner's statement is that the interview notes have "nothing to do" with the instant lawsuit involving Petitioner's ferry being driven into a rock jetty.  (Petitioner's Memo of Law, p. 7)  These two statements strike right at the issues of privity and knowledge regarding Petitioner's operation of its ferry service.  The opportunity to explore these statements and depose the interviewees is critically important to the Green Claimants.

This sort of interview information is important to the Green Claimants in readying their claims for trial in the instant limitation action.  Petitioner's blanket request that these interview notes be destroyed is draconian and a <u>self-serving effort</u> to avoid drilling down into the issues of "privity and knowledge" critical to the Green Claimant's burden and Petitioner's relief should be denied.

     3.     Petitioner also fails to address much less establish whether non-party HMS believed the interviews were confidential and, if so, that HMS was keeping this discovery confidential.  The fact is, HMS freely produced documents to the Green Claimants it believed were responsive to the subpoena without any mention of confidentiality.

     4.     Because of its chilling effect on discovery, the self-critical analysis is rarely applied. <u>Whittingham v. Amherst Coll.</u>, 164 F.R.D. 124 (D. Mass. 1995) (declining to apply to documents concerning plaintiff in employment discrimination matter where "there is no evidence that disclosure of these relevant documents would impair

Defendant's ability or incentive to conduct affirmative action ... reviews in the future).

5.  Here, Petitioner's self-critical analysis argument fails because there's been <u>NO</u> showing that the discovery it seeks to destroy is, in fact, confidential.  *See,* <u>Dowling v. Am. Haw. Cruises</u>, 971 F.2d 423, 426 (9th Cir. 1992) (To these requirements should be added the general proviso that no document will be accorded a privilege unless it was prepared with the expectation that it would be kept confidential, and has in fact been kept confidential.).  Because Petitioner cannot establish 'confidentiality' with respect to any one interview much less all of them, Petitioner's self-critical analysis argument fails.

6.  Again, Petitioner's assertion of a Fair Reporting Privilege must fail because it presumes (without establishing) that the interviewees were providing confidential information.  That's just not established by Petitioner nor is it a reasonable understanding of the process.  Moreover, the Fair Reporting Privilege is pretty narrowly constrained to reporting on "official government actions."

7.  On November 30, 2019, the Green Claimants issued their Subpoena Duces Tecum to HMS.  Prior notice of the issuance of the subpoena was given to all parties including Petitioner.  No objection, qualification much less any concern as to the Subpoena was received by the Green Claimants from any party.

8.  The Green Claimants submit the 14 day period to object to a subpoena pursuant to Fed. Rule Civ. P. 45(c)(2)(B) applies to a party in the underlying action. <u>Horace Mann Ins. Co. v. Nationwide Mutual Ins. Co.</u>, 240 F.R.D. 44, 48 (D. Conn. 2007) ("Nationwide was required to notify all grounds for its objection to the subpoena within the fourteen day window described in Rule 45(c)(2)(B), and was required to file a full

4

privilege log within a 'reasonable time' thereafter."), citing In re DG Acquisition Corp., 151 F.3d 75, 81 (2d Cir. 1981).  And just as occurred in the Horace Mann decision, months passed before Petitioner filed the instant protective order.  That is, the Subpoena was issued on November 30, 2018 (with notice prior to service given to Petitioner's counsel) and Petitioner filed its objection on March 20, 2019 some THREE MONTHS and TWENTY DAYS after issuance of the subpoena.  The untimeliness of the instant relief is reason enough to deny the same.

The basic contours of the Confidentiality Order that has been circulated will suffice to address Petitioner's concerns.  [Dkt. 101]  Indeed, Petitioner has sapped the Green Claimants of a lot energy and resources over the language of the Confidentiality Order and it is that instrument which should address any concerns regarding the protection of the interview notes.

9.      Finally, should this Court be inclined to find protection is afforded these discovery notes, the Green Claimants assert that such a ruling should still not apply to a deponent's observations and facts as to the Petitioner's operational actions (and inactions).  Accordingly, and even if Petitioner is granted its relief, the Green Claimants should still be permitted to question the Petitioner's Rule 30(b)(6) Deponent and its personnel on all of the facts and observations considered in the Review.

A hearing is requested the Green Claimants.

WHEREFORE, Marisa and Michael E. Green respectfully request that this Honorable Court deny the Petitioner's Motion for a Protective Order or, in the alternative, deny the request at this time pending the parties conferring and attempting to resolve the issues in the context of the Confidentiality Order and granting such other,

further and/or different relief as is deemed just and appropriate.

Dated:  April 3, 2019

                              Respondents/Claimants Marisa Green and Michael Green, by their attorneys:

Fulweiler llc

By:   /s/ John K. Fulweiler

               _____
John K. Fulweiler, Esq. (PHV 9/6/2018)
Erin M. McEntee, Esq. (#695395)
W.B. Franklin Bakery Building
40 Mary Street
Newport, RI 02840
(401) 667-0977 -- Telephone
(401) 656-2501 – Facsimile
emcentee@fulweilerlaw.com
*Attorneys for Marisa Green and Michael E. Green*

Respondents/Claimants Marisa Green and Michael Green, by their attorneys:

Karns Law Group

      /s/ Robert T. Karns
By:  _____
Robert T. Karns, Esq. (BBO #260160)
6 Valley Road
Middletown, RI 02842
(401) 841-5300 -- Telephone
(401) 846-5999 – Facsimile
robert@karnslaw.com
(sarah@karnslaw.com)
www.karnslaw.com
*Attorneys for Marisa Green and Michael E. Green*

## CERTIFICATE OF SERVICE

     I hereby certify that on April 3, 2019, this foregoing document was filed through the ECF system and it is available for viewing and downloading from the ECF system such that all appearing counsel have been served with this document by electronic means.

                                /s/ John K. Fulweiler
                                _____
                                John K. Fulweiler, Esq.