UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **COMPLAINT OF WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, CIVIL AND MARITIME** | CIVIL ACTION NO.: 17-12473-NMG<br><br>IN ADMIRALTY |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER FOR DESTRUCTION AND/OR RETURN OF CERTAIN CONFIDENTIAL MATERIALS PRODUCED IN THE HMS CONSULTING SUBPOENA RESPONSE**
(Leave Granted on April 10, 2019)

Now comes the plaintiff, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (hereinafter the "Steamship Authority"), in the above captioned civil action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and hereby submits its Reply in Support of Motion for Protective Order for Destruction and/or Return of Certain Confidential Materials Produced in the HMS Consulting Subpoena Response.

A. **THE STEAMSHIP AUTHORITY MEETS THE THRESHOLD OF PROVING CONFIDENTIALITY.**

In opposing the foregoing motion, Claimants present the technical argument that the Steamship Authority has failed to show that the communications between Steamship Authority employees and HMS Consulting were indeed confidential. Although the Steamship Authority has already provided in its principal brief materials authored by HMS Consulting itself stating expressly that these were "*confidential interviews*", Claimants seek to create the impression of ambiguity, arguing that a certain Steamship Authority

Memorandum only advises that the statements made in these interviews would not be retaliatory.

The Claimants are splitting hairs, and ignore the overall spirit and intent of the Comprehensive Review: that Steamship Authority employees were free to say whatever they wanted about the Steamship Authority and its personnel. The interviews have to be confidential in order to accomplish such a task and to encourage the free exploration of how the Steamship Authority could improve its operations. While Claimants argue about the choice of words submitted in a single memorandum, Claimants fail to place themselves in the shoes of Steamship Authority employees and management and appreciate the quagmire that the release of these materials creates. Steamship Authority employees provided comments about their workplace and their coworkers under the impression that nobody would ever know what they said. If such materials are used in this litigation, this undermines that very trust and confidence, and can potentially ruin both personal and professional relationships.

To lay to rest any argument that the these interviews were not technically confidential, the Steamship Authority submits herewith as Exhibit 5 the Affdiavit of John Sainsbury, President of HMS Consulting, which states unequivocally and without any room for doubt that Steamship Authority employees were expressly told that their interviews would be kept confidential and that disclosure of these interview notes was entirely inadvertent. ***See Sainsbury Aff., Exhibit 5.***

**B. CLAIMANTS FAIL TO SHOW HOW EQUITIES FAVOR RETENTION OF INTERVIEW NOTES.**

It appears that technical arguments are the Alpha and Omega of the Claimants' reasoning why these very sensitive interview notes should be released. In so doing, the Claimants have failed to make any showing that the equities favor disclosure.

As already stated in the Steamship Authority's principal brief, the interviews and Comprehensive Review conducted by HMS Consulting had <u>nothing to do</u> with the underlying incident giving rise to this case. The review was conducted in response to other incidents occurring in 2018. Since the publishing of the Comprehensive Review, other parties have sought to use it as evidence of negligence for other incidents, and have properly been denied. ***See Exhibit 4, Order Granting Motion in Limine to Preclude Evidence of Comprehensive Review.*** The materials themselves have no probative value.

The prejudice to the Steamship Authority and its employees should these notes be used is <u>very high</u>. As stated above, we must be mindful of both Steamship Authority management and employees when thinking about this prejudice. In addition to potentially destroying personal and professional relationships, as stated above, it creates exposure for breach of trust, privacy and confidentiality.

The Steamship Authority will be bringing a representative to the hearing to answer questions about the risk of prejudice to the Steamship Authority should these documents be allowed to be used in the instant litigation. As for the further technical argument that the Steamship Authority has not shown particular prejudice, the Steamship Authority will likewise bring the materials to the hearing for *in camera* review, should the Court so request.

### C. THE INTERVIEW NOTES CONTAIN OPINIONS AND MEET THE TEST FOR SELF CRITICAL ANALYSIS.

Claimants argue that these interviews do not fall within the purview of the self critical analysis privilege because the interview notes are not "subjective opinions." This is simply not true. The notes contain a myriad of subjective opinions about Steamship Authority operations, and we can look to the portions of the Comprehensive Review cited by Claimants Counsel for confirmation. ***See Comprehensive Review at p. 77*** ("Reports of personnel being transferred to vessels they haven't operated for a long time without adequate re-training."). Clearly the materials contain subjective opinions.

Further, the interviews essentially are exactly the type of information that the self critical analysis privilege is supposed to encourage and protect: forthright and candid criticism of one's own organization without the threat of discovery or retaliation. To claim these materials as not protected would essentially destroy the privilege and undermine its essential purpose.

### D. COURT HAS DISCRETION TO REQUIRE DESTRUCTION OF INADVERTANT DISCLOSURE.

Claimants also submit the technical argument that no motion to quash was filed. This further technical argument ignores the Court's discretionary power to issue protective orders for good cause and for the blanket protection for inadvertent disclosures under Fed.R.Civ.P. 26(b)(5). The disclosure of the Interview Notes was clearly inadvertent per the Affidavit of Mr. Sainsbury attached, and the Steamship Authority was not provided these materials prior to their disclosure and given the opportunity to object. The Steamship Authority would have no grounds to quash the subpoena without reviewing the materials first.

### E. GOOD CAUSE EXISTS TO FORBEAR ON A CONFIDENTIALITY RULING AT THIS TIME.

As stated in the recently filed ***Joint Motion to Continue Hearing***, ***Docket No. 144,*** the parties expect to seek a stay of all proceedings, including any final rulings on confidentiality, pending their attempt to obtain prompt resolution of claims. It is expected that an agreement to stay the action will be obtained in the near future. For this reason, it its practical at this time to delay a ruling on confidentiality. Should the Court nonetheless seek to hold the hearing and issue a final ruling at this time, however, the Steamship Authority is prepared to attend and address the points raised herein and in its principal brief.

WHEREFORE, and for the reasons set forth in it principal Memorandum, the Court should properly grant the foregoing motion and issue a Protective Order requiring the destruction and/or return of these materials, and certification from counsel that they have done so.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

*/s/ Olaf Aprans*

**Thomas J. Muzyka**
**BBO NO: 365540**
**Olaf Aprans**
**BBO NO: 670434**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
(617) 723-9165
Fax#: (617) 720-3489
Email: oaprans@clinmuzyka.com

## **CERTIFICATE OF SERVICE**

   Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 17, 2019.

                        */s/ Olaf Aprans*
                        Olaf Aprans