UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMPLAINT OF WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, CIVIL AND MARITIME | CIVIL ACTION NO.: 17-12473-NMG<br><br>IN ADMIRALTY |

### AFFIDAVIT OF JOHN SAINSBURY

I, John Sainsbury, after being duly sworn, hereby state as follows:

1. I am the President of HMS Consulting and Technical, LLC ("HMS"). Unless otherwise stated herein, I make this affidavit based on my own personal knowledge.

2. In May of 2018, the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (the "Steamship Authority") retained HMS to undertake a comprehensive review of the Steamship Authority's operations (the "Comprehensive Review").

3. In the course of conducting the Comprehensive Review, HMS conducted a site visit to observe Steamship Authority operations and to interview Board and Port Council members, the staff, employees and other stakeholders of the Steamship Authority (the "Interviews").

4. It was both my and HMS's intention at all times to keep the Interviews confidential. No Interviews were conducted in the presence of supervisors or management staff present. Steamship Authority personnel were assured that their names would not be used and that no individual would be directly quoted in the preparation of HMS's published report.

5. It is my understanding that a number of interview notes have been produced in response to a subpoena in the above captioned litigation. They are contained in an electronic subfile entitled "Recon Stakeholder Discussions" (the "Interview Notes"). These Interview Notes are confidential because they show the substance of the interview and provide the name and title of the Steamship Authority stakeholder interviewed. It was never the intention of HMS to release these Interview Notes and it appears this was done out of oversight. Releasing these Interview Notes to other parties runs contrary to the specific advisement HMS gave to Steamship Authority personnel when it conducted the Interviews, as stated above.

6. It is my understanding that the Steamship Authority has requested that the Court in this Civil Action require that parties who have received copies of the Interview Notes destroy them as soon as possible and provide certification that the Interview Notes were destroyed. On behalf of HMS, I agree with this relief requested and join in the Steamship Authority's motion. The Interview Notes were produced inadvertently and should never have been disclosed, as they reveal the confidential communications of Steamship Authority employees who were expressly advised that their communications will remain confidential.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 17TH DAY OF APRIL, 2019.

HMS CONSULTING AND TECHNICAL, LLC

By: John Sainsbury
Its: President