THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| COMPLAINT OF WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY FOR EXONERATION FROM AND/OR LIMIT OF LIABILITY, CIVIL AND MARITIME | ) ) ) ) ) ) ) ) |

Civil Action No. 17-CV-12473-NMG

**CLAIMANT BONNIE GLASHEEN'S EMERGENCY MOTION
TO TEMPORARILY LIFT INJUNCTION
WITHOUT OBJECTION**

Now comes the Claimant Bonnie Glasheen and, pursuant to Rule 40.4 (a)(1) of the Local Rules for the United States District Court for the District of Massachusetts, move this Honorable Court for an Emergency Order temporarily lifting its injunction restraining all other litigation against the Plaintiff. Plaintiff's counsel has stated that no objection to this motion. In support of their motion the Claimant states that the statute of limitations for them to bring their respective personal injury actions in the Superior Court, with the right to a jury trial, lapses on June 16, 2020. Moreover, under the general maritime law, the statute of limitations is not tolled by this Limitation action or by the Claimant filing their respective claims in this action. Thus, the Claimant respectfully moves this Court to lift its injunction restraining the commencement of new litigation against the Plaintiff; *see D.E. # 14, ¶4*; for the limited purpose of allowing the Claimant to file her personal injury actions against the Plaintiff in the Massachusetts Superior Court and preserve her rights to a jury trial. In further support of her motion, the Claimant states that the Plaintiff has assented-to the relief sought by the Claimant in this motion.

**I.     FACTS**

This action arises out of an allision involving the Plaintiff's vessel the M/V IYANOUGH. At approximately 9:35 pm on June 17, 2017, and while travelling at approximately 37 miles per hour and carrying 48 passengers, the passenger ferry M/V IYANOUGH struck a rock jetty while entering Hyannis Harbor. The Claimant was a crewmember that suffered physical and/or mental injuries as a result of this allision.

On December 15, 2017, the Plaintiff, Woods Hole Martha's Vineyard, Nantucket Steamship Authority, filed the present action invoking this Court's admiralty jurisdiction and, pursuant to 46 U.S.C. § 30511, seeking the limitation of, or exoneration from, liability stemming from the allusion. After filing this action, the Plaintiff moved Ex Parte for issuance of an injunction enjoining any and all other lawsuits against them arising from this allision. _D.E. # 12_. By Order dated July 3, 2018, this Court granted that motion and issued an injunction restraining any and all such lawsuits. _D.E. # 13 and 14_.

## II.     ARGUMENT

The Court should lift the injunction for the limited purpose of allowing the Claimant to file her personal injury actions in Massachusetts Superior Court because the statute of limitations to bring those actions has not been tolled by their claims in this Limitation action and will expire on June 16, 2020.

As this incident occurred on navigable waters and bears a significant relationship to traditional maritime activities, admiralty jurisdiction exists and the general maritime law governs, which has a three year statute of limitations for personal injury actions. _See Butler v. American Trawler Co., Inc._, 887 F.2d 20, 21 (1st Cir. 1989); 46 **U.S.C.App.** § 763a ("a suit for recovery or damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued").

Moreover, under the general maritime law, "the pendency of a limitation proceeding does not suspend or prevent the running of the time under a statute of limitation of actions." <u>Lulley v. M/V OCEAN PEARL</u>, 1992 WL 139386, at *3 (S.D. Cal. June 19, 1992) (*quoting* 3 **Benedict on Admiralty** 2-20 (7th ed.)); <u>see also Petition of U.S.</u>, 237 F.Supp. 434, 436 (E.D. N.C. 1964), <u>aff'd sub nom. Smith v. U.S.</u>, 346 F.2d 449 (4th Cir. 1965).  Thus, the Claimant must file their respective personal injury claims in the Massachusetts Superior Court prior to June 16, 2020, or they will forever be barred from having their claims determined by a jury. The Court's present injunction, however, prevents the commencement of any such litigation.

It must be stressed that the Claimant does not wish to proceed with the litigation of her claims in the Massachusetts Superior Court at this time.  She seeks simply to preserve her rights to a jury trial prior to the expiration of the statute of limitations.  To this end she asks this Court only to temporarily lift its injunction and for the limited purpose of allowing her to file her personal injury complaints in the state court and then to serve the Complaint on the Plaintiff. Once the Complaints in state court are filed and served, the injunction in this action can be reinstated so that the newly filed state court actions are enjoined from any further pleading or litigating.

Additionally, the relief the Claimant seeks will not interfere with this litigation.  This action will not experience any delay and will continue as normal.  Immediately after the Claimant's Complaints are filed and served she agrees to file whatever pleading is necessary to stay those actions and the injunction in this action will immediately be reinstated thereby restraining all further litigation or movement in the Superior Court.

The Limitation Act provides vessel owners with the right to seek to limit their liability before a federal court sitting in admiralty jurisdiction, and thus, without a jury.  <u>Norfolk

*Dredging Co. v. Wiley*, 439 F.3d 208 (4th Cir. 2006).  If the owner complies with the provisions of 46 **U.S.C.** § 30511, then "all claims and proceedings against the owner related to the question shall cease." *Id.*, at § 30-511 (c); <u>see also</u> **Fed.R.Civ.P.Supp.** F(3).  In application, however, this right is in "tension" with the saving to suitors clause; <u>see *Lewis v. Lewis & Clark Marine, Inc.*</u>, 531 U.S. 438, 448 (2001); which "evinces a preference for jury trials and common law remedies in the forum of the [suitor's] choice." <u>*Odeco Oil & Gas Co., Drilling Div. v. Bonnette*</u>, 74 F.3d 671, 674 (5th Cir. 1996); <u>see also</u> 28 **U.S.C.** § 1331 ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of:  (1) Any civil case of admiralty or maritime jurisdiction, ***saving to suitors in all cases all other remedies to which they are otherwise entitled***") (emphasis added).

    While the decision to relax or lift an injunction in a limitation proceeding is committed to the sound discretion of the admiralty court; <u>see *In re Illinois Marine Towing, Inc.*</u>, 498 F.3d 645, 649 (7th Cir. 2007) ("Generally, we review a district court's ruling on an injunction under the Limitation Act for abuse of discretion"); at least one court has intimated that such discretionary powers may be lessened where the Claimant seeks modification of an injunction for the sole purpose of filing a complaint.  <u>See *Pet. of U. S.*</u>, 237 F. Supp. 434, 436 (E.D.N.C. 1964), *aff'd sub nom.* <u>*Smith v. U.S.*</u>, 346 F.2d 449 (4th Cir. 1965).

    As a final point, Claimant's undersigned counsel has spoken with counsel for the Plaintiff who has indicated that the Defendant does not object to the relief the Claimant seeks in this motion.

    **WHEREFORE**, the Claimant, respectfully moves this Honorable Court to temporarily lift its injunction enjoining any and all other causes of action against the plaintiff arising from this allision for the limited purpose of allowing her to file her personal injury claims in the

Massachusetts Superior Court within the statute of limitations time period for such actions and to serve the Complaint and summons in those actions on the Plaintiff.

                                                Respectfully submitted for the
CLAIMANT, BONNIE GLASHEEN
by her attorney,

*Stephen M. Ouellette*
Stephen M. Ouellette, Esquire
BBO No.: 543752
OUELLETTE LAW OFFICE
127 Eastern Ave., Suite 1
Gloucester, MA 01930
Tel: (978) 281-7788
Fax: (978) 281-4411
smo@fishlaw.com

DATED:  June 8, 2020

**CERTIFICATE OF CONFERENCE**

      I hereby certify that, pursuant to Local Rule 7.1 (a) (2) of the Local Rules of the United States District Court for the District of Massachusetts, I spoke with Counsel for the Plaintiff by telephone on June 8, 2020, and he indicated that the Plaintiff assents to the relief sought herein.

                                                */s/ Stephen M. Ouellette*
                                                Stephen M. Ouellette, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020, I electronically filed the above pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record in the above captioned matter.

*/s/ Stephen M. Ouellette*
Stephen M. Ouellette, Esquire
BBO No.:  543752
OUELLETTE LAW OFFICE
127 Eastern Ave., Suite 1
Gloucester, MA 01930
Tel:  (978) 281-7788
Fax:  (978) 281-4411
smo@fishlaw.com